# Vinson&Elkins

Clifford Thau  cthau@velaw.com
**Tel** +1.212.237.0012  **Fax** +1.917.849.5321

December 2, 2022

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re: Pre-Motion Opposition Letter—*Augenbaum v. RC Ventures, et al.*, No. 22 Civ. 9327 (S.D.N.Y. 2022)**

Dear Judge Gardephe:

Pursuant to Individual Rule of Practice IV.A, defendant RC Ventures LLC ("***RC Ventures***") respectfully submits this letter in response to the pre-motion letter filed by Todd Augenbaum ("***Plaintiff***"). *See* Letter, *Augenbaum v. RC Ventures, et al.*, No. 22 Civ. 9327 (S.D.N.Y. Nov. 29, 2022), ECF No. 13 (the "***Pre-Motion Letter***" or "***Pl. Ltr.***").  Plaintiff seeks leave to move for partial summary judgment or (alternatively) to lift the Private Securities Litigation Reform Act's (the "***PSLRA***") automatic discovery stay while RC Ventures' anticipated motion to dismiss is pending. *See* Pl. Ltr. at 1.  The Court should deny these requests.

***Summary Judgement***.  For the reasons stated more fully in RC Ventures' pre-motion letter in the related case, *see* Letter, *Cohen v. Cohen, et al.*, No. 22 Civ. 9733 (S.D.N.Y. Nov. 29, 2022), ECF No. 16 ("***Def. Ltr.***"), summary judgement is premature before RC Ventures tests the complaint's legal sufficiency via a motion to dismiss, *see Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 446 (E.D.N.Y. 2016).[1]

***PSLRA Discovery Stay***.  The PSLRA "discourage[es] frivolous litigation" by staying discovery while a motion to dismiss is pending. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir. 2001).  Courts only lift the stay if "discovery is necessary to preserve evidence or to prevent undue prejudice. . ." 78u–4(b)(3)(B).  Plaintiff falls far short of these requirements.  The Pre-Motion Letter does not allege that evidence will disappear.  Rather, the Pre-Motion Letter asserts that the discovery stay should be lifted because RC Ventures' contemplated motion to dismiss lacks merit. Pl. Ltr. at 1. Plaintiff's unwarranted optimism that the complaint will survive a motion to dismiss, and that he will eventually receive discovery, does not negate the PSLRA's stay. *See, e.g.*, *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3. (S.D.N.Y. Dec. 29, 2011) ("This argument, devoid of any

---

[1] The *Augenbaum* and *Cohen* actions assert substantially identical claims and should be consolidated. *See* Def. Ltr. at 1.

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Houston  London  Los Angeles  New York
Richmond  Riyadh  San Francisco  Tokyo  Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036-7708
**Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com



specifics, can be used in virtually every case subject to the PSLRA and, if accepted, would create an exception that would swallow the PSLRA's automatic discovery stay.").

\*\*\*

Given the above, the Cohen Defendants request that the Court deny Plaintiff leave to move for partial summary judgment and leave to move to lift the PSLRA's stay on discovery.

Respectfully Submitted,

*/s/ Clifford Thau*
Clifford Thau
VINSON & ELKINS LLP
1114 Avenue of Americas
New York, NY 10036
Telephone: (212) 237-0000
Facsimile: (212) 237-0100
Email: cthau@velaw.com

*Attorneys for RC Ventures LLC*