# EXHIBIT A

GORDON & SILVER, LTD.
GREGORY E. GARMAN, ESQ. (NV Bar No. 6654)
Email geg@gordonsilver.com
MAUREEN E. MATCHETT, ESQ. (NV Bar No. 8562)
Email mem@gordonsilver.com
3960 Howard Hughes Parkway, 9TH Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Pro-After, Inc.
fka PurchasePro.com, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

PURCHASEPRO.COM, INC.,
a Nevada corporation,

Debtor.

Case No: BK-S-02-20472-LK
Chapter 11

Date of Hearing: June 2, 2004
Time of Hearing: 1:30 p.m.

### MOTION REQUESTING APPROVAL OF SETTLEMENT OF DEBTOR'S DERIVATIVE PROCEEDING AGAINST OFFICE DEPOT, INC. PURSUANT TO FED. R. BANKR. P. 9019

Pro-After, Inc., a Nevada corporation, fka PurchasePro.com, Inc. ("Debtor" or "PurchasePro"), debtor and debtor-in-possession, by and through its attorneys, the law firm of Gordon & Silver, Ltd., hereby submits its Motion For Approval Of Settlement Of Debtor's Derivative Proceeding Against Office Depot, Inc. ("Office Depot") Pursuant To Fed. R. Bankr. P. 9019 (the "Motion"). This Motion is made pursuant to Fed. R. Bank. P. 9019(a), the papers, pleadings and other matters contained in the Court's file, judicial notice of which is respectfully requested, and any argument of counsel to be entertained at the time of hearing of this Motion.

WHEREFORE, Debtor respectfully requests that this Court grant its Motion in its entirety, approve the terms of the Settlement Agreement with Office Depot which will result in a $9,400,000

. . .
. . .
. . .
. . .
. . .

EXHIBIT C

recovery by Debtor's Estate, and for such other and further relief as the Court deems just and proper.

DATED this 29 day of April, 2004.

Respectfully submitted,

GORDON & SILVER, LTD.

By: _____
GREGORY E. GARMAN, ESQ.
MAUREEN E. MATCHETT, ESQ.
Attorneys for Pro-After, Inc.
fka PurchasePro.com, Inc.

## POINTS AND AUTHORITIES

### I.
### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (E). Venue of Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein is Federal Rule of Bankruptcy Procedure 9019.

### II.
### STATEMENT OF FACTS

2. In June 2000, Mark Levy ("Levy" and collectively with Debtor and Office Depot, the "Parties"), a PurchasePro shareholder, commenced a derivative action against Office Depot to recover short-swing trading profits realized by Office Depot in violation of Section 16(b) ("Section 16(b)") of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), through the trading of PurchasePro equity securities.

3. Plaintiff Levy's action was brought pursuant to his independent statutory right to commence a derivative action against Office Depot for the benefit of Debtor. The matter, styled Levy v. Office Depot, Inc. and PurchasePro.com, Inc., Case No. 01-8529-CIV (the "Section 16(b) Action"), is pending in the United States District Court for the Southern District of Florida (the "Florida District Court").

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

2

G:\DATA\BNKRPTCY\4013.001\PLD\04.04\OD_Mot_Approve_Settlemt.doc

4. The Section 16(b) Action seeks the disgorgement of short-swing insider trading profits realized by Office Depot through trading in Debtor's stock. Debtor, as the issuer of the traded stock, is a necessary party and is named as a nominal defendant in the Section 16(b) Action. The Section 16(b) Action sought to recover short-swing profits in an amount in excess of $17 million realized through the purchase of stock in PurchasePro's initial public offering and subsequent sale to the underwriters in PurchasePro's secondary offering.

5. Trial of the Section 16(b) Action in Florida was set to commence on August 16, 2002. However, on August 14, 2002, the Florida District Court granted Office Depot's Motion for Summary Judgment (the "Summary Judgment Order"), dismissing all claims asserted by Plaintiff in the Section 16(b) Action.

6. On September 12, 2002, Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Debtor continues to conduct its affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. On behalf of Debtor, Levy appealed the Summary Judgment Order of the Florida District Court to the Eleventh Circuit Court of Appeals.

8. On October 31, 2003, the Eleventh Circuit Court of Appeals reversed the Florida District Court's Summary Judgment Order and remanded the case for further proceedings.

9. On December 19, 2003, the Florida District Court set a renewed trial date of June 21, 2004. The Florida District Court further ordered mediation between the Parties on March 31, 2004.

10. As a result of the mediation conducted on March 31, 2004, the Parties resolved their claims and agreed to enter into that certain Settlement Agreement ("Settlement"), subject only to Bankruptcy Court approval. A true and correct copy of the Settlement is attached hereto as Exhibit "1."

11. The Settlement provides for the payment by Office Depot to Debtor, in the amount of Nine Million, Four Hundred Thousand and 00/100 Dollars ($9,400,000.00) in exchange for a release of all claims held by Debtor or Levy against Office Depot.

3

G:\DATA\BNKRPTCY\44013.001\PLD\04.04\OD_Mot_Approve_Setlemt.doc

12. The Settlement is subject to approval by this Court and is conditioned upon entry of an order approving the Settlement.

13. Debtor believes approval of the Settlement is in the best interest of the bankruptcy estate and Debtor's many creditors and shareholders. Approval of the Settlement will result in a significant pool of funds being made available for the payment of allowed claims and will alleviate the uncertainty associated with continued litigation.

## III.
## LEGAL ARGUMENT

Compromise and settlement agreements have long been an inherent component of the bankruptcy process. See Protective Comm. for Indep Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1958) (citing Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). The approval of compromises or settlements in bankruptcy proceedings is governed by Fed. R. Bank. P. 9019(a), which provides as follows:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy; therefore, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her sound discretion. In re Stein, 236 B.R. 34, 37 (Bankr. D. Or. 1999). The law is settled that the proper standard of review for an order approving a settlement by a [DIP] in bankruptcy is abuse of discretion. Id. (citing In re Sassalos, 160 B.R. 646, 653 (Bankr. D. Or. 1993)); see also Collier on Bankruptcy, § 9019.03 (15th ed.). "The standards for approval of a proposed settlement have been enunciated in the Ninth Circuit, and in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

4

G:\DATA\BANKRUPTCY\44013-001\P1.DX04.04\JD_Mot_Approve_Settlmt.doc

creditors and a proper deference to their reasonable views in the premises." Id. (quoting Sassalos, 160 B.R. at 653.)

In the present case, the Settlement between Debtor and Office Depot is fair and equitable and in the best interests of Debtor's creditors. First, the probability of Debtor's achieving greater success at trial is uncertain as this matter has already resulted in an appeal to the Eleventh Circuit Court of Appeals. Moreover, the outcome of the Section 16(b) Action could produce results less favorable to Debtor as the trial judge previously granted summary judgment in favor of Office Depot. Third, the Section 16(b) Action, as with most securities actions, is inherently complex and would likely result in further appeal regardless of the outcome. Approval of the Settlement will provide the estate with a substantial recovery in the amount of $9,400,000 to be used to satisfy outstanding claims. As such, the Debtor has exercised its sound judgment and supports approval of the Settlement.

## IV.
## CONCLUSION

Debtor respectfully requests that this Court grant its Motion in its entirety, approve the terms of the Settlement, and for such other and further relief as the Court deems just and proper.

DATED this 29 day of April, 2004.

Respectfully submitted,

GORDON & SILVER, LTD.

By: _____
GREGORY E. GARMAN, ESQ.
MAUREEN E. MATCHETT, ESQ.
Attorneys for Pro-After, Inc.
fka PurchasePro.com, Inc.

5

G:\DATA\BNKRPTCY\W4013.001\PLD\04.04\OD Mot Approve_Settlemt.doc