Squitieri & Fearon, LLP
305 Broadway, 7th Floor
New York, New York 10007
Tel:  212.421.6492
Fax: 212.421.6553



**Olimpio Lee Squitieri**
lee@sfclasslaw.com

December 16, 2022

<u>**VIA ECF**</u>

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re:  *In re Bed Bath and Beyond Inc. Section 16(b) Litigation*
      No. 22 Civ. 09327 (PGG)

Dear Judge Gardephe:

  My firm and Gardy & Notis, LLP represent plaintiff Judith Cohen in the above-referenced consolidated action. I am writing as directed by the Court's December 12, 2022 Order (ECF No. 20) to address the three issues noted in the Order with respect to appointment of lead plaintiff and lead counsel.

  1.  The Source of this Court's Authority to Appoint a Lead Plaintiff and a
     Lead Counsel in a Consolidated Section 16(b) Action

  The Court has implied authority to appoint lead counsel as part of its power under Rule 42: "[w]hen actions involving a common question of law or fact are pending before the Court it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays." Fed. R. Civ. P. 42(a). Rule 42(a) is a "broad grant of authority . . . that has been applied liberally." *In Re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972,* 549 F.2d 1006, 1013 (5th Cir. 1977) (affirming appointment of lead counsel by District Court pursuant to Rule 42, in 150 non-representative actions). That broad grant of authority includes designation of one attorney or more to handle pre-trial activity. *Id.*, citing *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958) (involving Rule 23.1 derivative actions).

Honorable Paul G. Gardephe
December 16, 2022
Page 2

>       2.      Whether Appointment Is Required or Discretionary and Why the Court
>               Should Exercise Its Discretion To Appoint Squitieri & Fearon, LLP As
>               Lead Counsel Or Co-Lead Counsel

Appointment is clearly not required. Courts have held that since 16(b) actions are not derivative suits but are a statutorily created right of action, the requirements of Rule 23.1, including shareholder notice, are not strictly applicable. *See Dottenheim v. Murchison*, 227 F.2d 737, 739-40 (5th Cir. 1955); *Rosen v. Price*, No. 95 Civ. 5089, 1998 WL 337896, at *1 (S.D.N.Y. June 23, 1998); *Plaskow v. Peabody Int'l Corp.*, 95 F.R.D. 297, 299 (S.D.N.Y. 1982). Section 16(b)'s grant of authority to bring suit extends to "the owner of any security of the issuer in the name and in behalf of the issuer" and does not mention any role for the Court in qualifying a shareholder to bring suit other than giving the statutory notice to the issuer. 15 U.S.C. §78p(b).

However, the Court should exercise its discretionary authority here and designate plaintiff Cohen as the sole lead plaintiff or as a co-lead plaintiff with plaintiff Augenbaum. The case should not be placed solely and exclusively in the hands of Augenbaum, a lawyer who appears to be a figurehead client for his counsel, Abraham Fruchter & Twersky, LLP ("AFT"). The history of Augenbaum/AFT filing and then quickly dismissing meritless Section 14(a) proxy statement disclosure cases to generate potential "mootness" fees for AFT (filed as individual, not class actions, to sidestep the PSLRA and avoid judicial scrutiny), as well as other cases filed by Augenbaum/AFT, could raise issues of adequate representation in this case that can be avoided by the appointment of Cohen as the lead or co-lead plaintiff.[1]

>       3.      The Applicable Standards

Since there are no applicable standards for lead plaintiff/lead counsel specific to Section 16 actions "in behalf of the issuer," Court's routinely look to Rule 23 and Rule 23.1 for guidance with respect to deciding analogous issues in Section 16(b) litigation. *See Revive Investing LLC v. FBC Holdings, S.A.R.L.*, No. 20 Civ. 618, 2021 WL 56905, at *3-4 (S.D.N.Y. Jan. 7, 2021) and cases cited therein at *6.

Under the typical Rule 23/23.1 standards, the extensive and unusual pattern of AFT's and Augenbaum's prior cases demonstrates that Augenbaum should not be the sole lead plaintiff. Relationships between counsel and Plaintiffs draw disapproval from courts. *See e.g. London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253-55 (11th Cir. 2003) (finding the class representative inadequate based on an ongoing friendship and former business relationship with class counsel);

---

[1]     Certain of the Augenbaum/AFT actions are described in my December 8, 2020 pre-motion letter to the Court filed as ECF No. 18 in the *Cohen* action, No. 22 Civ. 9733 (PGG). Those actions include three recent 14(a) proxy cases filed in the Eastern District of New York and involved thinly pleaded complaints that were swiftly dismissed voluntarily. Other actions include three 16(b) cases filed and then settled on undisclosed terms or terms that appear to favor AFT. *Id*. at 3. ATF and Augenbaum have teamed up in at least nine other securities class actions filed in the Southern and Eastern Districts of New York. *See* ECF No. 18, Exhibits B and C.

Honorable Paul G. Gardephe
December 16, 2022
Page 3

*Susman v. Lincoln Am. Corp.*, 561 F. 86, 93-95 (7th Cir. 1977) (observing that class representatives may be inadequate when he may be "more interested in maximizing the 'return' to his counsel than in aggressively presenting the proposed class action"); *In re Discovery Zone Sec. Litig.*, 169 F.R.D. 104, 109-111 (N.D. Ill. 1996) (disqualifying two named plaintiffs as inadequate because the plaintiffs served as class counsels' personal stockbrokers).

Plaintiff Cohen has been a shareholder of BBB since 2002 and did not acquire or ‑re-acquire BBB stock for the purpose of bringing this action.

Upon Cohen's designation as lead plaintiff or co-lead plaintiff, the Court should appoint her choice of Squitieri & Fearon, LLP as lead plaintiff counsel or co-lead plaintiff counsel. *See Dollens v. Zionts*, Nos. 01 Civ. 5931 and 01 Civ. 2826, 2001 WL 1543524, at *6 (N.D. Ill. Dec. 4, 2001) ("Lead plaintiffs, absent extraordinary circumstances, should be able to select their own counsel").

Should the Court exercise its discretion and appoint more than one firm to act as co-lead counsel (*see In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)), the Court should appoint my firm to serve as co-lead counsel with either Gardy & Notis LLP or AFT.

Respectfully,

Lee Squitieri

LS:mm

cc:     All counsel of record via ECF