# EXHIBIT D

FILED by _____ BG _____ D.C.
ELECTRONIC
**Nov 22 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TODD AUGENBAUM,

          Plaintiff,               Case No. 04-80665-CIV-DIMITROULEAS/
                                             Magistrate Torres

    - against -

BG CAPITAL GROUP LTD. and
SPECTRUM SCIENCES AND SOFTWARE
HOLDINGS CORP.,

               Defendants.

-------------------------------------------------------- x

TODD AUGENBAUM,

          Plaintiff,               Case No. 05-80992-CIV-DIMITROULEAS

    -against-

ROBERT GENOVESE,

               Defendant.

-------------------------------------------------------- x

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Todd Augenbaum ("Plaintiff"), defendants BG Capital Group Ltd. ("BG Capital") and Robert Genovese ("Genovese"), and nominal defendant Spectrum Sciences and Software Holdings Corp. ("Spectrum") (collectively the "Parties"), hereby submit this Joint Motion for Approval of Settlement and Compromise.

**Background**

This matter arises under Section 16(b) of the Securities and Exchange Act of 1934 ("Section 16(b)"). Augenbaum, a shareholder of nominal defendant Spectrum, commenced an

action (the "First Action") on behalf of Spectrum against defendants BG Capital and Genovese seeking disgorgement of alleged short-swing profits resulting from Defendants' purchases and sales of Spectrum securities between December 2003 and September 2004 as more fully set forth in the Amended Complaint (the "Transactions"). Pursuant to the Court's Order dated August 30, 2005, Genovese was dismissed from the case without prejudice because Plaintiff as of that date had been unable to effect overseas service upon Genovese. On or about November 4, 2005, Plaintiff commenced a second action against Genovese (the "Second Action" and collectively with the First Action, the "Actions"). On November 7, 2005, Judge Kenneth A. Marra entered an order transferring the Second Action to this Court due to the similar nature of the claims raised in the Actions.

Over the past several months, Plaintiff and defendant BG Capital, as well as Spectrum, the issuer and beneficiary of any profits recovered, have been engaged in extensive arm's length settlement negotiations. Having critically evaluated the strengths and weaknesses of their respective positions, the Parties, each represented by independent, qualified counsel, have entered into a Stipulation and Agreement of Compromise, Settlement and Release (the "Settlement Agreement"), subject to the Court's approval. The Settlement Agreement is attached hereto as Exhibit A.

## The Terms of the Settlement Agreement

Under the Settlement Agreement, attached hereto, BG Capital and Genovese will pay $3.25 million in full satisfaction of the Section 16(b) claims alleged in the Complaints to have arisen as a consequence of the Transactions. This amount represents approximately 37 percent of defendants' maximum liability estimated by Plaintiff.[1] Of the settlement amount, $2,275,000

---

[1] Plaintiff estimated the liability of defendants BG Capital and Genovese as at most $8.8 million by analyzing their SEC filings detailing the amount of Spectrum stock purchased and sold as well as the purchase price. For the purposes of settlement, the Parties applied the highest trading prices recorded by the stock exchange for defendant's reported sales. Although Plaintiff

2

will be paid to Spectrum, and as agreed by the Parties, thirty percent of the settlement amount

($975,000) will be paid to Augenbaum's counsel for attorney's fees and reimbursable expenses

incurred in connection with bringing this action on Spectrum's behalf.[2] Under the terms of

settlement, BG Capital and Genovese will pay $800,000 following approval of the settlement by

the Court. BG Capital will execute a promissory note for the remaining balance, which is to be

secured by one million shares of Spectrum common stock to be placed in escrow with

Spectrum's attorneys under the terms and conditions set forth in the Settlement Agreement.

Since the Parties' intention is that the settlement fully resolve Defendants BG Capital and

Genovese's Section 16(b) liability with respect to the Transactions, the parties have included a

---

contends that this approach is consistent with the purpose of Section 16(b) of "squeez[ing] all possible profits" from a short-swing transaction, *see Smolowe v. Delendo Corp.*, 136 F.2d 231, 239 (2nd Cir. 1943), the sales price may have in fact been somewhat lower, thus reducing the maximum potential recovery.

[2] Plaintiff respectfully submits that the agreed-upon payment of attorney's fees and expenses, representing thirty percent, inclusive of expenses, of the settlement amount, is fully in line with attorney fees paid in Section 16(b) actions. *See, e.g., Molinari v. Netmanage, Inc.*, No. C 98-0202 CRB, 1998 WL 1120548 (N.D. Cal. Dec. 30, 1998) (attorneys received 30% of recovery as fees in a Section 16(b) action); *Plaskow v. Clausing Corp.*, No. 82 Civ. 3507, 1983 WL 1320 (S.D.N.Y. June 1, 1983) (35% of recovery); *Morales v. Consolidated Oil & Gas, Inc.*, No. 82 Civ. 4871, 1982 WL 1372 (S.D.N.Y. Dec. 23, 1982) (51% of recovery); *Lewis v. Musham*, No. 79 Civ. 3969, 1981 WL 1623 (S.D.N.Y. Apr. 10, 1981) (49% of the recovery). In fact, in *Levy v. Office Depot, Inc.*, Case No. 01-8529 (S.D. Fla. 2001) (Dimitrouleas, J.), this Court approved a settlement agreement providing for the payment of one-third of the settlement amount to plaintiff's counsel as attorney's fees and reasonable expenses.

The payment of attorney's fees in Section 16(b) actions is of "great practical significance" to the enforcement of the statute. Jacobs, *supra*, at § 3:50; *see also Smolowe*, 136 F.2d at 241. Such a payment is amply justified here, where Plaintiff is represented by experienced counsel who specializes in the prosecution of Section 16(b) actions and whose efforts on behalf of issuers in obtaining significant recoveries have been commended by the courts. *See Levy v. Southbrook Int'l Investments*, No. 99 Civ 1479 (JSM), 2000 U.S. Dist. LEXIS 15659, Mem. & Order at 17 (May 31, 2003) (speaking of Plaintiff's counsel's predecessor firms, Fruchter & Twersky and Abraham & Associates, and observing that "the shareholders of Illinois Semiconductor Company received a $20,000,000 benefit as the sole result of the diligence and sagacity of Plaintiff's counsel.").

3

provision in the settlement agreement barring any claims by any parties (including other shareholders of Spectrum) which seek further disgorgement from defendants BG Capital and Genovese under Section 16(b) with respect to the Transactions.

## The Settlement is Fair, Reasonable and Adequate

Although the settlement approval requirements of Rule 23.1 of the Federal Rules of Civil Procedure do not apply to a Section 16(b) action (*see Dottenheim v. Murchison*, 227 F.2d 737, 739-40 (5th Cir. 1955); *see also* A.S. Jacobs, *Section 16 of the Securities Exchange Act*, §3.10 & n.18 (citing *Plaskow v. Peabody Int'l Corp.*, 95 F.R.D. 297, 299 (S.D.N.Y.1982)), and there is no statutory settlement approval requirement (*see* 15 U.S.C. §78p(b)), it has been the custom and practice of many courts to review a Section 16(b) settlement, particularly when the settlement amount is less than the alleged short-swing profit, as it is here.

Courts favor settlements of Section 16(b) suits where the plaintiff's right to recover is subject to serious questions of fact or law. A.S. Jacobs, *Section 16 of the Securities Exchange Act*, § 3:50 at 3-330 (July 2003) (citing *Schimmel v. Goldman*, 57 F.R.D. 481 (S.D.N.Y. 1973)). "Indeed, a compromise will be approved in such cases unless it is unfair on its face." *Id.* (citing cases); *see also Levy v. Office Depot, Inc.*, Case No. 01-8529 (S.D. Fla. June 22, 2004) (Dimitrouleas, J.), slip op. (approving settlement of Section 16(b) action for one third of alleged short-swing profits); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (upholding Section 16(b) settlement where it was fair, reasonable and adequate). The Parties respectfully submit that this standard is readily met here. All parties actively participated in settlement negotiations with the assistance of experienced counsel. The Parties, after evaluating their respective positions and the potential risks and benefits of continued litigation, opted to compromise Plaintiff's claims in a manner that provides a significant economic recovery for Spectrum, while acknowledging that the outcome of prosecuting the claims against defendants BG Capital and Genovese to conclusion is uncertain.

4

Specifically, Plaintiff has asserted that BG Capital through its President and sole shareholder Robert Genovese, is deemed an officer of Spectrum by virtue of deputization, thereby making BG Capital an insider subject to Section 16(b). While Plaintiff contends that ample facts exist which establish Genovese's role as a *de facto* officer of Spectrum, all defendants, including nominal defendant Spectrum, vigorously dispute that any factual basis exists for concluding that Mr. Genovese was a *de facto* officer of Spectrum and that BG Capital could be found to be an insider by deputization. Moreover, Plaintiff concedes it is uncertain whether as a matter of law, Genovese's role as a *de facto* officer can cause BG Capital to be deemed a statutory insider by virtue of deputization. In its order denying defendants' motion to dismiss, this Court held that "BG Capital contends that the deputization theory only applies in the director, not officer, context. The Court agrees." Order dated January 6, 2005 at 2. Notwithstanding Plaintiff's contention that the law is to the contrary, Plaintiff recognizes the significant risk he faces in ultimately succeeding on this contested issue of law.

The only remaining theory under which Plaintiff can prove that BG Capital was a statutory insider subject to Section 16(b) liability is by demonstrating that BG Capital was a director of Spectrum by virtue of deputization. However, while Plaintiff contends that the facts in this case would clearly show that Genovese was managing the day-to-day operations of Spectrum during the relevant time period, defendants contend that Mr. Genovese never attended a board meeting of Spectrum or played any role in the decision-making of the Spectrum board of directors, and, accordingly, there is no factual basis for concluding that Mr. Genovese served as a *de facto* director of Spectrum. Plaintiff concedes that the outcome of a trial on the issue of whether Mr. Genovese was a de facto director of Spectrum is uncertain.

Apart from problems of proof with respect to defendant BG Capital's insider status, the Parties also believe that the settlement is fair, reasonable and adequate because despite numerous attempts, Plaintiff has been unable to effectuate service on defendant Genovese and in fact the Court as a consequence dismissed the First Action against Genovese without prejudice. Thus,

5

Plaintiff contends it is far from certain as to whether Plaintiff would be able to pursue any claims of short-swing trading against him. Moreover, Plaintiff contends that Genovese's presence outside the country may complicate and hinder collection efforts to the extent Plaintiff is successful.

**Notice to Shareholders is Not Required**

The Parties respectfully submit that notice of the proposed settlement to other Spectrum shareholders is neither necessary nor appropriate. Courts have routinely approved Section 16(b) settlements without requiring that notice be provided to all shareholders. *See, e.g., Rosen v. Price*, No. 95 Civ. 5089, 1988 WL 337896 (S.D.N.Y. June 23, 1998); *Plaskow*, 95 F.R.D. at 299. This is because, among other reasons, the cost of such notice would reduce the size of the recovery. *See, e.g., Plaskow*, 95 F.R.D. at 299. Moreover, there is no statutory requirement for such notice to be provided under either Section 16(b) or Rule 23.1 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78p(b); *Dottenheim*, 227 F.2d at 739-40 (holding that Rule 23.1 does not apply to a Section 16(b) action); and Jacobs, *supra*, at §3.10 & n.18. Spectrum, the issuer and beneficiary of the recovery, fully participated in the negotiations that produced the settlement, and more than adequately represented the interests of its shareholders. Accordingly, notice to Spectrum shareholders should not be required.

### CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve the proposed settlement on the terms set forth in the Settlement Agreement and enter the Proposed Order. The Parties are prepared to provide additional information and briefing on the issues and will make themselves available for a hearing should the Court so require.

[signatures on following page]

6

DATED: November 22, 2005

**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432-4946
(561) 750-3000 Telephone
(561) 750-3364 Facsimile

/s/Robert J. Robbins
David J. George
Florida Bar No. 0898570
dgeorge@lerachlaw.com
Robert J. Robbins
Florida Bar No. 0572233
rrobbins@lerachlaw.com

/s/ Mitchell M.Z. Twersky
Jack G. Fruchter*
Mitchell M.Z. Twersky*
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
(212) 279-5050 Telephone
(212) 279-3544 Facsimile

*Counsel for Plaintiff Todd Augenbaum*

/s/Lori Smith-Lalla (with permission)
Lori Smith-Lalla
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
One Brickell Square
801 Brickell Avenue, PHII
Miami, FL 33131-2317
(305) 577-8700 Telephone
(305) 358-1425 Facsimile

7

James P. Murphy
James P. Wehner
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20044-0407
(202) 626-6600 Telephone
(202) 626-6780 Facsimile

*Counsel for Spectrum Sciences and
Software Holding Corp.*

/s/ Richard C. Seavey (with permission)
Richard C. Seavey
**ZUCKERMAN SPAEDER LLP**
201 S. Biscayne Blvd.
Miami, FL 33131
(305) 358-5000 Telephone
(305) 579-9749 Facsimile

Graeme W. Bush
R. Miles Clark
**ZUCKERMAN SPAEDER LLP**
1201 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 778-1800 Telephone
(202) 822-8106 Facsimile

*Counsel for Defendant BG Capital Group Ltd.*

\* *Admitted Pro Hac Vice*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were served by Fax

and First Class U.S. Mail this 22nd day of November 2005, to the following:

Lori Smith-Lalla
SQUIRE, SANDERS & DEMPSEY, L.L.P.
One Brickell Square
801 Brickell Avenue, PHII
Miami, FL 33131-2317
Tel: (305) 577-8700
Fax: (305) 358-1425

James P. Murphy
SQUIRE, SANDERS & DEMPSEY, L.L.P.
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20044-0407
Tel:    (202) 626-6600
Fax:    (202) 626-6780

*Counsel for Defendant Spectrum Sciences
and Software Holding Corp.*

Richard C. Seavey
ZUCKERMAN SPAEDER LLP
201 S. Biscayne Blvd.
Miami, FL 33131
Tel:    (305) 358-5000
Fax:    (305) 579-9749

Graeme W. Bush
ZUCKERMAN SPAEDER LLP
1201 Connecticut Avenue, NW
Washington, DC 20036
Tel:    (202) 778-1800
Fax:    (202) 822-8106

*Counsel for Defendant BG Capital Group Ltd.*

/s/ Robert J. Robbins
Robert J. Robbins

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TODD AUGENBAUM,

                Plaintiff,               Case No. 04-80665-CIV-DIMITROULEAS/
                                         Magistrate Torres

   - against -

BG CAPITAL GROUP LTD. and
SPECTRUM SCIENCES AND SOFTWARE
HOLDINGS CORP.,

                Defendants.

-------------------------------------------------------------- x

TODD AUGENBAUM,                Case No. 05-80992-CIV-DIMITROULEAS

                Plaintiff,

    -against-

ROBERT GENOVESE,

                Defendant.

-------------------------------------------------------------- x

### ORDER ON JOINT MOTION FOR
### APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER, having come before the Court upon Plaintiff, TODD AUGENBAUM ("Augenbaum"), Defendants BG CAPITAL GROUP LTD. ("BG Capital") and ROBERT GENOVESE ("Genovese"), and Nominal Defendant SPECTRUM SCIENCES AND SOFTWARE HOLDINGS CORP.'s ("Spectrum") Joint Motion for Approval of the Settlement Agreement reached between the parties, and the Court, having reviewed the Motion, considered the applicable case law, and being otherwise fully advised, makes the following findings:

1.     The Settlement was arrived at fairly and honestly through arms-length negotiations, with all parties being represented by experienced counsel.

2.     There exist novel and complex questions of law and fact that place the ultimate outcome of the litigation in doubt.

3.     The value of the immediate recovery by Spectrum of the settlement proceeds outweighs the mere possibility of future relief after protracted and expensive litigation.

4.     The parties agree that the settlement amount is fair and reasonable.

ACCORDINGLY IT IS ORDERED, ADJUDGED and DECREED as follows:

This Court hereby approves and adopts the Stipulation and Agreement of Compromise, Settlement and Release (the "Settlement Agreement") executed by the parties and retains jurisdiction for purposes of enforcing the terms of the Settlement Agreement. The above-entitled actions are hereby Dismissed with Prejudice based upon the terms of the Settlement Agreement and the parties are directed to carry out the terms of the Settlement Agreement forthwith.

**DONE AND ORDERED,** in the United States District Court for the Southern District of Florida, this _____ day of November 2005.


_____
WILLIAM P. DIMITROULEAS
U.S. DISTRICT COURT JUDGE

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

-----------------------------------------------------------------x

TODD AUGENBAUM,

                   Plaintiff,                       Civil Action No. 04-80665

     - against -

BG CAPITAL GROUP LTD. and
SPECTRUM SCIENCES AND SOFTWARE
HOLDINGS CORP.,

                   Defendants.

-----------------------------------------------------------------x

-----------------------------------------------------------------x

TODD AUGENBAUM,

                   Plaintiff,                       Civil Action No. 05-80992

     - against -

ROBERT GENOVESE,

                   Defendant.

-----------------------------------------------------------------x

## STIPULATION AND AGREEMENT OF
## COMPROMISE, SETTLEMENT AND RELEASE

Plaintiff Todd Augenbaum ("Plaintiff"), defendants Robert Genovese ("Genovese") and

BG Capital Group Ltd. ("BG Capital")(jointly referred to as the "Defendants"), and nominal

defendant Spectrum Sciences & Software Holdings Corp. ("Spectrum"), by and through their

respective attorneys, have entered into the following Stipulation and Agreement of Compromise,

Settlement and Release (the "Stipulation" or the "Settlement"), subject to the approval of the

United States District Court for the Southern District of Florida (the "Court") :

WHEREAS:

A.     Plaintiff is an owner of Spectrum common stock;

B.     On July 16, 2004, Plaintiff commenced an action against Genovese and BG Capital entitled *Augenbaum v. Robert Genovese, et al.*, Case No. 04-80665 (the "First Action"), seeking the disgorgement of short-swing profits alleged to have been realized in violation of Section 16(b) of the Securities Exchange Act of 1934;

C.     Spectrum was named as a nominal defendant on whose behalf the First Action was brought;

D.     On August 30, 2005, the Court dismissed the First Action against Genovese without prejudice for failing to serve Genovese with process;

E.     On November 4, 2005, Plaintiff commenced a second action against Genovese entitled *Augenbaum v. Robert Genovese*, Case No. 05-80992 (the "Second Action" and together with the First Action referred to collectively as the "Actions"), seeking disgorgement of the same short-swing profits alleged to have been realized by Genovese in the First Action;

F.     Following arm's length negotiations by counsel for the parties hereto, such parties desire to settle and resolve the Actions in accordance with the terms and conditions contained herein.

NOW, THEREFORE, IT IS STIPULATED AND AGREED, by the parties hereto, in consideration for the releases and payments contemplated herein, as follows:

### The Settlement

1.     The claims raised by the Plaintiff against the Defendants in the Actions shall be dismissed with prejudice on the merits and Defendants shall be deemed fully, finally and forever released from such claims whether such claims are raised by Spectrum or on its behalf by Plaintiff or any other shareholder of Spectrum, in consideration for the payment of $3,250,000 (the "Settlement Amount") to Spectrum.

2.     The parties agree that, unless otherwise ordered by the Court, Abraham Fruchter & Twersky LLP ("AF&T"), counsel for Plaintiff, shall receive, in the manner provided for below,

2

30% of the Settlement Amount ($975,000) as payment of their attorneys' fees and reimbursement for any expenses they or their co-counsel incurred or accrued.

3.     Upon execution of the Stipulation, Defendants shall deliver the following items ("Escrow Items") to Zuckerman Spaeder LLP (the "Escrow Agent") to be held in escrow in accordance with the terms of escrow set forth herein:

        a.     A promissory note and confession of judgment (the "Note and Judgment") duly executed by BG Capital and payable to Spectrum in the amount $2,450,000 in the form annexed hereto as Exhibit A;

        b.     The sum of $800,000 (the "First Payment"), which, following final Court approval as defined below, shall be paid to AF&T as partial payment of their attorneys' fees and reimbursement of expenses; and

        c.     One million shares of Spectrum common stock (the "Escrow Common Stock"), which shall secure the payment of Defendants' obligations as set forth herein.

### The Note and Judgment

4.     The Note and Judgment shall provide for the principal payment of $175,000 (the "Second Payment") to be due and payable within six months of final Court approval of the Settlement, and for the principal balance in the amount of $2,275,000 (the "Final Payment"), to be due and payable within eighteen months of final Court approval of the Settlement.

5.     The Second Payment shall be paid directly to AF&T, as payment of the balance of their attorney's fees and expenses.

6.     The Final Payment shall consist of the payment of $2,275,000 to Spectrum.

7.     The Final Payment may be satisfied with tender of Spectrum Sciences' common stock valued at the closing market price on the date of delivery; provided, however, that all payments to AF&T shall be payable in U.S. dollars.

3

8.     The Note and Judgment shall not provide for the accrual of interest except in the event of default at which time interest shall accrue at the statutory rate then in effect in Florida pursuant to Florida Stat., Section 55.03.

9.     In the event of default, Spectrum may file the Note and Judgment as appropriate and/or take any and all actions necessary for its enforcement.

## Court Approval

10.     As soon as is practicable following execution of the Stipulation, the parties hereto shall jointly move the Court without notice to shareholders unless otherwise ordered by the Court to enter an Order (the "Order and Final Judgment"): (1) approving the terms of the Settlement; (2) dismissing the Actions with prejudice on the merits; and (3) retaining jurisdiction with regard to any disputes or enforcement proceedings concerning the terms of Settlement.

11.     The parties and their attorneys agree to cooperate fully with one another and use their best efforts in seeking the Court's approval of the Settlement and giving effect to its terms and conditions, including the preparation and execution of any necessary documents or pleadings before the Court.

12.     The Court will be deemed to have approved the Settlement upon issuance of the Order and Final Judgment and final Court approval shall be deemed to have occurred upon expiration of the time to appeal such Order and Final Judgment or, if an appeal is taken of such Order and Final Judgment, upon entry of an appellate court order affirming the Order and Final Judgment, and the expiration of the time for filing any further appeal or petition for review.

13.     The Stipulation is in all respects conditioned upon the Court's approval of the Settlement as described above. The Stipulation shall be null and void and of no force and effect should this condition not be met and, in that event, the Stipulation shall not be deemed to prejudice in any way the positions of the parities with respect to the Action and each of the parties shall be deemed to be in the position they were in prior to the execution of the Stipulation.

4

### Terms of Escrow

14.     In the event the Court fails to approve the Settlement or if an appeal of the Order and Final Judgment is taken, upon entry of an order reversing the Order and Final Judgment, the Escrow Agent shall immediately thereafter, subject to the notice provisions contained herein release to the Defendants the Escrow Items above, which include:

      a.     The duly executed Note and Judgment;

      b.     The sum of $800,000; and

      c.     The Escrow Common Stock.

15.     In the event the parties obtain final Court approval of the Settlement, the following terms and conditions shall apply to the Escrow Items:

      a.     The Escrow Agent shall immediately following the granting of final Court approval, subject to the notice provisions contained herein, release from escrow and deliver to Squire, Sanders & Dempsey, L.L.P., counsel for Spectrum, the Note and Judgment;

      b.     The Escrow Agent shall immediately following the granting of final Court approval, subject to the notice provisions contained herein, release from escrow and deliver to AF&T the sum of $800,000, as partial payment of their attorneys' fees and expenses; and

      c.     The Escrow Common Stock shall remain in escrow with the Escrow Agent subject to the following terms and conditions:

            i.     The Escrow Common Stock shall not be pledged or used in any respect to secure any debts or obligations aside from Defendants' obligations hereunder;

            ii.     Defendants may direct the Escrow Agent to release shares of Escrow Common Stock to Spectrum for the purpose of satisfying the Second and Final Payments; provided, however, that all payments to AF&T shall be payable in U.S. dollars;

5

iii.    In the event the Defendants fail to satisfy their obligations concerning either the Second or Final payments, AF&T and/or Spectrum Sciences may immediately following the date such payments are due direct the Escrow Agent to either release Escrow Common Stock to each of them respectively in an amount sufficient to satisfy any obligations to them, with such Common Stock to be valued in accordance with the closing market price on the date of release or release to each of them respectively proceeds from the disposition of Escrow Common Stock, if any, in an amount sufficient to satisfy any obligations to them.

16.    Any direction given to the Escrow Agent to release any Escrow Items and/or proceeds shall be served on the Escrow Agent and counsel to the parties hereto in the manner described below for the service of notice.

17.    In the event the Escrow Agent is directed and/or required under this Settlement Agreement to release any Escrow Items and/or proceeds, the Escrow Agent shall promptly serve notice on counsel for each of the parties hereto of the Escrow Agent's intent to release such Escrow Items and/or proceeds.

18.    In the event any party hereto objects to the release of Escrow Items and/or proceeds, they shall notify the Escrow Agent accordingly in the manner provided for herein within seven days of the date of service of the Escrow Agent's notice of intent to release Escrow Items and/or proceeds. In the event the Escrow Agent does not receive a timely notice of objection, the Escrow Agent shall release the Escrow Items and/or proceeds as directed and/or required. In the event the Escrow Agent receives a timely notice of objection, the Escrow Agent shall not release the Escrow Items and/or proceeds and shall continue to hold the Escrow Items and/or proceeds until otherwise directed by joint notice from the parties hereto or by a final, non-appealable judgment, order or court decree. Any dispute that may arise concerning the release of Escrow Items or the proceeds thereof shall be subject to the continuing exclusive jurisdiction of the Court from which a

6

resolution of the dispute shall be sought. If a dispute should arise concerning the Escrow Items and/or proceeds, the Escrow Agent may deposit the Escrow Items and/or proceeds with the clerk of the Court and shall notify the parties hereto accordingly.

19.     By signing this Stipulation on the place indicated on the signature page, the Escrow Agent agrees to the terms and conditions of escrow set forth in the Stipulation.

20.     The Escrow Agent shall not be liable to any of the parties hereto for any expense, loss or damage suffered by or occasioned by reason of any action taken or omitted to be taken by the Escrow Agent pursuant to this Agreement or in connection therewith unless caused by the willful default of the Escrow Agent, in which event the extent of the liability of the Escrow Agent shall be limited to the market value of the Escrow Fund at the date of discovery of the loss and in no circumstances shall the Escrow Agent be liable for any special, general, or consequential damages, even if the Escrow Agent has been advised of the possibility of such damages. For purposes of this Agreement, Escrow Agent shall include its partners, associates, employees and agents.

### Notice

21.     Any notice, direction, and/or demand to be given or made by the parties hereunder shall be served by facsimile transmission and overnight delivery upon counsel for the parties hereto and upon the Escrow Agent as applicable.

### Miscellaneous

22.     The administration of the Settlement, enforcement of its terms and decisions concerning any disputes that may arise under the Stipulation, whether relating to questions of law and fact, shall be subject to the continuing jurisdiction of the Court. Notwithstanding the foregoing, Spectrum may file and/or record the Note and Confession of Judgment with a state or county agency, department or office designated for such purposes.

23.     This Stipulation and all negotiations, statements, proceedings, and documents related to it are not, and shall not be construed to be, an admission by any of the parties respecting

7

the validity or the invalidity of any of the claims asserted in the Action, or of the liability of any party with respect to any such claims or any alleged wrongdoing whatsoever, and shall not be offered by any party or person for any evidentiary purpose, including as an admission of any such liability or wrongdoing or for the validity or invalidity of any of the claims in the Action or any other action.

24.     This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

25.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

26.     This Stipulation constitutes the entire agreement of the parties with respect to the subject matter hereof and may not be amended, or any of its provisions waived, except by a writing executed by all of the parties hereto.

27.     This Stipulation may be executed in one or more counterparts, all of which shall be considered on and the same agreement, and shall become effective when such counterparts have been signed by counsel for each of the parties and delivered to counsel for the other parties.

/

/

/

/

/

/

/

8

28.     This Stipulation shall be considered to have been negotiated, executed, delivered and wholly performed in the State of New York, and shall be construed and enforced in accordance with, and governed by the laws of the State of New York without giving effect to that state's choice of law principles.

DATED:          November 17, 2005          **ABRAHAM FRUCHTER & TWERSKY LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

By: _____
Mitchell M.Z. Twersky*
Ximena Skovron
(*Admitted *Pro Hac Vice*)

**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432-4946
Tel: (561) 750-3000
Fax: (561) 750-3364

*Counsel for Plaintiff Todd Augenbaum*

/
/
/
/
/
/
/
/
/

9

**ZUCKERMAN SPAEDER LLP**
201 South Biscayne Boulevard
Miami, FL 33131
Tel: (305) 358-5000
Fax: (305) 579-9749

By:_____
     Richard C. Seavey
     (Florida Bar No. 529206)

**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W.
Washington, DC 20036
Tel.: (202) 778-1800
Fax: (202) 822-8106

*Counsel for Defendants Robert Genovese, BG*
*Capital Group, Ltd., and as Escrow Agent*

**SQUIRE, SANDERS & DEMPSEY LLP**
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-0407
Tel: 202-626-6600
Fax: 202-626-6780

By:    _____
        James P. Murphy
        (Admitted *Pro Hac Vice*)

**SQUIRE, SANDERS & DEMPSEY LLP**
200 South Biscayne Boulevard, Suite 4000
Miami, FL 33131-2398
Tel: (305) 577-7078
Fax: (305) 358-7001

*Counsel for Spectrum Sciences & Software Holding*
*Corp.*

10

**ZUCKERMAN SPAEDER LLP**
201 South Biscayne Boulevard
Miami, FL 33131
Tel: (305) 358-5000
Fax: (305) 579-9749


By:_____
           Richard C. Seavey
           (Florida Bar No. 529206)

**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W.
Washington, DC 20036
Tel.: (202) 778-1800
Fax: (202) 822-8106

*Counsel for Defendants Robert Genovese, BG*
   *Capital Group, Ltd., and as Escrow Agent*


**SQUIRE, SANDERS & DEMPSEY LLP**
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-0407
Tel: 202-626-6600
Fax: 202-626-6780

By:                                
                   James P. Murphy
                   (Admitted *Pro Hac Vice)*

**SQUIRE, SANDERS & DEMPSEY LLP**
200 South Biscayne Boulevard, Suite 4000
Miami, FL 33131-2398
Tel: (305) 577-7078
Fax: (305) 358-7001

*Counsel for Spectrum Sciences & Software Holding*
  *Corp.*

10

**EXHIBIT "A"**

## NON-INTEREST BEARING
## CONFESSED JUDGMENT
## <u>PROMISSORY NOTE</u>

$2,450,000

Dated: November       , 2005

For value received, BG Capital Group Ltd. (the "Maker"), hereby promises to make the payments, set forth below and contemplated under the Stipulation and Agreement of Compromise, Settlement and Release (the "Settlement Agreement") entered into by the parties to the actions entitled Augenbaum v. BG Capital Group, Ltd. et al., Civ. Action No. 04-80665, and Augenbaum v. Robert Genovese, Civ. Action No. 05-80992, pending in the United States District Court for the Southern District of Florida, to the order or for the benefit of Spectrum Sciences and Software Holdings Corp. (hereinafter, together with any subsequent holder of this Note, called the "Holder"), at the headquarters of the Holder or as otherwise provided herein:

| $175,000 (the First Payment) | Within six months of the Court's approval of the Settlement Agreement |
|---|---|
| $2,275,000 (the Second Payment) | Within eighteen months of the Court's approval of the Settlement Agreement |

The First Payment shall consist of the payment of $175,000 to the order of the law firm of Abraham Fruchter & Twersky LLP, at One Penn Plaza, Suite 2805, New York, New York 10119 (the AF&T Payment).

The indebtedness evidenced hereby may be prepaid at the election of the Maker, in full or in part, without premium or penalty.

If the Maker fails to pay in full any installment when due, the unpaid amount then due shall accrue interest at the statutory rate in Florida as set forth in Florida Stat., Section 55.03.

The Maker waives demand, presentment for payment, protest, and notice of dishonor or non-payment, and agrees that at any time and from time to time and with or without consideration, the Holder may, except with respect to the AF&T Payment, without notice to or further consent of the Maker and without in any manner releasing,

lessening or affecting the obligations of Maker or any other person liable under this Note, (1) release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend or grant indulgences with respect to this Note or all or any part of any collateral or security for this Note; and (2) grant any extension or other postponements of the time of payment hereof.

The failure to make any payment when due on this Note shall constitute a default.

This Note shall be governed by and interpreted under the laws of the State of New York (but not including the choice of law rules thereof).

No failure or delay by the Holder to insist upon the strict performance of any term, condition or covenant of this Note, or to exercise any right, power or remedy upon a breach hereof, shall constitute a waiver of any such term, condition, covenant or agreement or of any such breach, nor shall it preclude the Holder from exercising any such right, power or remedy at any later time or times, unless the Holder shall so agree in writing signed by an authorized representative of the Holder.

All notices, requests for modification, consents or approvals under this Note shall comply with the requirements of the Agreement.

The Maker hereby irrevocably authorizes and appoints James P. Murphy, Esq.as its attorney-in-fact to appear in the clerk's office of New York County, New York, and, upon default of payment hereof, to confess judgment against the Maker for the unpaid amount of this Note as evidenced by an affidavit signed by the Holder hereof setting forth the amount then due, plus costs of suit, including but not limited to reasonable attorneys fees and to release all errors and waive all rights of appeal.  The Maker waives the right to any stay of execution and the benefit of any exemption laws now or hereafter in effect, hereby ratifying and confirming the acts of said attorney-in-fact as fully as if done by the Maker itself.IN WITNESS WHEREOF, the Maker has caused this Note to be executed as of the date first above written, in the name and under the seal of the Maker, with the intent that this be a sealed instrument.

BG CAPITAL GROUP LTD.
By:

_____

[TITLE]

- 2 -