# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| TODD AUGENBAUM,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN FEINBERG; CERBERUS PARTNERS, L.P.; CERBERUS INTERNATIONAL, LTD.; CERBERUS SERIES ONE HOLDINGS, LLC; CERBERUS SERIES TWO HOLDINGS, LLC; CERBERUS AMERICA SERIES ONE HOLDINGS, LLC; and KOMAG, INCORPORATED,<br><br>Defendants. | Civil Action No. 04 CV 5627 (SAS) (AJP)<br><br>**ORDER APPROVING SETTLEMENT**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3/21/05 |

The Settlement Agreement and Release dated March 18, 2005 (the "Settlement Agreement") by and among Plaintiff Todd Augenbaum ("Plaintiff"), Defendants Stephen Feinberg, Cerberus Partners, L.P., Cerberus International, Ltd., Cerberus Series One Holdings, LLC, Cerberus Series Two Holdings, LLC, and Cerberus America Series One Holdings, LLC (collectively, the "Cerberus Defendants"), and nominal Defendant Komag, Incorporated ("Komag") (collectively, the "Parties"), having been presented to the Court upon joint application of the Parties, and the Court having considered the terms of the settlement as set forth in the Settlement Agreement (the "Settlement") and the arguments of counsel;

**IT HEREBY IS ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court finds and concludes that the Settlement was arrived at in good faith, involved arm's length negotiations in which all interested parties have been represented, and is fair, reasonable and adequate.

2. The Court approves the Settlement on the terms set forth in the Settlement Agreement, and directs consummation of the Settlement pursuant to its terms.

3. Having found the Settlement to be fair, reasonable and adequate, the Court further determines that the Settlement fully and definitively resolves the liability of the Cerberus Defendants for disgorgement of short-swing profits under Section 16(b) of the Securities and Exchange Act of 1934, as amended ("Section 16(b)") in connection with any and all of the purchases and/or sales of securities of Komag addressed in the Plaintiff's Complaint in the above-captioned matter (the "Transactions"). Accordingly, any claims asserted against any of the Cerberus Defendants by any person (including any claims asserted on or after the date of this Order and any claims asserted by other shareholders of Komag) under Section 16(b) for disgorgement of short-swing profits in connection with any of the Transactions are forever barred.

4. With the consent of the parties, and subject to the terms of Settlement Agreement and this Order, the above-captioned action is dismissed with prejudice.

Dated March 21, 2005

The Honorable Shira A. Scheindlin, U.S.D.J.