# EXHIBIT I

| | |
|---|---|
| **From:** | Jeffrey S. Abraham |
| **Sent:** | Tuesday, December 6, 2022 4:17 PM |
| **To:** | Lee Squitieri |
| **Cc:** | Michael Klein |
| **Subject:** | RE: Bed Bath & Beyond |

Dear Lee,

If that really is your concern, I will agree to seek you or your client's approval for any proposed settlement and keep you informed of any material negotiations.  I expect, for the reasons outlined in my pre-motion letter to the Court, not to settle the 10% beneficial ownership part of the case but, instead, to obtain judgment on that portion of the claim.  I anticipate a dismissal motion and a longer slog on the director by deputization theory, including an inevitable appeal.  I want to work with you to maximize the recovery and I'm hoping our experience in this case will act as a bridge to our working together in other future matters.

Also, I'd appreciate if you'd stop harping on the two or three cases §14(a) cases that Mr. Augenbaum, who has been a client of mine for more than 20 years, filed over the past few years.  You know as well as I do that every case is different and those cases only sought disclosures and *not* monetary damages.  Therefore, there was no sell out in the case but, instead, those cases were dismissed after we achieved our client's limited objective.

Sincerely yours,
Jeff

---

**From:** Lee Squitieri <lee@sfclasslaw.com>
**Sent:** Tuesday, December 6, 2022 3:25 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Bed Bath & Beyond

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

Your plan for the continued prosecution of this action as outlined in your various letters has all the earmarks of prematurely framing a small, easily and quickly "settle-able" claim. This appears to be part of the same  pattern and practice as when you represent Mr TA in the 14(a) actions that are thereafter shortly dismissed as moot.

Accordingly I cannot allow you unfettered control of the action .

Thank you for your clarification.

Lee

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Sent:** Tuesday, December 6, 2022 3:07 PM
**To:** Lee Squitieri <lee@sfclasslaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Bed Bath & Beyond

Dear Lee,

In using the term "fold in," I did not mean jointly litigate the case as co-lead counsel on equal terms but, instead, for my firm to be lead counsel with work reasonably allocated to your firm as appropriate. The offer I am making is both sincere and more than fair given that we had already prepared draft summary judgment papers at the time the complaint was filed and the action we filed for Mr. Augenbaum is broader in scope than the action you filed for Mrs. Cohen. It is also more than fair given the submissions made to the Court demonstrate my firm's superior knowledge of Section 16(b) law, a superior track record and superior resources for taking this case the distance including through any potential appeals. In that context, you should take a long hard look at your November 28th letter, because it is replete with typographical errors, which independent of other considerations, would give anyone pause about appointing S&F as lead counsel in this action.

I could also explain why your factual contentions regarding Mr. Augenbaum are mistaken, but they are beside the point because Section 16(b) does not contain any adequacy requirement to act as a plaintiff. *Gollust v. Mendell,* 501 U.S. 115, 122-23 (1991) (the only requirement to prosecute Section 16(b) claims is that a plaintiff be "the owner of [a] security" of the issuer at the time suit is instituted.). Indeed, the complaint your firm filed does not contain any adequacy allegation. *See* Cohen Complaint ¶6 (alleging standing because the plaintiff "was and is a shareholder of BBB"). Nor did your prior letter to the Court ask to be appointed sole lead counsel or make any mention of any purported inability of Mr. Augenbaum to serve as a plaintiff. I would ask, therefore, that you stick to the relevant facts in any subsequent submission you may make to the Court.

In conclusion, I want to emphasize the point I made above that my offer is sincere and intended to be fair given the circumstances. I hope you take it more seriously and spare us all more briefing on this subject.

Sincerely yours,
Jeff Abraham

**From:** Lee Squitieri <lee@sfclasslaw.com>
**Sent:** Tuesday, December 6, 2022 12:56 PM
**To:** Jeffrey S. Abraham <JAbraham@aftlaw.com>

**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** RE: Bed Bath & Beyond

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**WARNING:** The sender of this email could not be validated and may not match the person in the "From" field.

If by "fold-in" you mean consolidate and we both jointly lead and litigate the action as court appointed counsel , and let the fee abide the work performed proportionally by each firm the answer is yes.

I am offering that despite my concerns about being associated as counsel w/ a pltf on whose behalf YOU have repeatedly filed and dismissed as moot Section  14 a claims in the drive-by manner criticized by many many many courts and the fact that with you as his counsel  Mr A has a " knack" for owning stocks where suspected short swing profits have been earned. Courts allow, but look askance at such fortuitous holders .

---

**From:** Jeffrey S. Abraham <JAbraham@aftlaw.com>
**Sent:** Tuesday, December 6, 2022 10:04 AM
**To:** Lee Squitieri <lee@sfclasslaw.com>
**Cc:** Michael Klein <mklein@aftlaw.com>
**Subject:** Bed Bath & Beyond

Dear Lee,

Please let me know whether you're willing to fold in behind me in this case.  If you do, I will treat you fairly with respect to work assignments and the division of any attorneys' fees in the case.

I hope all is well.

Sincerely yours,
Jeff Abraham

Abraham, Fruchter & Twersky, LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
tel:  212.279.5050
fax: 212.279.3655



NOTICE
This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system. Thank you.