

ABRAHAM, FRUCHTER & TWERSKY, LLP

December 21, 2022

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, N.Y. 10007

   Re:  *In re Bed Bath & Beyond Inc. Section 16(b) Litigation*, No. 22 Civ. 9327 (PGG)

Dear Judge Gardephe:

   I am counsel for Plaintiff Todd Augenbaum and write pursuant to this Court's Order of December 12, 2022 in order to respond to the December 16, 2022 letter written on behalf of Plaintiff Judith Cohen by Squitieri & Fearon, LLP ("S&F").

   Plaintiff Cohen agrees in Point 1 of her letter that this Court is not required to appoint lead counsel but has the authority to do so to more fully realize the efficiencies which lay at the heart of consolidating cases sharing a similar issue of law or fact. *See, e.g., MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958). Here, Plaintiff Augenbaum believes that appointing a single lead counsel is advisable because allowing for co-lead counsel "will not promote the efficient prosecution of [the] case" where one firm "appears able to singly undertake the responsibilities of lead counsel" and co-lead structure risks "disputes over the direction of the litigation." *Jones v. Singing River Health Servs. Found*, 2015 WL 12672726, at *4 (S.D. Miss. June 5, 2015); *In re Milestone Sci. Sec. Litig.,* 187 F.R.D. 165, 176-81 (D.N.J. 1999) (same); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015) (holding that only one lead counsel should be appointed).

   Plaintiff Augenbaum previously identified Fed. R. Civ. P. 23(g)(1)(A) as supplying the appropriate criteria for selecting lead counsel. *See* ECF No. 22 at 3. Plaintiff Cohen does not dispute that those criteria are traditionally used to guide the Court's decision with respect to appointing lead counsel. *See* ECF No. 21 at 2. However, Plaintiff Cohen fails to explain how any of those criteria support appointing S&F as lead counsel in this action making it abundantly clear that Abraham, Fruchter & Twersky, LLP ("AF&T") should be appointed lead counsel in this consolidated action. *See, e.g., Fan v. PHL Variable Life Ins. Co.*, 2019 WL 10948633 (S.D.N.Y. May, 29, 2019) (Crotty, J.) (rejecting S&F's request to be appointed a co-lead counsel in a consolidated action filed by only two plaintiffs and, instead, appointing a single lead counsel).

   Instead, Plaintiff Cohen, once again, attacks Plaintiff Augenbaum, asserting that he "should not be the sole lead plaintiff." ECF No. 21 at 2. However, Plaintiff Augenbaum is not seeking to be the sole lead plaintiff or even a lead plaintiff because he does not believe such an appointment

---



Hon. Paul G. Gardephe
December 21, 2022
Page 2 of 4

should be made here because it would not serve the interests of efficient case management.  *See* ECF No. 22 at 2.  Plaintiff Cohen appears to be seeking "designation as lead plaintiff or co-lead plaintiff."  ECF No. 21 at 3.

Plaintiff Cohen does not articulate a precise rationale for the lead or co-lead plaintiff appointment she is seeking though it seems that she is contending that Plaintiff Augenbaum is not an adequate plaintiff because he may have too close of a personal a relationship with his counsel at AF&T.  That argument lacks merit because the "hypothetical conflict[s] of interest," raised by Plaintiff Cohen, without more, are "too diaphanous to bar certification" on adequacy grounds. *Gross v. GFI Grp., Inc.*, 2017 WL 3668844, at *3 (S.D.N.Y. Aug. 23, 2017) (Pauley, J.) (certifying a class representative over an objection that co-lead counsel is the representative's brother-in-law and close personal friend) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 309 (S.D.N.Y. 2004) (Pauley, J.)).

Also, notwithstanding Plaintiff Cohen's suggestion, there exists no evidence that Plaintiff Augenbaum has ever acted improperly or settled a §16(b) case for less than an adequate amount given the risks of pursuing the case through judgment just to benefit AF&T.  Indeed, Plaintiff Cohen's assertion makes no sense because AF&T seeks to be paid based upon a percentage of recovery which logically increases as the recovery increases.  Instead, there are often risks in a Section 16(b) justifying a settlement. *See, e.g., Revive Investing LLC v. FBC Holdings, S.A.R.L.*, 2021 WL 56905, at *6 (S.D.N.Y. Jan. 7, 2021) (approved a private settlement of a §16(b) action because it was "fair, reasonable and adequate.").

There also cannot exist any legitimate concern as to whether Plaintiff Augenbaum is vigorously prosecting the §16(b) claims in this action beginning with making the first demand for the Company to bring this action as soon as the relevant facts became publicly known and filing the first complaint.  This vigor continues to be evident in Plaintiff Augenbaum, upon Defendant appearing through counsel, seeking leave to move for summary judgement addressed to the more than 10% beneficial ownership theory, explaining the reasons why RC Ventures' efforts to obtain dismissal of the director by deputization theory lack merit, and seeking to lift any stay of discovery imposed by the PSLRA.  *E.g.*, ECF Nos. 13, 15.

Similarly, the 30% attorneys' fees in a prior action with respect to which Plaintiff Cohen purports to take umbrage (*Cohen* ECF No. 18 at 2) despite it having been court-approved, is consistent with attorneys' fees both in Section 16(b) and other similar actions. *See, e.g., Steiner v. Williams*, 2001 WL 604035, at *7 (S.D.N.Y. 2001) (awarding 30% of the recovered funds as attorneys' fees in a Section 16(b) action); *Bannerman v. Air-Sea Packing Grp. Inc.*, 2020 WL 408350, at *1 (S.D.N.Y. Jan. 24, 2020) (Gardephe, J.) (awarding one third of the gross settlement amount as attorneys' fees); Ex. J (final judgment in *Kahn ex rel. Value Line, Inc., v. Buttner*, Index No. 650320/2008, awarding one third in attorneys' fees to AF&T and Gardy & Notis ("G&N"), co-counsel for Plaintiff Cohen, as co-lead counsel).  In any event, if this case is resolved through

Hon. Paul G. Gardephe
December 21, 2022
Page 3 of 4

a settlement rather than a judgment then, consistent with Plaintiff Augenbaum's prior Section 16(b) cases, it will also be presented to this Court for approval. *See* ECF No. 22 at 5.[1]

*Susman v. Lincoln Am. Corp.*, 561 F.2d 86 (7th Cir. 1977), upon which Plaintiff Cohen relies, illustrates how far afield those cases are from the one at Bar as it involved one proposed class representative who was the mother of the class counsel and another class representative with whom he shared office space.[2] No such facts exists in this case and that Plaintiff Augenbaum is a friend of his counsel does not in any way impair his adequacy. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) (affirming certification of class representatives who included the brother, mother-in-law, and personal friend of class counsel); *Gross v. GFI Grp., Inc.*, *supra*.

In any event, the adequacy requirements of Rule 23 or Rule 23.1 do not apply to any claim pled in this consolidated action because the claim is a direct and individual one where "the plaintiff in a § 16(b) suit is merely an instrument for effectuating the statutory policy." *Dottenheim v. Murchison*, 227 F.2d 737, 741 n.4 (5th Cir. 1955); *see also C.R.A. Realty Corp. v. Crotty*, 878 F.2d 562, 564 (2d Cir. 1989) (not finding any fault with the appellant being "an organization incorporated to act as a private attorney general to purchase stock and commence actions against corporate officials for violations of the federal securities laws."); *Spirit Aerosystems Holdings, Inc. v. Scopia Capital Management LP et al*, Docket No. 1:16-cv-06182-LTS-HBP, ECF No. 56 (S.D.N.Y. July 30, 2018) (entering a protective order limiting a plaintiff's deposition to his ownership of the issuer's stock.) Similarly, that Plaintiff Cohen purports to be a long-term shareholder of the Company is irrelevant because standing in a §16(b) action, as the Supreme Court has held, is of "signal breadth" limited only by the plaintiff owning the issuer's stock or other securities at the time the action is instituted and maintaining a financial interest in the outcome of the litigation. *Gollust v. Mendell*, 501 U.S. 115, 124-25 (1991).

*Greco v. Local.com Corp.*, 806 F. Supp. 2d 653 (S.D.N.Y. 2011) (Sand, J.) is instructive. There, the court upheld a prior adverse judgment in a §16(b) action because it had been vigorously prosecuted. The court made this finding even though the plaintiff who had brought the prior Section 16(b) action was Deborah Donoghue. *Id.* at 655. Ms. Donoghue was quite obviously a repeat plaintiff as a search of BloombergLaw's dockets database shows that she has been a named

---

[1]     Plaintiff Cohen's argument is also particularly ironic because she does not seem to particularly care how the case is organized as long as S&F is among the lead counsel. *E.g.*, ECF No. 21 at 3 (expressing no preference whether AF&T or G&N is appointed co-lead counsel with S&F).

[2]     The other cases Plaintiff Cohen relies upon are similarly inapposite to the case at Bar. In *In re Discovery Zone Sec. Litig.*, 169 F.R.D. 104 (N.D. Ill. 1996), the proposed class representatives who were also the stockbroker of class counsel – which ironically was Mark Gardy of G&N – and, therefore, "ha[d] sufficiently close business relationships with [class counsel] to create a possible conflict of interest" because as a result of brokerage commissions, "the brokers have more incentive to maximize fees for the attorneys than to ensure adequate recovery for the class." *Id.* at 108-09. *Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 (11th Cir. 2003), also involved an attorney representing his stockbroker, and created tension between the interests of a putative class and putative class counsel.

Hon. Paul G. Gardephe
December 21, 2022
Page 4 of 4

plaintiff in at least 16 cases available electronically by the beginning of 2011 (and 87 now) alleging a Section 16(b) claim.   Indeed, it appears that the plaintiff seeking to collaterally attack the judgment never even raised the issue.

\*      \*      \*

Plaintiff Augenbaum, therefore, respectfully requests that the Court appoint AF&T as lead counsel and not appoint any lead plaintiff.

Respectfully submitted,

Jeffrey S. Abraham