

Squitieri & Fearon, LLP
305 Broadway, 7th Floor
New York, New York 10007
Tel: 212.421.6492
Fax: 212.421.6553

**Olimpio Lee Squitieri**
lee@sfclasslaw.com

December 21, 2022

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *In re Bed Bath and Beyond Inc. Section 16(b) Litigation*
>        No. 22 Civ. 09327 (PGG)

Dear Judge Gardephe:

My firm together with Gardy & Notis, LLP represent plaintiff Judith Cohen. I write in response to the December 16, 2022 letter (ECF No. 22) by co-plaintiff Todd Augenbaum and his counsel Abraham, Fruchter & Twersky, LLP ("AFT").

AFT's application to be given sole control over the litigation of this action and for Augenbaum to be made sole lead plaintiff should be denied.

First, the Court should reject AFT's argument that it crafted the superior pleading by alleging a director by deputization theory of liability. AFT overstates its efforts and its 10-page complaint fails to plead any of the five factors for deputization under *Calenture, LLC v. Pulte*, 2022 WL 912947, at *3 (S.D.N.Y. Mar. 29, 2022), other than that Defendants recommended directors for appointment. Augenbaum's pleading is conclusory and susceptible of a pleading-stage dismissal. AFT clearly did not engage in the deliberate analysis of this issue that it would lead this Court to believe. Similarly, Augenbaum's pleading recognizes that deputization occurred after Defendants' purchase, but hopes to persuade this Court that exemptions under SEC Rule 16a-2(a) (17 C.F.R. § 240.16a-2(a)) are not applicable here because they are "an invalid exercise of the SEC's rulemaking authority." Augenbaum Complaint ECF 1 at ¶ 31. This theory too has been pleaded in conclusory fashion by Augenbaum.

The Cohen complaint does not ignore the director issue and in fact contains detailed pleading of the director status of the defendants. *See* Cohen Complaint ECF No. 1 at ¶¶ 23-26. Thus, Cohen is not foreclosed from obtaining discovery on the deputization issue and eventually

Honorable Paul G. Gardephe
December 21, 2022
Page 2

refining the claim to plead/prove a director by deputization theory. Moreover, Cohen's request for leave to file a Rule 56 motion early was quickly followed by AFT. AFT filed a follow up pre-motion letter asking for leave to file a similar Rule 56 motion only after the request for leave had been filed in the Cohen action. AFT thus agrees and admits that the claims for which Cohen sought leave to file a Rule 56 motion are susceptible to an accelerated judgment on the merits which would conserve resources and expedite a recovery for cash strapped Bed Bath & Beyond.

Second, AFT contends that our firms followed his lead and filed in the Southern District of New York rather than District of New Jersey as to imply that we are deferential to his litigation strategy and actions. Not true. We explored filing in the District of New Jersey because Bed Bath & Beyond is headquartered in the District of New Jersey and that was a logical place to bring litigation. Our only impetus to filing in the Southern District of New York was a desire to avoid duplicative litigation in different courts and the delay of any unnecessary venue motions.

Finally, the Court should not accept AFT's half-hearted defense of Augenbaum's opportunistic Section 14(a) cases that AFT filed and quickly dismissed as moot." These cases are not the product of Augenbaum's zealous and dedicated prosecution of shareholder rights. Rather, these cases are a cash grab designed to generate potential fees for AFT and not some informational benefit for Augenbaum to better cast his vote as a stockholder. AFT also fails to inform the Court that Augenbaum's suits followed other suits already in progress at the time, thus explaining how AFT was able to resolve the claims so quickly after filing of barebones, utterly uninformative complaints.

AFT's application for sole control should be denied and the litigation should proceed as a consolidated action. The Court can rest assured that once AFT's application for sole control is denied, Cohen's counsel and AFT will work cooperatively to prosecute the case as all counsel have worked together successfully in prior cases. In other words, AFT's arguments and position are all gamesmanship.

Respectfully,

Lee Squitieri

LS:mm

cc:   All counsel of record via ECF