## **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD AUGENBAUM,

                              Plaintiff,

              -against-

RC VENTURES LLC and BED BATH &                          **ORDER**
BEYOND INC.,

                              Defendants.                22 Civ. 9327 (PGG)

JUDITH COHEN,

                              Plaintiff,

              -against-

RYAN COHEN and RC VENTURES LLC,                         **ORDER**

                              Defendants,                22 Civ. 9733 (PGG)

        and

BED BATH & BEYOND INC.,

                              Nominal
                              Defendant.

PAUL G. GARDEPHE, U.S.D.J.:

          Plaintiffs in these actions allege that a large shareholder and putative director of

Bed Bath & Beyond Inc. ("BBBY") violated Section 16(b) of the Securities Exchange Act of

1934 in connection with alleged "short swing" sales of BBBY common stock.  Pending before

the Court are a number of pre-motion letters regarding consolidation, appointment of lead

plaintiff, motions to dismiss, and motions for summary judgment.  (See 22 Civ. 9327, Dkt. Nos. 12–15, 19; 22 Civ. 9733, Dkt. Nos. 10, 12, 16, 18, 22)

## BACKGROUND

BBBY is a "retailer selling merchandise in the home, baby, beauty & wellness markets" through Bed Bath & Beyond, buybuy BABY, and Harmon Face Values stores.  (22 Civ. 9327, Cmplt. (Dkt. No. 1) ¶ 6)  RC Ventures is an investment company.  (Id. ¶ 3)  Ryan Cohen is RC Ventures' manager.  (Id.)

On March 7, 2022, RC Ventures filed a Schedule 13D with the SEC disclosing that it had acquired a 9.8 percent beneficial ownership interest in BBBY.  (Id. ¶¶ 9–11)  BBBY's share price increased following this announcement.  (Id. ¶ 13)

On March 25, 2022, BBBY and RC Ventures disclosed in SEC filings that they had entered into a cooperation agreement pursuant to which, among other things, (1) BBBY had appointed three new directors, two of whom "were appointed to a four-member Strategy Committee of the Board, focused on supporting the Board's oversight and review of a strategic analysis of the Company's buybuy BABY business," and all of whom would be nominated for reelection to BBBY's board at BBBY's next annual meeting; (2) for a certain period of time, BBBY would not seek to increase the size of its board of directors or classify its board of directors without RC Ventures' consent; (3) RC Ventures would have the right to replace the newly appointed directors under certain conditions; and (4) RC Ventures would not acquire 20 percent or more of BBBY common stock.  (Id. ¶¶ 14-15)

On June 1, 2022, BBBY filed a Proxy Statement with the SEC disclosing that RC Ventures beneficially owned 11.8 percent of BBBY common stock, not 9.8 percent as RC

Ventures had reported.  The reason for the discrepancy was that RC Ventures and BBBY had used different figures for the total number of shares outstanding.  (Id. ¶ 16)

On June 29, 2022, BBBY's share price dropped following the disclosure of poor quarterly operating results and the replacement of BBBY's CEO.  (Id. ¶ 17)

On July 14, 2022, BBBY held its annual meeting, at which the three new directors announced in the cooperation agreement were reelected to the board.  The following day, July 15, 2022, BBBY disclosed their reelection to the SEC.  (Id. ¶ 18)

On August 9, 2022, BBBY's share price dropped following a downgrade by a securities analyst.  (Id. ¶ 19)

On August 12, 2022, BBBY's share price increased following a humorous tweet by Cohen.  (Id. ¶ 20)

On August 16, 2022, RC Ventures amended its Schedule 13D to disclose that it beneficially owned 11.8 percent of BBBY's common stock, not 9.8 percent as indicated in RC Ventures' March 7, 2022, filing.  BBBY's share price subsequently increased.  (Id. ¶ 21)

On August 18, 2022, RC Ventures and Cohen filed a Form 4 with the SEC stating that they "previously may have been deemed members of a Section 13(d) group that no longer beneficially owns more than 10% of [BBBY's] outstanding shares of Common Stock."  (Id. ¶ 22 (formatting altered))  On August 25, 2022, RC Ventures "filed another Schedule 13D amendment disclosing that it had sold all of its Common Stock and Call Options. . . ."  (Id. ¶ 23)

The first of the instant cases – Augenbaum v. RC Ventures LLC, No. 22 Civ. 9327 (PGG), was filed on October 31, 2022.  (22 Civ. 9327, Dkt. No. 1)  The second, Cohen v. Cohen, 22 Civ. 9733 (PGG), was filed on November 15, 2022.  (22 Civ. 9733, Dkt. No. 1)  In both actions, Plaintiffs assert claims under Section 16(b) of the Securities Exchange Act of 1934,

arising out of Defendants' "short swing" sales of BBBY's common stock for a profit within a six-month period during which Defendants beneficially owned 10 percent or more of BBBY's common stock.  (22 Civ. 9327, Cmplt. (Dkt. No. 1) ¶¶ 26-31; 22 Civ. 9733, Cmplt. (Dkt. No. 1) ¶¶ 45-53)  In both cases, Plaintiffs allege that BBBY's board has rejected Plaintiffs' respective demands to pursue the claims asserted in the respective complaints against Defendants.  (22 Civ. 9327, Cmplt. (Dkt. No. 1) ¶¶ 32-33; 22 Civ. 9733, Cmplt. (Dkt. No. 1) ¶¶ 54-55)

Plaintiff Augenbaum seeks "judgment against RC Ventures for the benefit of the Company in an amount to be determined at trial," while Plaintiff Cohen seeks disgorgement of Defendants' "short swing" profits .  (22 Civ. 9327, Cmplt. (Dkt. No. 1) at 10; 22 Civ. 9733, Cmplt. (Dkt. No. 1) ¶¶ 53, 57.A-B)  Plaintiff Augenbaum, unlike Cohen, alleges that RC Ventures was a director of BBBY.  (22 Civ. 9327, Cmplt. (Dkt. No. 1) ¶ 29)  Plaintiff Cohen, unlike Plaintiff Augenbaum, includes Ryan Cohen as a defendant.  (22 Civ. 9733, Cmplt. (Dkt. No. 1) ¶ 8)

The parties have submitted pre-motion letters regarding consolidation, appointment of lead plaintiff, motions to dismiss, and motions for summary judgment.  (See 22 Civ. 9327, Dkt. Nos. 12-15, 19; 22 Civ. 9733, Dkt. Nos. 10, 12, 16, 18, 22)

## I.    CONSOLIDATION

Fed. R. Civ. P. 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  "'A determination on the issue of consolidation is left to the sound discretion of the Court,'" In re UBS Auction Rate Sec. Litig., No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting Albert Fadem Tr. v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost

reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990) (citing Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463 (S.D.N.Y. 1977)). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (citing Pinkowitz v. Elan Corp., Nos. 02 Civ. 862(WK) et al., 2002 WL 1822118, at *3-4 (S.D.N.Y. July 29, 2002)). Where "all the movants support consolidation and . . . no party objects," such circumstances "weigh[] heavily against the potential for prejudice." Id. (citing Olsen v. N.Y. Cmty. Bancorp, Inc., 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005)).

Here, the Augenbaum and Cohen actions involve common questions of law and fact. Both actions are brought against Defendant RC Ventures LLC in connection with alleged violations of federal securities laws. (22 Civ. 9327, Cmplt. (Dkt. No. 1) ¶ 1; 22 Civ. 9733, Cmplt. (Dkt. No. 1) ¶ 1) Both actions also allege the same wrongdoing – namely, that Defendants violated Section 16(b) of the Securities Exchange Act through unlawful short-swing trading of BBBY common stock. (22 Civ. 9327, Cmplt. (Dkt. No. 1) ¶¶ 1, 28-30; 22 Civ. 9733, Cmplt. (Dkt. No. 1) ¶¶ 1, 46–52) All parties support consolidation. (See Nov. 30, 2022, Cohen Ltr. (22 Civ. 9733, Dkt. No. 12) at 1; Dec. 1, 2022 Cohen and RC Ventures LLC Ltr. (22 Civ. 9733, Dkt. No. 16) at 1 ("These cases should be consolidated to reduce the burden on the Court and the Cohen Defendants."); Dec. 5, 2022 Augenbaum Ltr. (22 Civ. 9327, Dkt. No. 15) at 1 ("Plaintiff Augenbaum [] agrees that consolidation represents an appropriate mechanism to enable this Court to efficiently manage its docket."); Dec. 8, 2022, Ltrs. from Def. Bed Bath &

Beyond Inc. (22 Civ. 9327, Dkt. No. 19; 22 Civ. 9733, Dkt. No. 22) (both letters requesting consolidation))

Given the similarities between the two complaints' factual allegations and legal claims – and the fact that all parties seek consolidation – consolidation under Fed. R. Civ. P. 42(a) is appropriate. The actions shall be referred to collectively as <u>In re Bed Bath & Beyond Inc. Section 16(b) Litigation</u>, No. 22 Civ. 9327 (PGG) (the "Consolidated Bed Bath & Beyond Inc. Section 16(b) Action"). The Clerk of Court will file a copy of this Order in the separate file for each of the above-captioned Bed Bath & Beyond Inc. Section 16(b) cases. Unless otherwise ordered, future filings in any Bed Bath & Beyond Inc. Section 16(b) case herein consolidated shall be filed and docketed only under docket number 22 Civ. 9327 (PGG). All counsel who have entered appearances in the above-captioned Section 16(b) cases shall be deemed to have entered an appearance in the Consolidated Bed Bath & Beyond Inc. Section 16(b) Action under docket number 22 Civ. 9327 (PGG).

Counsel are directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation. Any Section 16(b) action involving substantially related questions of law and fact hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

Every pleading filed in the Consolidated Bed Bath & Beyond Inc. Section 16(b) Action under docket number 22 Civ. 9327 (PGG) shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE BED BATH & BEYOND INC. SECTION 16(b) LITIGATION | 22 Civ. 9327 (PGG) |
|---|---|

The Court's consolidation order does not make any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

The following parties have submitted pre-motion letters seeking leave to move for appointment as lead plaintiff, and for selection of lead counsel:

(1) Todd Augenbaum, represented by Abraham, Fruchter & Twersky, LLP (22 Civ. 9327, Dkt. No. 15); and

(2) Judith Cohen, represented by Squitieri & Fearon, LLP (22 Civ. 9733, Dkt. No. 18).

Plaintiffs Augenbaum and Cohen are directed to submit supplemental letters by **December 16, 2022**, addressing (1) the source of this Court's authority to appoint a lead plaintiff and lead counsel in a consolidated Section 16(b) action; (2) whether such appointment is required of the Court or discretionary and, if discretionary, why the Court should appoint lead plaintiff and lead counsel in this case; and (3) what standard governs the selection of lead plaintiff and lead counsel in a Section 16(b) case.  Any person or entity seeking to respond to the letters from Plaintiffs Augenbaum and Cohen will do so by **December 21, 2022**.

III.    **PRE-MOTION LETTERS REGARDING MOTIONS**
        **TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

        The Court will address the pre-motion letters regarding motions to dismiss and

motions for summary judgment (22 Civ. 9327, Dkt. Nos. 12-14, 19; 22. Civ. 9733, Dkt. Nos. 10,

16, 22) after the lead plaintiff/lead counsel issue is resolved.

Dated: New York, New York
       December 9, 2022

                      SO ORDERED.

                      Paul G. Gardephe
                      United States District Judge