UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BED BATH & BEYOND INC. SECTION 16(b) LITIGATION | 22 Civ. 9327 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

This is a consolidated securities action in which Plaintiffs allege that Defendants RC Ventures LLC and Ryan Cohen violated Section 16(b) of the Securities Exchange Act of 1934 in connection with alleged "short swing" sales of Bed Bath & Beyond Inc. common stock. Pending before this Court are (1) motions for appointment of lead plaintiff and lead counsel (22 Civ. 9327, Dkt. Nos. 15, 21-24; 22 Civ. 9733, Dkt. No. 18); (2) Defendants' pre-motion letters regarding a proposed motion to dismiss (22 Civ. 9327, Dkt. Nos. 12, 19; 22 Civ. 9733 Dkt. Nos. 16, 22); and (3) Plaintiffs' pre-motion letters regarding proposed pre-discovery motions for summary judgment (22 Civ. 9327, Dkt. No. 13; 22 Civ. 9733, Dkt. No. 10).

## BACKGROUND

Plaintiff Todd Augenbaum – represented by Abraham, Fruchter & Twersky, LLP – filed the complaint in 22 Civ. 9327 on October 31, 2022. (Cmplt., Augenbaum v. RC Ventures LLC (22 Civ. 9327, Dkt. No. 1)) Plaintiff Judith Cohen – represented by Gardy & Notis LLP and Squitieri & Fearon, LLP – filed the complaint in 22 Civ. 9733 on November 15, 2022. (Cmplt., Cohen v. Cohen (22 Civ. 9733, Dkt. No. 1))

The parties subsequently filed pre-motion letters regarding consolidation, appointment of lead plaintiff/lead counsel, motions to dismiss, and motions for summary judgment. (See 22 Civ. 9327, Dkt. Nos. 12-15, 19; 22 Civ. 9733, Dkt. Nos. 10, 12, 16, 18, 22)

On December 12, 2022, this Court ordered consolidation. (22 Civ. 9327, Dkt. No. 20) The December 12, 2022 order also directs

Plaintiffs Augenbaum and Cohen . . . to submit supplemental letters by
December 16, 2022, addressing (1) the source of this Court's authority to
appoint a lead plaintiff and lead counsel in a consolidated Section 16(b)
action; (2) whether such appointment is required of the Court or
discretionary and, if discretionary, why the Court should appoint lead
plaintiff and lead counsel in this case; and (3) what standard governs the
selection of lead plaintiff and lead counsel in a Section 16(b) case.

(Id. at 7)  The December 12, 2022 order further provides that "[a]ny person or entity seeking to respond to the letters from Plaintiffs Augenbaum and Cohen will do so by December 21, 2022." (Id.)  Finally, the December 12, 2022 order states that the Court will "address the pre-motion letters regarding motions to dismiss and motions for summary judgment . . . after the lead plaintiff/lead counsel issue is resolved." (Id. at 8)

On December 16, 2022, Plaintiff Cohen moved for appointment of herself as lead plaintiff and Gardy & Notis LLP and Squitieri & Fearon, LLP as lead counsel.  Plaintiff Augenbaum has moved for appointment of Abraham, Fruchter & Twersky, LLP as lead counsel, but states that no lead plaintiff should be appointed.  (22 Civ. 9327, Dkt. Nos. 21-22; see also id. Dkt. Nos. 23-24)

## APPOINTMENT OF LEAD PLAINTIFF/LEAD COUNSEL

Cohen and Augenbaum maintain that – although this Court is not required to appoint a lead plaintiff or lead counsel and is not explicitly authorized to do so by statute – it has the discretionary authority to make such appointments as a corollary to its authority to consolidate cases under Federal Rule of Civil Procedure 42(a), and should exercise that discretion here.  (Cohen Ltr. (22 Civ. 9327, Dkt. No. 21) at 1-2; Augenbaum Ltr. (22 Civ. 9327, Dkt. No. 22) at 1-3)

In support of their arguments, Cohen and Augenbaum cite MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958), in which the Second Circuit held that (1) under Rule 42(a), the district court had the authority to consolidate three shareholder derivative suits and appoint

"general counsel"; and (2) the district court did not abuse its discretion in declining to consolidate the cases and appoint "general counsel." Id. at 68-70.

But Cohen and Augenbaum cite no case holding that courts presiding over non-class Section 16(b) cases have the power to appoint lead plaintiff or lead counsel, and this Court's research has disclosed no such case. All the cases Cohen and Augenbaum cite involve class actions, which this consolidated Section 16(b) action is not. (Cohen Ltr. (22 Civ. 9327, Dkt. No. 21) at 2 ("Courts have held that since 16(b) actions are not derivative suits but are a statutorily created right of action, the requirements of Rule 23.1, including shareholder notice, are not strictly applicable."); Augenbaum Ltr. (22 Civ. 9327, Dkt. No. 22) at 1 ("Rule 23.1 cannot serve as the source of this Court's authority in this action because 'Section 16(b) suits are not "derivative actions"' within the meaning of Rule 23.1.") (quoting Chechele v. Elsztain, 2012 WL 12358221, at *2 & n.8 (S.D.N.Y. Aug. 1, 2012)))

Even assuming arguendo that this Court has discretion under Rule 42(a) and MacAlister to appoint a lead plaintiff and lead counsel, that action would not be appropriate here. This consolidated case involves two single-plaintiff complaints, which are very similar and are of modest length. Courts routinely hear such cases without appointing lead counsel. While the Court encourages cooperation among counsel, given the limited scale of this litigation, appointment of lead plaintiff and lead counsel is not necessary to "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).

Accordingly, Plaintiffs' respective motions for the appointment of lead counsel/lead plaintiff (22 Civ. 9327, Dkt. Nos. 15, 21-24; 22 Civ. 9733, Dkt. No. 18) are denied.

## DEFENDANTS' MOTION TO DISMISS

The following schedule will apply to Defendants' motion to dismiss (see 22 Civ. 9327, Dkt. Nos. 12, 19; 22 Civ. 9733 Dkt. Nos. 16, 22):

1.  Defendants' motion papers are due on **February 15, 2023**;

2.  Plaintiffs' opposition papers are due on **March 8, 2023**; and

3.  Defendants' replies, if any, are due on **March 15, 2023**.

Discovery will be stayed pending resolution of the motions to dismiss.

## PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs' requests to file pre-discovery motions for summary judgment (22 Civ. 9327, Dkt. No. 13; 22 Civ. 9733, Dkt. No. 10) are denied without prejudice.  Plaintiffs may renew their requests after the Court rules on Defendants' motions to dismiss, but Plaintiffs should be aware that pre-discovery summary judgment motions are disfavored in this Circuit. See Spanski Enterprises, Inc. v. Telewizja Polska S.A., No. 19 CIV. 1619 (PGG), 2019 WL 6498257, at *7 (S.D.N.Y. Dec. 2, 2019) ("'Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery.'") (quoting Ass'n of Car Wash Owners Inc. v. City of New York, 911 F.3d 74, 83 (2d Cir. 2018)), aff'd, 832 F. App'x 723 (2d Cir. 2020); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303-07, 311 (2d Cir. 2003) (holding that district court's grant of pre-discovery motion for summary judgment "was premature" and "remand[ing] for further proceedings, including discovery").

The conference scheduled for February 2, 2023, is adjourned sine die.

5

The Clerk of Court is directed to terminate the pending motions (22 Civ. 9327, Dkt. No. 21; and 22 Civ. 9733, Dkt. Nos. 10, 12, 18).

Dated: New York, New York
       January 26, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge