## **Exhibit A**

**Voluntary Petition of Bed Bath & Beyond Inc.**

| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: **District of New Jersey** (State) | |
| Case number (if known): _____ Chapter  11 | ☐ Check if this is an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | **Bed Bath & Beyond Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **1 1 – 2 2 5 0 4 8 8** |

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **650 Liberty Avenue** Number     Street | Number     Street |
| | | | P.O. Box |
| | | **Union, New Jersey 07083** City     State     Zip Code | City     State     Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | **Union County** County | Number     Street |
| | | | City     State     Zip Code |

| 5. | **Debtor's website** (URL) | https://www.bedbathandbeyond.com/ |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | **Bed Bath & Beyond Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4422 (Home Furnishings Stores)**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

   ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐  The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐  A plan is being filed with this petition.

   ☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes.

| District | _____ | When | MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | MM/DD/YYYY | Case number | _____ |

Official Form 201                     Voluntary Petition for Non-Individuals Filing for Bankruptcy                     page 2

| Debtor | **Bed Bath & Beyond Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of New Jersey** | When | **04/23/2023** |
| Case number, if known | | | MM / DD / YYYY |

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number        Street

_____
City                              State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☒ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 3

| Debtor | Bed Bath & Beyond Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**15. Estimated assets (on a consolidated basis)**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/23/2023
MM/ DD / YYYY

× /s/ Holly Etlin                          **Holly Etlin**
Signature of authorized representative of debtor    Printed name

Title  **Chief Financial Officer and Chief Restructuring Officer**

**18. Signature of attorney**

× /s/ *Michael D. Sirota*                 Date  04/23/2023
Signature of attorney for debtor                MM/DD/YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North, 25 Main Street**
Number      Street

**Hackensack**                           **New Jersey**    **07601**
City                                     State            ZIP Code

**(201) 489-3000**                       **msirota@coleschotz.com**
Contact phone                            Email address

**014321986**                            **New Jersey**
Bar number                               State

Official Form 201A (12/15)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:  ) Chapter 11
  )
BED BATH & BEYOND INC.,  ) Case No. 23-_____(___)
  )
Debtor.  )

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **0-20214**

2. The following financial data is the latest available information and refers to the debtor's condition on **August 27, 2022/November 26, 2022**

   (a) Total assets $ **4,401,426,000**

   (b) Total debts (including debts listed in 2.c., below) $ **5,200,069,000**

   (c) Debt securities held by more than 500 holders **3**

   Approximate number of holders:

   | | secured | unsecured | subordinated | Amount | Holders |
   |---|---|---|---|---|---|
   | | ☐ | ☐ | ☒ | $ 284,391,000 | 3,650 |
   | | ☐ | ☐ | ☒ | $ 225,000,000 | 4,125 |
   | | ☐ | ☐ | ☒ | $ 675,010,000 | 2,175 |
   | | ☐ | ☐ | ☐ | $ | |
   | | ☐ | ☐ | ☐ | $ | |

   (d) Number of shares of preferred stock **180**

   (e) Number of shares of common stock **739,056,836**[1]

   Comments, if any: **Debt securities in section 2(c) are as of August 27, 2022. All other information is as of November 26, 2022, the date of the Company's last quarterly filing.**

3. Brief description of debtor's business: **An omni-channel retailer offering a wide assortment or merchandise in the home, baby, beauty and wellness markets and operates under the names Bed Bath & Beyond, buybuy BABY and Harmon, Harmon Face Values or Face Values.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**N/A**

---

[1] Total outstanding preferred stock in section 2(d) and common stock in section 2(e) reflects the latest available, unaudited information and is based solely on the Debtor's records.

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **District of New Jersey** (State) |
| Case number *(if known)*: _____ Chapter __11__ |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Bed Bath & Beyond Inc.

- Bed Bath & Beyond Inc.
- Alamo Bed Bath & Beyond Inc.
- BBB Canada LP Inc.
- BBB Value Services Inc.
- BBBY Management Corporation
- BBBYCF LLC
- BBBYTF LLC
- Bed Bath & Beyond of Annapolis, Inc.
- Bed Bath & Beyond of Arundel Inc.
- Bed Bath & Beyond of Baton Rouge Inc.
- Bed Bath & Beyond of Birmingham Inc.
- Bed Bath & Beyond of Bridgewater Inc.
- Bed Bath & Beyond of California Limited Liability Company
- Bed Bath & Beyond of Davenport Inc.
- Bed Bath & Beyond of East Hanover Inc.
- Bed Bath & Beyond of Edgewater Inc.
- Bed Bath & Beyond of Falls Church, Inc.
- Bed Bath & Beyond of Fashion Center, Inc.
- Bed Bath & Beyond of Frederick, Inc.
- Bed Bath & Beyond of Gaithersburg Inc.
- Bed Bath & Beyond of Gallery Place L.L.C.
- Bed Bath & Beyond of Knoxville Inc.
- Bed Bath & Beyond of Lexington Inc.
- Bed Bath & Beyond of Lincoln Park Inc.
- Bed Bath & Beyond of Louisville Inc.
- Bed Bath & Beyond of Mandeville Inc.
- Bed Bath & Beyond of Manhattan, Inc.
- Bed Bath & Beyond of Opry Inc.
- Bed Bath & Beyond of Overland Park Inc.
- Bed Bath & Beyond of Palm Desert Inc.
- Bed Bath & Beyond of Paradise Valley Inc.
- Bed Bath & Beyond of Pittsford Inc.
- Bed Bath & Beyond of Portland Inc.
- Bed Bath & Beyond of Rockford Inc.
- Bed Bath & Beyond of Towson Inc.
- Bed Bath & Beyond of Virginia Beach Inc.
- Bed Bath & Beyond of Waldorf Inc.
- Bed Bath & Beyond of Woodbridge Inc.
- bed 'n bath Stores Inc.
- Buy Buy Baby of Rockville, Inc.
- Buy Buy Baby of Totowa, Inc.
- Buy Buy Baby, Inc.
- BWAO LLC
- Chef C Holdings LLC
- Decorist, LLC
- Deerbrook Bed Bath & Beyond Inc.
- Harmon of Brentwood, Inc.
- Harmon of Caldwell, Inc.
- Harmon of Carlstadt, Inc.
- Harmon of Franklin, Inc.
- Harmon of Greenbrook II, Inc.
- Harmon of Hackensack, Inc.
- Harmon of Hanover, Inc.
- Harmon of Hartsdale, Inc.
- Harmon of Manalapan, Inc.
- Harmon of Massapequa, Inc.
- Harmon of Melville, Inc.
- Harmon of New Rochelle, Inc.
- Harmon of Newton, Inc.
- Harmon of Old Bridge, Inc.
- Harmon of Plainview, Inc.
- Harmon of Raritan, Inc.
- Harmon of Rockaway, Inc.
- Harmon of Shrewsbury, Inc.
- Harmon of Totowa, Inc.
- Harmon of Wayne, Inc.
- Harmon of Westfield, Inc.
- Harmon of Yonkers, Inc.
- Harmon Stores, Inc.
- Liberty Procurement Co. Inc.
- Of a Kind, Inc.
- One Kings Lane LLC
- San Antonio Bed Bath & Beyond Inc.
- Springfield Buy Buy Baby, Inc.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BED BATH & BEYOND INC., | ) Case No. 23-_____(___) |
| Debtor. | ) (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Type of Equity Security[2] | Percentage of Equity Held |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case. By the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File A Consolidated List of the Debtors' 30 Largest Unsecured Creditors (B) File A Consolidated List of Creditors in Lieu of Submitting A Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information, (D) Waiving the Requirement to File A List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (II) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2] Outstanding warrants are not reflected in ownership.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BED BATH & BEYOND INC., | ) Case No. 23-_____(___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

    Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: | **Bed Bath & Beyond Inc, et al.** |
| United States Bankruptcy Court for the | **District of New Jersey** (State) |
| Case number (*If known*): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BNY MELLON<br>500 ROSS ST 12TH FLOOR<br>PITTSBURGH, PA 15262 | CLAYTON COLQUITT<br>(412)-236-5807<br>CLAYTON.COLQUITT@BNYMELLON.COM | UNSECURED BONDS | | | | $1,184,694,000.00 |
| 2 | PERSONALIZATIONMALL<br>51 SHORE DR<br>BURR RIDGE, IL 60527 | ROBERT TURNER<br>(630)-910-6000<br>ROBERTT@PMALL.COM | TRADE PAYABLE | | | | $11,095,721.42 |
| 3 | INTERSOFT DATA LABS INC<br>1330 W FULTON MARKET<br>CHICAGO, IL 60607 | RALPH LIUZZO<br>(410)-461-4723<br>RALPH.LIUZZO@INTSOF.COM | TRADE PAYABLE | | | | $6,836,763.63 |
| 4 | FEDERAL HEATH SIGN COMPANY LLC<br>P.O. BOX 678203<br>TAMPA, FL 33626 | SUSAN ALDRIDGE<br>(800)-342-2597<br>SALDRIDGE@FEDERALHEATH.COM | TRADE PAYABLE | | | | $6,770,268.26 |
| 5 | KDM POPSOLUTIONS GROUP<br>10450 MEDALLION<br>CINCINNATI, OH 45241 | BILL ZIMMERMAN<br>(513)-769-3500<br>B.ZIMMERMAN@KDMPOP.COM | TRADE PAYABLE | | | | $6,641,012.24 |
| 6 | COMMISSION JUNCTION INC<br>530 E. MONTECITO STREET #106<br>SANTA BARBARA, CA 93103 | SOPHIE RAMOS<br>(805)-971-3037<br>CJAR@CJ.COM | TRADE PAYABLE | | | | $6,162,076.79 |
| 7 | IDX<br>101 RIVER RIDGE<br>JEFFERSONVILLE, IN 47130 | ROBERT GIOVINO<br>(800)-939-4170<br>ROBERT.GIOVINO@IDXCORPORATION.COM | TRADE PAYABLE | | | | $4,920,884.34 |

---

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | NATIONAL TREE COMPANY<br>2 COMMERCE DRIVE<br>CRANFORD, NJ 07016 | DONNA CYRIL<br>(800)-280-8733<br>DONNA@NATIONALTREE.COM | TRADE PAYABLE | | | | $4,527,134.54 |
| 9 | NORTH AMERICAN CORPORATION<br>2101 CLAIRE COURT<br>GLENVIEW, IL 60025 | KRISTIE SCHNIER<br>(847)-832-4000<br>KSCHNIER@NA.COM | TRADE PAYABLE | | | | $4,384,027.43 |
| 10 | KEECO LLC<br>30736 WIEGMAN ROAD<br>HAYWARD, CA 94544 | ANDREA GRASSI<br>(212)-685-9077<br>ANDREAG@GRASSIASSOCIATESINC.COM | TRADE PAYABLE | | | | $4,231,687.55 |
| 11 | FEDEX<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250 | GREGORY DI SESSA<br>(201)-787-0091<br>GJDISESSA@FEDEX.COM | TRADE PAYABLE | | | | $3,884,415.89 |
| 12 | TEMPUR-PEDIC<br>2 COMMERCE DRIVE<br>CRANFORD, NJ 07016 | CINDY TREAGER<br>(859)-455-2483<br>CINDY.TREAGER@TEMPURSEALY.COM | TRADE PAYABLE | | | | $3,733,616.10 |
| 13 | FACEBOOK, INC.<br>15161 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | MARVIN ROBLES<br>(512)-543-2942<br>IDOAN@FACEBOOK.COM | TRADE PAYABLE | | | | $3,428,867.98 |
| 14 | ARTSANA USA INC<br>1826 WILLIAM PENN WAY<br>LANCASTER, PA 17601 | STEVE RUBIN<br>(877)-424-4226<br>STEVE.RUBIN@ARTSANA.COM | TRADE PAYABLE | | | | $3,323,738.80 |
| 15 | LIFETIME BRANDS INC<br>150 EAST 58TH STREET<br>NEW YORK, NY 10155 | CAROL MARKS<br>(609)-241-7321<br>CAROL.MARKS@LIFETIMEBRANDS.COM | TRADE PAYABLE | | | | $3,279,438.28 |
| 16 | KEPLER GROUP LLC<br>P O BOX 419271<br>BOSTON, MA 02241 | HANNAH GROBMYER<br>(646)-524-6896<br>HGROBMYER@KEPLERGRP.COM | TRADE PAYABLE | | | | $3,260,123.50 |
| 17 | WILLIAM CARTER CO.<br>3438 PEACHTREE ROAD NE<br>ATLANTA, GA 30326 | VANNESCIA WATKINS-BANKS<br>(646)-677-0866<br>VANNESCIA.WATKINS-BANKS@CARTERS.COM | TRADE PAYABLE | | | | $3,143,426.77 |
| 18 | TESTRITE PRODUCTS CORP.<br>1900 S BURGUNDY PLACE<br>ONTARIO, CA 91761 | CLAUDIA VEGA<br>(909)-605-9899<br>CLAUDIA.V@TESTRITE-USA.COM | TRADE PAYABLE | | | | $3,051,808.69 |
| 19 | VERIZON BUSINESS NETWORK<br>ONE VERIZON WAY<br>BASKING RIDGE, NJ 07920 | NORMA MCEWAN<br>(866)-925-0077<br>NORMA.MCEWAN@VERIZON.COM | TRADE PAYABLE | | | | $2,962,792.95 |
| 20 | Pinterest, Inc.<br>651 BRANNAN ST<br>SAN FRANCISCO, CA 94107 | COLE REUTTER<br>(415)-62-7100<br>AR@PINTEREST.COM | TRADE PAYABLE | | | | $2,839,480.57 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | BRIDGETREE LLC<br>133 NORTH MAIN STREET<br>MOORESVILLE, NC 28115 | MICHELE BOVE<br>(704)-604-8708<br>MBOVE@BRIDGETREE.COM | TRADE PAYABLE | | | | $2,658,031.85 |
| 22 | CITRUS AD INTERNATIONAL INC<br>P.O. BOX 7410138<br>Chicago, IL 60674 | STEPHANIE RICHMOND<br>(813)-451-4794<br>STEPHANIE.RICHMOND@CITRUSAD.COM | TRADE PAYABLE | | | | $2,639,065.54 |
| 23 | KEURIG GREEN MOUNTAIN INC.<br>PO BOX 414159<br>BOSTON, MA 02241 | ANDREW ARCHAMBAULT<br>(781)-460-4507<br>ARCHAMBAULT@KEURIG.COM | TRADE PAYABLE | | | | $2,637,919.04 |
| 24 | THE KNOT WORLDWIDE INC<br>PO BOX 32177<br>NEW YORK, NY 10087 | ASHLEY BERGEN<br>(877)-331-7752<br>ABERGEN@THEKNOTWW.COM | TRADE PAYABLE | | | | $2,628,538.02 |
| 25 | SHARKNINJA SALES COMPANY<br>89 A STREET<br>NEEDHAM, MA 02494 | CAROL WEINBERG<br>(855)-427-5127<br>CWEINBERG@SHARKNINJA.COM | TRADE PAYABLE | | | | $2,622,349.48 |
| 26 | LENOX CORPORATION<br>1414 RADCLIFFE STREET<br>BRISTOL, PA 19007 | CYNTHIA LAFFERTY<br>(732)-642-7332<br>CYNTHIA_LAFFERTY@LENOX.COM | TRADE PAYABLE | | | | $2,578,451.71 |
| 27 | BLUE YONDER INC<br>15059 N SCOTTSDALE RD<br>SCOTTSDALE, AZ 85254 | DEBORAH COLEY<br>(480)-308-3000<br>DEBORAH.COLEY@BLUEYONDER.COM | TRADE PAYABLE | | | | $2,483,355.00 |
| 28 | F 3 METALWORX INC<br>12069 EAST MAIN ROAD<br>NORTH EAST, PA 16428 | LORENA UNTALAN<br>(716)-439-8771<br>LUNTALAN@F3METALWORX.COM | TRADE PAYABLE | | | | $2,480,004.13 |
| 29 | MADIX INC.<br>500 AIRPORT RD<br>TERRELL, TX 75160 | SCOTT SCHERBAK<br>(800)-527-2129<br>SSCHERBA@MADIXINC.COM | TRADE PAYABLE | | | | $2,453,870.05 |
| 30 | GRANITE TELECOMMUNICATIONS LLC<br>P.O. BOX 983119<br>BOSTON, MA 02298 | LISA BURTON<br>(866)-847-5500<br>LMARIEBURTON@GRANITENET.COM | TRADE PAYABLE | | | | $2,413,661.88 |

# OMNIBUS RESOLUTION OF THE
# BOARD OF DIRECTORS, OF BED BATH & BEYOND INC.

## April 22, 2023

The requisite members of the board of directors (the "**Board**") of Bed Bath & Beyond Inc., a New York corporation ("**Bed Bath & Beyond**" or the "**Company**"), organized and existing under the internal laws of New York, as set forth in the Company's charter of incorporation, hereby take the following actions and adopt the following resolutions pursuant to the Company's bylaws and the applicable laws of the state or country of incorporation of the Company.

1. Resolutions

**WHEREAS**, the Board, having reviewed and considered (i) the filing of a voluntary petition for relief for the Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**") pursuant to applicable law and in accordance with the requirements of the Company's governing documents and applicable law (the "**Restructuring Matters**"); and (ii) to the extent applicable, authorizing entry into and performance under the DIP Facility Documents as defined herein,

**WHEREAS**, on February 2, 2023, pursuant to Article IV, Section 1 of the Bylaws of the Company, the Board previously appointed Holly Etlin as Interim Chief Financial Officer of the Company,

**WHEREAS**, pursuant to Article IV, Section 1 of the Bylaws of the Company, the Board deems it advisable and in the best interests of the Company and its shareholders to appoint Holly Etlin as Chief Financial Officer,

**WHEREAS**, the Board having reviewed and considered the materials presented by the management of the Company and the Company's financial and legal advisors, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company,

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the articles of incorporation and applicable governing documents of the Company, the undersigned do hereby adopt the following resolutions:

### *Chapter 11 Filing*

**RESOLVED**, in the business judgment of the Board it is desirable and in the best interest of the Company, the stakeholders, the creditors, and other parties in interest, that the Company files or causes to be filed voluntary petitions for relief (the "**Bankruptcy Petitions**") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in the Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions;

**RESOLVED**, any director or other duly appointed officer of the Company (collectively, the "**Authorized Persons**"), which shall include the Chief Restructuring Officer, the Chief Executive Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, shall be, and each of them individually hereby is, authorized and directed for and on behalf of the Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of the Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company's or any of its subsidiary's businesses.

### *Appointment of Chief Restructuring Officer*

**RESOLVED**, that Holly Etlin be, and hereby is, appointed to serve as the Chief Restructuring Officer of each Company;

**RESOLVED**, the Chief Restructuring Officer shall have such authority with respect to the Companies as is described in that certain engagement letter dated as of April 21, 2023, by and among the Company and AP Services, LLC (the "**Engagement Letter**");

**RESOLVED**, that Ms. Etlin shall be and is hereby authorized to manage the chapter 11 cases and court-supervised liquidation and sale process, and shall report directly to and serve at the direction of an ad hoc committee of the following directors of the Boards, Carol Flaton, Pamela Corrie, Jonathan Foster, and Joshua Schechter, in accordance with the terms and conditions of the Engagement Letter and these resolutions;

**RESOLVED,** that the Engagement Letter is hereby approved, and any Authorized Person, acting alone or with one or more Authorized Persons, be, and each of them hereby is, authorized, empowered, and directed to execute, deliver, and perform each Company's obligations under the Engagement Letter on behalf of the Companies and in its name with such changes therein or additions, deletions, or modifications thereto as the Authorized Person signing the same may approve, such approval may be conclusively evidenced by such Authorized Person's execution and delivery of the Engagement Letter.

### *Appointment of Chief Financial Officer*

**RESOLVED**, that Holly Etlin be, and hereby is, appointed and elected to serve as an officer of the Company and to hold the position of Chief Financial Officer;

**RESOLVED**, that Ms. Etlin shall serve in accordance with the Bylaws, as shall be in effect from time to time, with such other authority and responsibility as is customary for such position and title and shall act in such capacity until her successor is duly elected and qualified or, if earlier, until her successor has been duly elected or until her death, resignation or removal; and

**RESOLVED**, that, as an officer of the Company, Ms. Etlin is authorized to sign and deliver any agreement in the name of the Company and to otherwise obligate the Company in any respect relating to matters of the business of the Company, and to delegate such authority

in her discretion, within the policies of the Company as approved from time to time by the Board.

### *Retention of Professionals*

**RESOLVED**, each of the Authorized Persons, be, and hereby are, authorized, empowered, and directed to employ on behalf of the Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "**Kirkland**") as bankruptcy counsel; (ii) the law firm of Cole Schotz as local bankruptcy counsel; (iii) Lazard as investment banker; (iv) AlixPartners LLP as restructuring advisor; (v) Deloitte as tax advisor; (vi) Kroll Restructuring Administration as claims and noticing agent; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED**, each of the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

### *Use of Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection*

**RESOLVED**, to the extent applicable to the Companies, in the business judgment of the Authorizing Bodies it is desirable and in the best interest of the Companies, their stakeholders, their creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("**Cash Collateral**"), which is security for certain of the Companies' prepetition secured lenders (the "**Prepetition Secured Lenders**") under certain credit facilities by and among the Companies, the guarantors party thereto, and the lenders party thereto; and (ii) the incurrence of debtor-in-possession financing obligations ("**DIP Financing**") by entering into that certain Superpriority Senior Secured Debtor-in-Possession Term Loan Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**") by and among Bed Bath & Beyond, certain of the Companies, the financial institutions from time to time party thereto and their successors and assigns (collectively the "**DIP Lenders**"), Sixth Street Specialty Lending, Inc. in its capacity as administrative agent for the DIP Lenders (in such capacity and together with any successor or assigns, the "**DIP Agent**") on the terms set forth therein;

**RESOLVED**, in order to use and obtain the benefits of DIP Financing and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Lenders (the "**Adequate Protection Obligations**") as documented in proposed interim and final orders (collectively, the "**Financing Orders**") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition Secured Lenders to enter

into any of the DIP Facility Documents, as defined herein, such consent has been (or will be) obtained from the Consenting Creditors;

**RESOLVED**, in the business judgment of the Authorizing Bodies, the form, terms, and provisions of the DIP Credit Agreements and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction considered by the Financing Orders (collectively, the "**DIP Facility Documents**"), substantially in the forms circulated to the Authorizing Bodies, and each Company's execution, delivery and performance of its obligations under the DIP Facility Documents, including without limitation the grant of security interests under the DIP Facility Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

**RESOLVED**, each Company will obtain benefits from the incurrence of the borrowings under the DIP Credit Agreement and the other obligations under the DIP Credit Agreement and the other Loan Documents (as defined in the DIP Credit Agreement) which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company;

**RESOLVED**, to the extent applicable, each Company shall be, and is hereby, authorized to enter into the DIP Facility Documents and incur the obligations thereunder (the "**DIP Obligations**"), including the borrowing of the loans under the DIP Credit Agreement, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on and security interests in its assets, including the Collateral (as defined in the DIP Credit Agreement), to the DIP Agent, and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of each Company, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**RESOLVED**, each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**RESOLVED**, each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, to enter into any guarantees as described or contemplated by the DIP Facility Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Facility Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Companies and any other guarantor thereunder;

**RESOLVED**, each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the Financing

Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Companies to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, the Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Facility Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Company is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Facility Documents and the Financing Orders, collectively, the "**Financing Documents**") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

**RESOLVED**, the Company, as debtors and debtors-in-possession under the Bankruptcy Code be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations; and

**RESOLVED**, each of the Authorized Persons, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

*Further Actions and Prior Actions*

**RESOLVED**, the Company is hereby authorized to authorize (and the Company hereby authorizes) any direct or indirect subsidiary of the Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law).

**RESOLVED**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Matters.

**RESOLVED**, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein.

**RESOLVED**, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice.

**RESOLVED**, all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

**RESOLVED**, any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*   *   *   *   *

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Bed Bath & Beyond Inc.** |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the* 30 *Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **04/23/2023**      ☒ /s/ *Holly Etlin*
              MM/ DD/YYYY      Signature of individual signing on behalf of debtor
                                          **Holly Etlin**
                                           Printed name
                                          **Chief Financial Officer and Chief Restructuring Officer"**
                                          Position or relationship to debtor

**Official Form 202**                Declaration Under Penalty of Perjury for Non-Individual Debtors