**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BED BATH & BEYOND INC. SECTION 16(b) LITIGATION | Case No. 1:22-cv-09327-PGG |

**PLAINTIFF AUGENBAUM'S RESPONSE TO**
**NOTICE OF SUGGESTION OF BANKRUPTCY**

Plaintiff Todd Augenbaum respectfully submits this response to the Notice of Suggestion of Bankruptcy for Bed Bath & Beyond Inc. and Certain of its Affiliates and Automatic Stay if Proceedings filed on April 25, 2023 (the "Notice"), by Bed Bath & Beyond Inc. ("BBBY" or the "Company"). ECF No. 50. As explained below, this Court should hold that the Bankruptcy Code's automatic stay provision is not applicable in the above-captioned action (the "Action").

This Court has "jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." *Inn World Rep., Inc. v. MB Fin. Bank NA*, 2022 WL 17841529, at *3 (2d Cir. Dec. 20, 2022) (quoting *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985)). Absent BBBY explaining *which provision of the automatic bankruptcy stay is triggered*, which it has not done, this Court should not find that 11 U.S.C. §362(a) automatically stays this Action.[1]

The Bankruptcy Code's automatic stay provision, codified at 11 U.S.C. §362(a), is limited. That statute takes effect only if one or more of its eight delineated subsections is satisfied. Here,

---

[1] That BBBY may, at some point, have to respond to discovery requests in this Action does not change the analysis. *In re Miller*, 262 B.R. 499, 504-07 (B.A.P. 9th Cir. 2001) (the Bankruptcy Code's automatic stay does not "protect a debtor from complying with discovery requests … pertaining only to the claims against the other non-debtor defendants"); *Paddock Enterprises, LLC*, 2022 WL 4396358, at *3-5 (Bankr. D. Del. Sept. 22, 2022) (refusing to quash "subpoenas [that] affect the implementation and administration of [a] recently-confirmed Plan which [wa]s in its nascent stages" because "responding to third-party discovery is a cost of doing business in the United States").

no subsection of 11 U.S.C. §362(a) is satisfied and, as a result, no automatic stay of proceedings should issue.

*Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC*, 286 F. Supp. 2d 279 (S.D.N.Y. 2003), is directly on point. There, Judge Marrero held that the general rule preventing individual shareholders from enforcing a corporation's rights excludes Section 16(b) claims – the only claims brought in this Action – because of the nature of the hybrid right under Section 16(b), which belongs to shareholders but inures to and is recoverable by the issuer, and also because such claims are statutory and not equitable in nature. *Id.* at 280-82. Judge Marrero recognized that his analysis was bolstered by Congress's recognition of a "national public interest which makes it necessary to provide for regulation and control of" short-swing profits. *Id.* at 282 (quoting 15 U.S.C. § 78b and citing *Feder v. Martin Marietta Corp.*, 406 F.2d 260, 262 (2d Cir.1969)). After thoroughly analyzing the Bankruptcy Code and Section 16(b), Judge Marrero held "the § 16(b) right of action at issue here belongs not to the bankruptcy estate, but to Schaffer, and consequently is not affected by the automatic stay pursuant to § 362." *Schaffer*, 286 F. Supp. 2d at 283. *See also In re XO Commc'ns*, Inc., 330 B.R. 394, 431 (Bankr. S.D.N.Y. 2005) (holding that a Section 16(b) cause of action is not derivative and thus not "property of the estate" pursuant to Bankruptcy Code section 541).

Therefore, this Court should not stay this Action.

Dated: April 27, 2023

By: /s/  Michael J. Klein
Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
450 7th Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
Email: jabraham@aftlaw.com
        mklein@aftlaw.com