# WOLLMUTH MAHER & DEUTSCH LLP

500 Fifth Avenue
NEW YORK, NEW YORK 10110
_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

October 6, 2023

<u>BY ECF</u>

The Honorable Paul G. Gardephe
United States District Court
  for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:   *In re Bed Bath & Beyond Inc. Section 16(b) Litigation*,
               <u>Case No. 1:22-cv-09327-PGG</u>

Dear Judge Gardephe:

      We represent defendants RC Ventures LLC and Ryan Cohen (the "Cohen Defendants"). This is a pre-motion letter pursuant to Individual Rule of Practice IV.A. The requested motion is not on consent of all parties.

      The Cohen Defendants respectfully request leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because as of Friday, September 29, 2023, plaintiffs no longer have a financial interest in this case, a requirement for standing under Article III of the Constitution. Specifically, the common stock of Bed Bath & Beyond Inc. ("BBBY") has been canceled pursuant to the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates (the "Plan"). That means the plaintiffs, who were purported BBBY stockholders, no longer have any ongoing stake in BBBY. While plaintiffs' complaints fail to state a claim for all the reasons set forth in the Cohen Defendants' pending 12(b)(6) motion to dismiss, it no longer matters. The case should be dismissed as moot under Rule 12(b)(1).

**Background**

      Plaintiffs Todd Augenbaum and Judith Cohen claim to have been common stockholders of BBBY. *See* ECF No. 1 (Augenbaum Compl.) ¶ 2; ECF No. 28 (Judith Cohen Am. Compl.) ¶ 6 and Exhibit A thereto.

      On April 23, 2023, BBBY and certain of its affiliates filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. *See* Notice of Suggestion of Bankruptcy for Bed Bath & Beyond Inc. and Certain of its Affiliates and Automatic Stay of Proceedings (ECF No. 50) and Exhibits A-B thereto. On September 14, 2023, the Bankruptcy Court confirmed the Plan for BBBY. *See* Ex. 1. Among the Plan's terms, holders of common

stock in BBBY (defined as "Interests in BBB"[1]) receive the following treatment: "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." *Id.* at 26-27.[2]

The Effective Date of the Plan occurred on September 29, 2023. *See* Ex. 2. As of that date, the plaintiffs' common stock was "canceled" and "of no further force or effect," and going forward, the plaintiffs will not be "entitled to any recovery or distribution under the Plan." Ex. 1 at 27. That means they have lost all financial interest in the outcome of this litigation.

**Analysis**

Under Article III of the Constitution, a court must analyze and confirm its own jurisdiction prior to deciding any issues raised by the parties on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998). The Supreme Court held in *Gollust v. Mendell* that a plaintiff in a Section 16(b) case must maintain "some continuing financial interest in the outcome of the litigation." 501 U.S. 115, 126 (1991). This rule is grounded in the "case-or-controversy" requirement in Article III. *Id*. at 125. Thus, where a Section 16(b) plaintiff does *not* maintain a continuing financial interest in the outcome of the litigation, a court does not have jurisdiction over the case. *See, e.g.*, *Rubenstein v. Smith*, 132 F. Supp. 3d 1201, 1205-06 (C.D. Cal. 2015) (dismissing 16(b) claim under Rule 12(b)(1) because assignment of claim by issuer deprived stockholder of "any financial interest in the outcome of this case").

The plaintiffs lost their stock when it was canceled pursuant to the Plan. Nor do they stand to receive any distributions from the BBBY estate. Plaintiffs cannot meet the bedrock requirement that they maintain "some continuing financial interest in the outcome of the litigation." *Gollust*, 501 U.S. at 126. This case should be dismissed as moot.

\* \* \*

We respectfully request permission to file a motion to dismiss under Rule 12(b)(1) and stand ready to answer any questions the Court may have.

Respectfully submitted,

*/s/ Joshua M. Slocum*
David H. Wollmuth
Joshua M. Slocum

---

[1] The Plan defines "Interest" as "any equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor." Ex. 1 at 13. "BBB" means Bed Bath & Beyond Inc. *Id*. at 7.

[2] Page cites in Exhibit 1 refer to the page numbers of the Plan, which is attached as Exhibit A to the Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates.

3

cc:   Counsel of Record (by ECF)