

October 12, 2023

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, N.Y. 10007

  Re: *In re Bed Bath & Beyond Inc. Section 16(b) Litigation.,* 22 Civ. 9327

Dear Judge Gardephe:

  I am counsel for Plaintiff Todd Augenbaum and write in response to the October 6, 2023 letter of Defendants RC Ventures LLC and Ryan Cohen (the "Moving Defendants") requesting leave to file a motion to dismiss pursuant to Rule 12(b)(1).

  The Moving Defendants contend that the bankruptcy plan of Bed, Bath & Beyond, Inc. ("BBBY" or the "Company"), which has resulted in the Company's common stock being cancelled, deprives Plaintiff Augenbaum and his fellow Plaintiff of standing to pursue the Section 16(b) claims asserted in this action. Plaintiff Augenbaum disagrees.

  *Gollust v. Mendell,* 501 U.S. 115 (1991), the controlling Supreme Court case addressing Section 16(b) standing held that "[t]he terms of § 16(b), read in context … provide standing of *signal breadth*, expressly *limited only by conditions existing at the time an action is begun*." (emphasis added). After the commencement of the action, the plaintiff is only required to have "some continuing financial stake in the litigation" because "Congress clearly intended to put 'a private-profit motive" in the prosecution of Section 16(b) actions and the standing requirements of Article III of the U.S. Constitution. *Id*. at 124-25. However, *Gollust* took a very broad view of the financial interests that could satisfy the requisite financial interest, holding that owning even a share of stock or debt issued by the parent company of the entity which would benefit from the litigation is sufficient. *Id.* at 127.

  Here, the bankruptcy court filings disclose that the Company's debt is owned by Sixth Street Specialty Lending, Inc., which is defined in Defendants' Exhibit 1 as the ABL Agent, DIP Agent, and FILO Agent. ECF No. 58-1. That entity is a publicly traded company, and trades under the ticker symbol "TSLX" on the New York Stock Exchange. Plaintiff Augenbaum has acquired TLSX equity, constituting a sufficient interest in the outcome of this litigation, thereby satisfying the standing requirements of Section 16(b). That continuing financial interest is also satisfied by Plaintiff Augenbaum being able to seek a modest fee upon the successful outcome of this action. *Cf.* 15 U.S.C. §78u-4(a)(4); *see also Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 259 (2d Cir. 2021) (recognizing "it may be that [the plaintiff] retained some economic interest after trial and judgment in terms of … a potential incentive award for his service as class representative"

NEW YORK tel: 212.279.5050 fax: 212.279.3655  CALIFORNIA tel: 310.279.5125 fax: 212.279.3655  aftlaw.com
450 Seventh Avenue, 38th Floor, New York, NY 10123  9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210



but the argument was waived); *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 875 (7th Cir. 2012) ("the prospect of [an incentive award], though probabilistic rather than certain, suffices to confer standing" for a federal claim).

Therefore, Plaintiff Augenbaum believes that any Rule 12(b)(1) motion the Moving Defendants may make is doomed to failure.

Respectfully submitted,

Jeffrey S. Abraham