

Squitieri & Fearon, LLP
305 Broadway, 7th Floor
New York, New York 10007
Tel:  212.421.6492
Fax: 212.421.6553

**Olimpio Lee Squitieri**
lee@sfclasslaw.com

October 12, 2023

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    *In re Bed Bath and Beyond Inc. Section 16(b) Litigation*
              No. 22 Civ. 09327 (PGG)

Dear Judge Gardephe:

    My firm, together with Gardy & Notis LLP, represent plaintiff Judith Cohen.  We are writing to respond to the October 6, 2023 letter of Defendants RC Ventures LLC and Ryan Cohen ("Cohen Defendants") for leave to file a Rule 12(b)(1) motion to dismiss (ECF No. 57 the "Letter").

    The request should be denied because it would be futile based on the grounds asserted by the Cohen Defendants' counsel in their letter.

    The Cohen Defendants assert that the cancellation of the shares of common stock of Bed Bath & Beyond Inc. ("BBB") in BBB's confirmed bankruptcy plan divested plaintiffs of any "financial interest" in the outcome of this suit because plaintiffs "do not stand to receive any distributions from the BBBY estate." Letter at 2.  The Cohen Defendants' argument incorrectly assesses that the "stock" and/or distributions" are the only form of "financial interest" that will satisfy Article III standing.  They are incorrect as numerous decisions make clear, starting with *Gollust v. Mendell*, 501 U.S. 115 (1991).

    First of all, *Gollust* made it crystal clear that a 16(b) plaintiff need be a holder of the Company's security at the time the action is instituted.  *Gollust* at 124.  Thus, the cancelation of BBBY stock in the bankruptcy is irrelevant.

    The next condition is "fraudulent inducement in the outcome of the litigation."  *Gollust* at 126-127.  Of that condition, the *Gollust* Court said: "…in light of the congressional policy of

Honorable Paul G. Gardephe
October 12, 2023
Page 2

<u>lenient standing</u> [of 16(b)], we will not read any further consideration into the statute, beyond the requirements that a 16(b) plaintiff maintains a financial interest in the outcome of the litigation sufficient to motivate its prosecution and avoid constitutional standing difficulties." *Id*. at 27. The interest may be "indirect" and indeed as "attenuated" as a bondholder's interest "since any recovery by the issuer will increase the value of the bond only because the issuer may become a slightly better credit risk." *Id*.

Indeed, before *Gollust*, the Second Circuit in *Smolowe et al. v. Delendo Corporation et al.*, 136 F.2d 231 (2d Cir. 1943), held that a plaintiff could maintain a 16(b) action regardless of the fact that "he can receive no tangible benefits" because of his "position in the security hierarchy." *Id*. at 241. The Second Circuit went on to note the financial benefit to that plaintiff of his entitlement to attorney's fees and expenses under the statute. *Id*.

Thus, plaintiff's statutory right to attorney's fees here is a sufficient financial interest to defeat the anticipated Rule 12(b)(1) motion. Also consistent with *Gollust*, a sufficient financial interest exists through a plaintiff's acquisition of the entity which owns BBBY's debt such as Sixth Street Specialty Lending, Inc. ("TSLX"). See *Gollust* at 127 (holding that a plaintiff's indirect interest in an entity which acquired the issuer's interest in the 16(b) suit suffices as a financial interest). The plaintiff's acquisition of TSLX <u>after</u> TSLX acquired BBBY's interest suffices. *See* Arnold S. Jacobs, Section 16 of the Securities Exchange Act, Chapter 3, VIII at 3:36, Capacity and Standing to Sue, at page 3-298 ("standing" includes also "any person who purchased a security or a surviving corporation before or after the merger.") (West Group 7/2002).

Also, plaintiff's statutory interest in a potential incentive award is sufficient under 15 U.S.C. 78 u-4(a)(4) and *Jin v. Shanghai Original, Inc.*, 990 F.3d 251 (2d Cir. 2021) (recognizing but not deciding the issue) and *Espenscheid v. DirectSat USA LLC*, 688 F.3d 872 (7th Cir. 2012).

Plaintiff Cohen believes a Rule 12(b)(1) motion on the stated grounds is futile.

Respectfully submitted,

*/s/ Lee S_____*

Lee Squitieri
SQUITIERI & FEARON, LLP

*Attorneys for Judith Cohen*

LS:mm

cc: All counsel of record via ECF