# EXHIBIT 7

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

**EUROPE & MIDDLE EAST**
ABU DHABI        LONDON
BRUSSELS         MILAN
COLOGNE          PARIS
FRANKFURT        ROME

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
_RESIDENT PARTNERS_

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
_RESIDENT COUNSEL_

D: +1 212 225 2507
jgerber@cgsh.com

October 21, 2022

BY EMAIL

Jeffrey S. Abraham
Abraham, Fruchter & Twersky, LLP
450 Seventh Avenue, 38th Floor
New York, NY  10123

Re:  Section 16(b) Demand

Dear Mr. Abraham:

I write on behalf of Bed Bath & Beyond Inc. (the "Company") in response to your August 22, 2022 letter to the Company's Board of Directors (the "Letter") demanding that the Company file a lawsuit or take other action against RC Ventures LLC ("RC Ventures") for allegedly obtaining short-swing profits in violation of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act").  For the reasons discussed below, after thoroughly investigating the transactions identified in your Letter, the Company has concluded that those transactions do not give rise to liability under Section 16(b).

As you are aware, if an insider (director, officer, or ten percent beneficial owner) of a public corporation realizes a profit from a "short-swing transaction," including any matchable purchase and sale of any equity security of the issuer within a six-month period, Section 16(b) of the Exchange Act authorizes the issuer to recover any such "short-swing profits" from such statutory insider.  15 U.S.C. § 78p(b).  The short-swing profit rule was implemented as a deterrent against insider trading, and to prevent insiders with greater access to material nonpublic information from taking advantage of that information.  However, the profits identified in your Letter are not recoverable pursuant to Section 16(b) for the following reasons:

*First*, RC Ventures is not subject to Section 16(b) because it was not individually a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter.  Under the plain language of Section 16(b), that provision "shall not be construed to cover any transaction where such beneficial owner was not such both at the time of

Jeffrey S. Abraham, p. 2

the purchase and sale." 15 U.S.C. § 78p(b). Here, RC Ventures did not become a beneficial owner of 10% or more of the Company's common stock for the purposes of Section 16(b) until after making the purchases identified in your Letter.

Your Letter's contrary assertion that RC Ventures was a "beneficial owner[] of 10% or more of the Common Stock by no later than March 1, 2022," because of share repurchases made by the Company before that date, Letter at 2-3, is incorrect. Under Rule 13d-1(j), "any person, in determining the amount of outstanding securities of a class of equity securities, may rely upon information set forth in the issuer's most recent quarterly or annual report." 17 C.F.R. § 240.13d-1(j). Here, as your Letter acknowledges, RC Ventures' holdings after the identified purchases represented 9.8% of the Company's aggregate shares outstanding based on the number of shares outstanding set forth in the Company's most recent quarterly or annual report. Your Letter does not identify any basis to conclude that RC Ventures knew or had reason to believe that it could not rely on those disclosures at the time of the relevant purchases, all of which pre-dated the Company's cooperation agreement with RC Ventures. Significantly, "an issuer's announcement of a stock repurchase program is not enough to charge a person with knowledge of the precise date on which the issuer later repurchases enough of its outstanding shares to push that person over the ten percent threshold." *Romeo & Dye* § 2.03(3)(j)(iv) n.77.

Accordingly, Section 16(b) does not cover the purchases identified in your Letter because RC Ventures was not individually a 10% beneficial owner "at the time of the purchase[s]." 15 U.S.C. § 78p(b).

*Second*, your Letter likewise provides no support for its alternative assertion that RC Ventures was a beneficial owner of 10% or more of the Company's common stock at the time of the identified purchases "as a member of a group within the meaning of § 13(d) of the Exchange Act." Letter at 6. The only other investor in the Company's common stock identified in your Letter, FCM BBBY Holdings LLC ("Freeman Capital"), made its acquisitions in July 2022, months after the purchases by RC Ventures identified in your Letter. Accordingly, even if RC Ventures could be considered a member of a group with Freeman Capital for the purposes of Section 16(b), Freeman Capital's purchases could not have rendered RC Ventures a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter.

*Third*, your Letter also provides no basis to conclude that RC Ventures could be considered a director for the purposes of Section 16(b) through purportedly "deputizing the New Directors to represent its interests on the Board." Letter at 6. The Supreme Court has "imposed a heavy burden of proof upon a person seeking to establish deputization in a case under Section 16(b)," which "requires a litigant to show . . . that the [nominating entity] and the [individual] intended the [individual] to perform his or her directorial duties for the benefit of the [nominating entity] and that the [individual] acted in the interest of the [nominating entity] when performing those duties." *Romeo & Dye* § 2.04(2). Here, this heavy burden is not met because RC Ventures' nominees to the Company's Board of Directors are independent of RC Ventures, and each possesses substantial prior experience serving as a director of other public companies.

*Finally*, even if RC Ventures could be considered a director of the Company by deputization, it would still not be subject to Section 16(b) because it would not have been such a

Jeffrey S. Abraham, p. 3

director at the time of the purchases identified in your Letter. "Any transaction effected by a person who is not, at the time of the transaction an officer or director of the issuer . . . is exempt from Section 16." *Romeo & Dye* § 6.02(8)(a) ("Rule 16a-2(a), which was adopted in 1991, exempts *all* transactions that occur prior to becoming an officer or director."). Here, as your Letter acknowledges, the directors nominated by RC Ventures were not appointed until March 25, 2022. Letter at 3. Accordingly, RC Ventures could not have been a director by deputization at the time of the purchases identified in your Letter, which were made no later than March 3, 2022. *Id.* at 2.

*   *   *

In light of the foregoing, we consider your demand that the Company file a lawsuit or take other action to recover the profits earned by RC Ventures under Section 16(b) to be resolved. The Company reserves all rights and remedies under applicable law.

Sincerely,

Jared Gerber