

November 17, 2023

**By ECF**

The Honorable Dale E. Ho
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

  Re: *In re Bed Bath & Beyond Inc. Section 16(b) Litigation*, 22-CV-9327 (DEH)

Dear Judge Ho:

  I am counsel for Plaintiff Todd Augenbaum in this action and write jointly with counsel for Plaintiff Judith Cohen (referred to with Plaintiff Augenbaum as "Plaintiffs") and counsel for Defendants in response to the Court's Order of November 6, 2023. ECF No. 62. For the Court's convenience, this letter numerically tracks the twelve items enumerated in the Court's Order.

  **1. Names of counsel and current contact information, if different from the information currently reflected on the docket:**

  The names and contact information of all counsel are correctly reflected on the docket.

  **2. A brief statement of the nature of the case and/or the principal defenses thereto:**

  Plaintiffs' Statement:

  Plaintiff Augenbaum alleges that Defendants RC Ventures LLC ("RC Ventures" or "RCV") and Ryan Cohen ("Cohen" and, with RCV, "Defendants") accumulated more than 10% beneficial ownership of Bed Bath & Beyond Inc.'s ("BBBY" or the "Company") common stock (the "Common Stock") before purchasing and selling BBBY Common Stock within a six-month period and receiving short-swing trading profits to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78m(d). *See* SEC Rule 16a-1(a)(1), 17 C.F.R. §240.16a-1(a)(1). Plaintiff Augenbaum seeks to disgorge that profit. Plaintiff Augenbaum further alleges that RC Ventures functioned as a director of the Company, further subjecting it to liability under Section 16(b). Plaintiff Cohen's Amended Complaint (ECF No. 1 in *Cohen v. Cohen*, Docket No. 1:22-cv-09733 (S.D.N.Y. Nov 15, 2022)) is substantially similar.

NEW YORK   tel: 212.279.5050   fax: 212.279.3655  CALIFORNIA   tel: 310.279.5125   fax: 212.279.3655  aftlaw.com
450 Seventh Avenue, 38th Floor, New York, NY 10123  9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210



The Honorable Dale E. Ho
November 17, 2023
Page 2 of 3

Defendants' Statement:

Defendants raise two main defenses to Plaintiffs' Section 16(b) claims, which are set forth in Defendants' Memorandum of Law in Support of Their Amended Omnibus Motion to Dismiss the Complaints. ECF No. 65. *First*, the Court lacks subject matter jurisdiction because Plaintiffs' stock was canceled in BBBY's confirmed bankruptcy plan. When that happened, Plaintiffs lost standing because Plaintiffs did not maintain a continuing financial interest in the outcome of the litigation. The case should be dismissed as moot under Rule 12(b)(1). *Second*, Plaintiffs' claims fail on the merits because Section 16(b) never applied to Defendants' purchases of BBBY stock. They did not own 10% of BBBY stock, nor were they officers or directors of BBBY, under longstanding SEC regulations and guidance. Section 16(b) only applies when the defendant is a statutory insider at *both* the time of purchase *and* sale. The case should be dismissed under Rule 12(b)(6).

**3.     A brief explanation of why jurisdiction and venue lie in this Court**:

The parties agree that jurisdiction and venue lie in this Court pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa, as well as 28 U.S.C. §1331.  However, Defendants believe that the Court now lacks subject matter jurisdiction because Plaintiffs' case is moot, as described in Defendants' Statement under Paragraph 2.  Plaintiffs dispute Defendants' position that the Court lacks subject matter jurisdiction.

**4.     A statement of all existing deadlines, due dates, and/or cut-off dates**:

Plaintiffs' opposition to Defendants' motion to dismiss is due on November 22, 2023 and Defendants' replies, if any, are due on December 1, 2023.

**5.     A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed:**

A standard initial pretrial conference was scheduled for February 2, 2023.  *See* ECF No. 6.  The initial pretrial conference was adjourned sine die.  ECF No. 27.

**6.     A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought:**

Defendants' November 8, 2023, amended motion to dismiss seeks to have all claims dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**7.     A statement and description of any pending appeals:**

None.

**8.     A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations**:

The Honorable Dale E. Ho
November 17, 2023
Page 3 of 3

No discovery has taken place.  Plaintiffs believe some exchange of information about facts of the claim with defendants could potentially facilitate settlement discussions. Defendants do not believe that any discovery is warranted at this time and the case should be dismissed.  Pursuant to the Court's Orders of January 26, 2023 and October 25, 2023, discovery has been stayed pending resolution of Defendants' Amended Omnibus Motion to Dismiss the Complaints. ECF Nos. 27, 61.

**9.    A brief description of the status of prior settlement discussions, without disclosing exact offers and demands**:

None.

**10.    Statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate:**

The parties believe that any consideration of alternative dispute resolution is premature before joinder of issue.

**11.    An estimate of the length of trial; and**

The parties estimate that any trial can be completed within four trial days for Plaintiffs' prima facie case.

**12.    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

None.

The Parties are available to answer any other questions the Court may have.

Respectfully Submitted,

*/s/ Jeffrey S. Abraham*
Jeffrey S. Abraham

cc:    All counsel of record (via ECF)