Case 1:22-cv-09327-DEH   Document 78   Filed 11/22/23   Page 1 of 3 

# JAMES A HUNTER
### ATTORNEY AT LAW

Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, Pennsylvania  19428

TELEPHONE  (484) 437-5935

November 22, 2023

**BY ECF**

The Honorable Dale E. Ho
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York  10007

> Per the Court's Individual Civil Rule 4a, pre-motion letters and conferences generally are not required.  Counsel shall file any intended motions within two weeks of this Order.  The Clerk of Court is respectfully directed to close ECF No. 72.
>
> SO ORDERED.
>
> */s/ Dale E. Ho*
> Dale E. Ho
> United States District Judge
> Dated: November 22, 2023
> New York, New York

Re:   *In re Bed Bath & Beyond Section 16(b) Litigation*,
       No. 22-cv-9327 (DEH) (S.D.N.Y. filed Oct. 31, 2022)
       **Pre-Motion Conference re Motion to Substitute**

Dear Judge Ho:

I write on behalf of Nominal Defendant Bed Bath & Beyond Inc., n/k/a 20230930-DK-Butterfly-1, Inc. ("BB&B") to request a pre-motion conference preliminary to a proposed motion to substitute BB&B as plaintiff and file a superseding complaint.  Pending a decision on that motion, BB&B also intends to move to stay consideration of Defendants' amended motion to dismiss.

**I.      Facts**

This is a consolidated action to recover "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b).  Plaintiffs are former stockholders of BB&B who seek to recover on its behalf the profit Defendants allegedly realized from transactions in BB&B's equity securities.  While Defendants' initial motion to dismiss under Rule 12(b)(6) was pending, the U.S. Bankruptcy Court for the District of New Jersey confirmed the Second Amended Joint Chapter 11 Plan of BB&B and its Debtor Affiliates (the "Plan").  *See* Dkt. 58-1.  The Plan became effective on September 29, 2023.  Dkt. 58-2.

Because the Plan cancelled Plaintiffs' stock in BB&B, Defendants sought leave to file a new motion to dismiss under Rule 12(b)(1), contending that the loss of Plaintiffs' financial interest mooted the case.  Dkt. 58.  The Court ordered Defendants to file an amended motion to dismiss addressing both their Rule 12(b)(1) and 12(b)(6) grounds for dismissal.  Dkt. 61.  The amended motion papers were filed November 8.  Dkts. 64-66.

BB&B now intends to move to be substituted as plaintiff and file a superseding complaint.  BB&B also intends to move to stay consideration of Defendants' amended motion to dismiss pending a ruling on the motion for substitution.  As explained below, BB&B is the only proper plaintiff in this case because the Plan extinguished Plaintiffs' rights to litigate on BB&B's

The Honorable Dale E. Ho
November 22, 2023
Page 2

behalf.  As the real party in interest, BB&B is entitled to be substituted as plaintiff under Rule 17.[1]

## II.     Argument

### A.     The Plan Extinguished Plaintiffs' Claims

Plaintiffs brought this case "in the name and in behalf of" BB&B.  15 U.S.C. § 78p(b).  Their complaints name BB&B as nominal defendant, raise claims against BB&B, and encumber BB&B's rights.  Plaintiffs seek attorneys' fees, costs, and expenses out of BB&B's recovery.  Dkts. 28 at 19, 60 at 2.  They claim an incentive award from that same recovery.  Dkts. 59 at 1, 60 at 2.  And their litigation necessarily impedes and jeopardizes BB&B's own prosecution of the claim.  Most urgently, Plaintiffs face a motion under Rules 12(b)(1) and 12(b)(6) that, if successful, will result in the dismissal of BB&B's Section 16(b) claim, possibly with prejudice, and possibly with collateral estoppel.  *See* Dkts. 64-66; Dkt. 69 at 2 ¶ 6.

Under the plain terms of the Plan confirmed by the Bankruptcy Court, these claims and encumbrances on BB&B's Section 16(b) rights have been extinguished.  The Plan provides that "on the Effective Date, all Causes of Action shall automatically vest in" BB&B as "Wind-Down Debtor."  Ex. A at 62, 109.  These "Causes of Action" include any "action," as well as any "cause of action, controversy, demand, right," or "suit," regardless of whether the claim is "assertable directly or derivatively."  *Id.* at 83.  The Plan denies Plaintiffs the right to act "in the name and in behalf of [BB&B]," 15 U.S.C. § 78p(b), for it reserves that right exclusively to the court-appointed Plan Administrator, who "shall be the sole representative of, and shall act for, the Wind-Down Debtors."  Ex. A at 108.  BB&B and the Plan Administrator "may *exclusively* enforce any and all Causes of Action" and have "the *exclusive* right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment" the same.  *Id.* at 110 (emphasis added).  The Plan further provides that all property of BB&B's estate vests in BB&B "free and clear of all Liens, Claims, charges, or other encumbrances," including any "Cause of Action or liability" asserted against BB&B.  *Id.* at 40, 107, 84.  And the Plan expressly "released and discharged" BB&B from "any and all Claims and Causes of Action, whether known or unknown," brought by any "Releasing Party," including any former stockholder of BB&B.  *Id.* at 89, 93, 129.

The effect of this fulsome and unambiguous language was to terminate Plaintiffs' right to litigate this case "in the name and in behalf of [BB&B]," 15 U.S.C. § 78p(b), and to

---

[1] Although Your Honor's individual practices do not require a conference for motions of this kind, judicial economy is served by promptly bringing the motion to the Court's attention.  If the Court grants BB&B's motion and allows a superseding complaint to be filed, Defendants' motion to dismiss will be denied as moot, and the Court will not need to decide the significant Article III questions posed by Defendant's Rule 12(b)(1) motion.

The Honorable Dale E. Ho
November 22, 2023
Page 3

assign that right to the Plan Administrator.  *See Pepper v. Litton*, 308 U.S. 295, 307 (1939) ("While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee." (footnote omitted)).  Plaintiffs had actual notice of BB&B's bankruptcy and could have objected to the Plan.  *See* Dkts. 50, 51, 53.  In fact, objections were received from other BB&B stockholders pursuing pre-petition claims against the same Defendants.  *See* Ex. B at 86 (recording the objection of "Bratya SPRL and all other persons similarly situated in connection with *Pencheng v. Bed Bath & Beyond Corporation, et. al.*"); *cf. Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 132 (2d Cir. 1984) ("[S]ome proceeding in the bankruptcy court must take place before a shareholder can assert the right directly.").  No objections were received from Plaintiffs.  Their claims have now been extinguished and may be brought only by the Plan Administrator.

      **B.**      **BB&B Should Be Substituted as Plaintiff Under Rule 17**

Whether or not the Plan extinguished Plaintiffs' claims, BB&B should be substituted as plaintiff.  This Court has long recognized the issuer's option to assume control of its Section 16(b) claim, remarking that "the corporation is . . . able to protect its interests by intervening into the action, if it so chooses."  *Prager v. Sylvestri*, 449 F. Supp. 425, 429 (S.D.N.Y. 1978).  The issuer's assumption of the prosecution has generally been framed as a substitution of party.  *See Klein v. Qlik Techs., Inc.*, 906 F.3d 215 (2d Cir. 2018) (substitution permitted under Rule 17(a)(3)); *iXL Enters. v. GE Capital Corp.*, 167 Fed. Appx. 824 (2d Cir. 2006) (summary order) (affirming substitution of debtor issuer); *Silverman v. Re*, 194 F. Supp. 540, 541-42 (S.D.N.Y. 1961) (granting the nominal defendant's motion "to be named as a party plaintiff" because "[t]he public policies upon which the Act is based compel the broadest participation in the litigation by the corporation to whom the recovery will inure").

The Second Circuit's decision in *Klein* provides a good model.  The issuer in *Klein* was bought out midway through the case, "resulting both in [plaintiff] losing her interest in the litigation and [the issuer] changing its corporate mind about whether to litigate on its own behalf."  906 F.3d at 226.  Rather than consign the case to dismissal under Rule 12(b)(1), the Second Circuit relied on Rule 17 to allow the issuer to be substituted as plaintiff.  *See id.* ("Ensuring that an otherwise proper suit is not dismissed for want of a proper party when that party is ready and willing to join the fray is the very purpose of Rule 17(a)(3).").  With the discharge of its prepetition management, BB&B has likewise "chang[ed] its corporate mind about whether to litigate," and now stands "ready and willing to join the fray" to prevent dismissal of its claim.  Under the reasoning of *Klein*, BB&B should substituted as plaintiff.

                                            Respectfully submitted,

                                            /s/ James A. Hunter

Enclosures

Copies by ECF: All Counsel of Record