UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BED BATH & BEYOND INC.
SECTION 16(b) LITIGATION

No. 22-cv-9327 (DEH)

MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF NOMINAL DEFENDANT BED BATH & BEYOND INC.
(n/k/a 20230930-DK-BUTTERFLY-1, INC.) FOR SUBSTITUTION AS PLAINTIFF AND
TO STAY CONSIDERATION OF THE AMENDED OMNIBUS MOTION TO DISMISS

James A. Hunter
LAW OFFICE OF JAMES A.
    HUNTER
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA  19428
Phone: +1 (484) 437-5935
Email: hunter@hunterkmiec.com

*Counsel for Nominal Defendant Bed Bath
    & Beyond Inc. (n/k/a 20230930-DK-
    Butterfly-1, Inc.)*

Joseph S. Allerhand
ALLERHAND & ODONER LLP
420 Lexington Avenue
Suite 2818
New York, NY  10170
Phone: +1 (646) 693-0550
Email: joseph@allerhand-odoner.com

*Counsel for Nominal Defendant Bed Bath
    & Beyond Inc. (n/k/a 20230930-DK-
    Butterfly-1, Inc.)*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. i

INTRODUCTION ..............................................................................................................1

STATEMENT OF FACTS ..................................................................................................2

      A.      Procedural Background...........................................................................2

      B.      The Chapter 11 Petition ........................................................................3

      C.      Confirmation of the Plan........................................................................4

      D.      The New Motion to Dismiss and This Motion To Substitute.................6

ARGUMENT .....................................................................................................................6

I.      BB&B SHOULD BE SUBSTITUTED AS PLAINTIFF ....................................7

      A.      The Plain Terms of the Plan Extinguished Plaintiffs' Rights
                 in This Suit, Leaving BB&B and the Plan Administrator as
                 the Only Proper Plaintiffs ......................................................................7

      B.      Rule 17(a)(3) Entitles BB&B to Be Substituted as Plaintiff .................12

II.     THE COURT SHOULD STAY CONSIDERATION OF THE MOTION
      TO DISMISS PENDING A DECISION ON BB&B'S MOTION
      TO SUBSTITUTE ..............................................................................................15

CONCLUSION.................................................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11, 20 (2d Cir. 1997)..............................................................................12, 13, 15

*Allianz Global Inv'rs GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS),
2020 U.S. Dist. LEXIS 152191 (S.D.N.Y. Aug. 21, 2020).............................................11

*Celli v. First Nat'l Bank (In re Layo)*, 460 F.3d 289 (2d Cir. 2006) ............................................7

*In re Thompson*, 152 B.R. 24 (E.D.N.Y. 1993) ..............................................................................9

*In re Victory Mkts.*, 221 B.R. 298 (2d Cir. B.A.P. 1998) ..............................................................7

*iXL Enters. v. GE Capital Corp.*, 167 F. App'x 824 (2d Cir. 2006)............................................11

*Kassner v. 2nd Ave. Delicatessen*, No. 04 CV 7274 (GBD),
2005 U.S. Dist. LEXIS 7714 (S.D.N.Y. Apr. 27, 2005).................................................15

*Klein v. Qlik Techs., Inc.*, 906 F.3d 215 (2d Cir. 2018).........................................................passim

*Kreisberg v. HealthBridge Mgmt., LLC*, 732 F.3d 131 (2d Cir. 2013).......................................16

*Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129 (2d Cir. 1984) ....................................10, 11

*NCUA Bd. v. Deutsche Bank Nat'l Trust Co.*,
410 F. Supp. 3d 662 (S.D.N.Y. 2019)..............................................................................13

*NCUA Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243 (2d Cir. 2018) .......................................12, 13

*Pa. Pub. Sch. Emples'. Ret. Sys. v. Morgan Stanley & Co.*,
814 F.3d 641 (2d Cir. 2016)..............................................................................................14

*Pepper v. Litton*, 308 U.S. 295 (1939)........................................................................................10

*Police & Fire Ret. Sys. v. Ambac Fin. Group, Inc.
(In re Ambac Fin. Group, Inc.)*, No. 11 Civ. 7529 (NRB),
2011 U.S. Dist. LEXIS 149610 (S.D.N.Y. Dec. 28, 2011) .......................................10, 11

*Prager v. Sylvestri*, 449 F. Supp. 425 (S.D.N.Y. 1978)..............................................................12

*ResCap Liquidating Trust v. PHH Mortg. Corp. (In re Resident[i]al Capital, LLC)*,
558 B.R. 77 (S.D.N.Y. 2016)............................................................................................13

*Rodriguez v. Gusman*, 974 F.3d 108 (2d Cir. 2020) ...................................................................15

*United States v. $4,183,402.74 in U.S. Currency*, No. 22-cv-138 (GLS/TWD),
    2023 U.S. Dist. LEXIS 34575 (N.D.N.Y. Mar. 2, 2023)................................................. 13

*United States v. Davis*, No. 06 Cr. 911 (LBS),
    2009 U.S. Dist. LEXIS 19401 (S.D.N.Y. Mar. 11, 2009) ................................. 11

*United States v. Irving*, 554 F.3d 64 (2d Cir. 2009)...................................................... 11

## Statutes

11 U.S.C. § 101(5) ........................................................................................... 5, 7, 13

11 U.S.C. § 1141(a) ............................................................................................... 7

11 U.S.C. § 523(a)(3) ............................................................................................ 9

15 U.S.C. § 78p(b) ........................................................................................ passim

## Rules

Fed. R. Civ. P. 15(a) ..................................................................................... 12, 13

Fed. R. Civ. P. 17(a)(3) ................................................................................ passim

## Other Authorites

Second Amended Joint Chapter 11 Plan
    of Bed Bath & Beyond Inc. and its Debtor Affiliates............................... passim

Nominal Defendant Bed Bath & Beyond Inc., n/k/a 20230930-DK-Butterfly-1, Inc. ("BB&B"), respectfully submits this memorandum of law in support of its Motion for Substitution as Plaintiff and to Stay Consideration of the Amended Omnibus Motion to Dismiss.

## INTRODUCTION

Defendants Ryan Cohen and RC Ventures LLC (collectively, the "Cohen Defendants") allegedly realized more than $50 million in profit from well-timed trades in BB&B's equity securities in the run-up to its bankruptcy. *See, e.g.*, Dkt. 28 ¶ 66. Plaintiffs Todd Augenbaum and Judith Cohen (collectively, "Plaintiffs"), former stockholders of BB&B, seek to recover that profit. They brought these consolidated actions against the Cohen Defendants "in the name and in behalf" of BB&B under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

While BB&B agrees that it has meritorious claims against the Cohen Defendants under Section 16(b), Plaintiffs are no longer proper parties to pursue those claims. Their rights in this suit were extinguished under the plain terms of the Second Amended Joint Chapter 11 Plan of BB&B and its Debtor Affiliates (the "Plan"). *See* Decl. of James A. Hunter in Support of Motion ("Hunter Decl.") ex. A at 77-144.[1] The Plan expressly empowered the court-appointed Plan Administrator as BB&B's "exclusive" representative in litigation. *Id.* at 110. It vested in BB&B all of the debtor's property, including its Section 16(b) claim, "free and clear of all Liens, Claims, charges, or other encumbrances" of BB&B's stockholders. *Id.* at 107. And it compromised and released all "Claims" and "Causes of Action" against BB&B and its property — including Plaintiffs' contingent claims for attorneys' fees and incentive awards in this suit.

---

[1] Citations to court filings use the pagination in the ECF banner at the top of the document.

*See id.* at 127.  Whether BB&B is labeled a nominal defendant or the real party in interest, the result is the same: the Section 16(b) cause of action now belongs exclusively to BB&B, and the Plan Administrator is the only person authorized to assert that cause of action on BB&B's behalf.

The Court should substitute BB&B as plaintiff under Rule 17 and stay consideration of the pending motion to dismiss, which threatens to destroy BB&B's Section 16(b) rights.  Under Rule 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  The Second Circuit has relied on the rule to substitute the issuer as plaintiff in a Section 16(b) suit where, as here, the loss of the original plaintiff's stock brought on a standing challenge under Rule 12(b)(1).  *See Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 219 (2d Cir. 2018).

The Court should follow this precedent.  Fidelity to the terms of the Plan confirmed by the Bankruptcy Court requires BB&B's substitution as plaintiff so that it may pursue its cause of action free and clear of the claims and encumbrances of Plaintiffs' suit.  Substitution ensures that this suit continues to be prosecuted in the name of the real party in interest and that BB&B's valuable rights are not lost from the dismissal of Plaintiffs' claims.  And since the mootness argument made by the Cohen Defendants under Rule 12(b)(1) applies only to Plaintiffs and not BB&B, substitution avoids the constitutional questions presented in the Cohen Defendants' motion.  The Court should substitute BB&B as plaintiff and, pending that decision, stay consideration of the Cohen Defendants' Amended Omnibus Motion to Dismiss.

### STATEMENT OF FACTS

### A.    Procedural Background

These consolidated actions arise out of the Cohen Defendants' alleged trading in BB&B's equity securities between January and August 2022.  Plaintiff Augenbaum filed the action in

No. 22-cv-9327 on October 31, 2022, and Plaintiff Cohen filed the action in No. 22-cv-9733 on

November 15, 2022.  Both cases raised essentially the same Section 16(b) claim against the same

defendants, and Judge Gardephe consolidated the cases last December.  Dkt. 20.  The Cohen

Defendants' original omnibus motion to dismiss the Plaintiffs' complaints was fully briefed as of

April 7, 2023.  Dkts. 41-44.

When the Cohen Defendants first sought leave to move for dismissal, BB&B acquiesced,

asking the Court to "permit the filing of motions to dismiss the complaint."  Dkt. 19 at 1.  At that

time, BB&B was party to a Cooperation Agreement with the Cohen Defendants that forbad

BB&B to "assist in any lawsuit, claim or proceeding" against them.  Hunter Decl. ex. B § 13.

That Cooperation Agreement terminated according to its terms earlier this year.  *See id.* §§ 2(a),

14.

## B.    The Chapter 11 Petition

While the original omnibus motion to dismiss was pending, BB&B and its debtor

affiliates filed a joint Chapter 11 petition in the U.S. Bankruptcy Court for the District of

New Jersey.  Dkt. 50-1.  BB&B's bankruptcy schedules listed this litigation as one of the cases

in which its estate was interested.  *See* Hunter Decl. ex. C at 1100.

BB&B's former counsel in this suit filed a suggestion of bankruptcy with the Court on

April 25, 2023.  Dkt. 50.  The filing notified the parties of the automatic stay under

Section 362(a) of the Bankruptcy Code.  *See id.* at 2.  It admonished the parties that "any action

taken against the Debtors without obtaining from the Bankruptcy Court relief from the automatic

stay may be void *ab initio*."  *Id.*  It further admonished that BB&B "reserve[d] and retain[ed] all

rights to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in

violation of the automatic stay."  *Id.*

Plaintiff Augenbaum filed a response to the suggestion of bankruptcy on April 27, 2023, arguing that "the Bankruptcy Code's automatic stay provision is not applicable in the above-captioned action." Dkt. 51 at 1. Plaintiff Cohen joined that response a week later. Dkt. 53 at 1. No motions were filed, and no ruling was made on the parties' contentions concerning the suggestion of bankruptcy. Plaintiffs never sought relief from the automatic stay or took any other substantial action to protect their Section 16(b) rights in the Bankruptcy Court.[2] Based on a review of the public claims register maintained for the debtors by Kroll Restructuring Administration LLC, it appears that neither Plaintiffs nor their attorneys ever submitted a proof of claim for any attorneys' fees or incentive awards contingently claimed in this case.

## C.    Confirmation of the Plan

The Bankruptcy Court confirmed the Plan on September 14, 2023, and the Plan took effect on September 29. *See* Hunter Decl. ex. A at 1-3; *id.* ex. F at 2. The Bankruptcy Court's order confirming the Plan took pains to preserve BB&B's rights against the Cohen Defendants, stressing "**[f]or the avoidance of doubt**" that "**neither Ryan Cohen nor RC Ventures LLC are Released Parties or Exculpated Parties, and are therefore not subject to the protections set forth in Article X of the Plan.**" *Id.* ex. A at 54. As for Plaintiffs' rights, the Plan altered them in important respects.

*First*, the Plan provided that "all property of the Estates shall vest in the Wind-Down Debtors," including BB&B, "free and clear of all Liens, Claims, charges, or other encumbrances." *Id.* at 107. This property included the debtors' prepetition Causes of Action,

---

[2] Plaintiff Cohen refiled her Section 16(b) case as an adversary proceeding in bankruptcy in late April, but she voluntarily dismissed the case a few days later without joining issue. *See* Hunter Decl. exs. D, E. The adversary complaint alleged that the Section 16(b) claim against the Cohen Defendants was a "core proceeding pursuant to 28 U.S.C. §157(b)(2)(1)" within the jurisdiction of the Bankruptcy Court. *Id.* ex. D ¶ 4.

which "shall automatically vest in the Wind-Down Debtors." *Id.* at 109.  The Plan appointed the Plan Administrator to be "the sole representative of, and [to] act for, the Wind-Down Debtors." *Id.* at 108; *see also id.* at 17 (confirming the appointment of Michael Goldberg of Akerman LLP as Plan Administrator).  Under the Plan, BB&B and the Plan Administrator "may *exclusively* enforce any and all Causes of Action" and have "the *exclusive* right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment" the same.  *Id.* at 110 (emphasis added).[3]

*Second*, the Plan effected the "complete settlement, compromise, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever" against "the Debtors or any of their assets or properties." *Id.* at 127.  The Plan defined a "Claim" as a claim under Section 101(5) of the Bankruptcy Code, as well as "any Cause of Action or liability asserted against a Debtor." *Id.* at 84.  It defined "Causes of Action" to include any "controversy, demand, right," or "suit," whether "assertable directly or derivatively." *Id.* at 83. In bold letters, the Plan decreed that holders of these Claims and Causes of Action were "**permanently enjoined and precluded**" from "**commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities discharged, released, exculpated, or settled pursuant to the Plan.**" *Id.* at 131.

---

[3] While the Plan Administrator is given exclusive decisionmaking authority for BB&B, the Wind-Down Debtors retain the capacity to sue and be sued in their own names: "The Debtors or the Plan Administrator as applicable shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action . . . ." *Id.* at 110; *see also id.* at 109 ("[A]ll Causes of Action shall automatically vest in the Wind-Down Debtors . . . ."). The Plan invests the Plan Administrator in the "same fiduciary capacity as applicable to a president and chief executive officer." *Id.* at 108.

*Third*, the Plan cancelled Plaintiffs' stock in BB&B.  It provided that each share of stock in the prepetition corporation was "canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests."  *Id.* at 102-03.

**D.    The New Motion to Dismiss and This Motion To Substitute**

With the cancellation of Plaintiffs' stock in BB&B, the Cohen Defendants sought leave to file a motion to dismiss the case as moot under Rule 12(b)(1).  Dkt. 58.  In his last order before reassignment, Judge Gardephe denied the pending Rule 12(b)(6) motion as moot and directed the Cohen Defendants to file an amended motion addressing both their 12(b)(1) and 12(b)(6) grounds for dismissal.  Dkt. 61.  The Cohen Defendants' Amended Omnibus Motion to Dismiss the Complaints was filed on November 8, 2023.  Dkts. 64-66.

Following the confirmation of the Plan, the Plan Administrator, exercising his exclusive authority to direct the litigation of BB&B's Section 16(b) rights, hired undersigned counsel to represent BB&B in this case.  *See* Decl. of Michael I. Goldberg ¶¶ 7-8 (Dec. 6, 2023).  On November 22, 2023, BB&B announced its intention to move for substitution as plaintiff.  Dkt. 72.  The Court ordered BB&B to file its motion by December 6, 2023, which BB&B today has timely filed.

## ARGUMENT

The Court should grant BB&B's motion and substitute it as plaintiff.  The plain terms of the Plan confirmed by the Bankruptcy Court extinguished Plaintiffs' rights to continue these Section 16(b) cases, leaving the Plan Administrator as the sole representative empowered to litigate on BB&B's behalf.  As the real party in interest, BB&B is entitled to substitution under Rule 17(a)(3), which provides that the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been

allowed for the real party in interest to ratify, join, or be substituted into the action." The Second

Circuit has held that the rule allows substitution of the issuer as plaintiff in a Section 16(b) case

when the derivative stockholder's own standing has been threatened following the loss of his

stock. *See Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 219 (2d Cir. 2018). To honor the rule's

terms and avoid the constitutional questions posed by the Cohen Defendants' motion under

Rule 12(b)(1), the Court should stay consideration of the amended omnibus motion to dismiss

pending a decision on BB&B's motion to substitute.

## I.       BB&B SHOULD BE SUBSTITUTED AS PLAINTIFF

### A.       The Plain Terms of the Plan Extinguished Plaintiffs' Rights in This Suit, Leaving BB&B and the Plan Administrator as the Only Proper Plaintiffs

A Chapter 11 plan, once confirmed, binds the debtor, its creditors, and its stockholders.

*See* 11 U.S.C. § 1141(a); *Celli v. First Nat'l Bank (In re Layo)*, 460 F.3d 289, 294 (2d Cir. 2006).

The terms of the plan have the status of a contract between the debtor and its investors, which

courts outside bankruptcy are not at liberty to vary. *See In re Victory Mkts.*, 221 B.R. 298, 303

(2d Cir. B.A.P. 1998). As with any contract, the Plan must be interpreted according to its plain

terms, which control if unambiguous. *See id.* ("Where the language of the plan is unequivocal,

therefore, a Court must adopt the plain and natural meaning only of the words contained within

the text of the instrument itself.").

The plain and unambiguous terms of the Plan extinguished Plaintiffs' rights in this case.

While Plaintiffs purport to bring these actions "in the name and in behalf" of BB&B, 15 U.S.C.

§ 78p(b), their complaints necessarily entail "Claims" and "Causes of Action" against BB&B as

well as the Cohen Defendants. The Plan defines a Claim as "a claim, as defined in section

101(5) of the Bankruptcy Code, and any Cause of Action or liability asserted against a Debtor."

Hunter Decl. ex. A at 84. These "Causes of Action" include any "action," as well as any "cause

of action, controversy, demand, right," or "suit," regardless of whether the claim is "assertable directly or derivatively." *Id.* at 83.

Plaintiffs' actions raise "Claims" and "Causes of Action" against BB&B within the plain meaning of those terms. Plaintiffs claim attorneys' fees, costs, and expenses out of BB&B's recovery. Dkt. 28 at 19; Dkt. 60 at 2. They claim an incentive award from that same recovery. Dkt. 59 at 1-2; Dkt. 60 at 2. Their actions perfect the pre-suit "demand" they made on BB&B. *See* Dkt. 1 ¶ 32, Dkt. 28 ¶¶ 6, 67. Not only are Plaintiffs' "suit[s]" nominally filed against BB&B (Plaintiffs named BB&B as a nominal defendant), but those suits encumber BB&B's substantive rights. Plaintiffs currently face a motion under Rules 12(b)(1) and 12(b)(6) that, if successful, will result in the dismissal of BB&B's Section 16(b) claim, possibly with prejudice, and possibly with collateral estoppel. *See* Dkts. 64-66; Dkt. 69 at 2 ¶ 6.

The plain terms of the Plan extinguished these Claims and Causes of Action against BB&B. By its terms, the Plan worked a "complete settlement, compromise, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever" against the debtors or their property. Hunter Decl. ex. A at 127. These Claims, Interests, and Causes of Action are settled, compromised, and released regardless of whether a proof of claim was filed, regardless of whether the Claim or Interest was allowed, and regardless of whether the holder of the Claim or Interest accepted the Plan. *See id.* In bold lettering, the Plan decrees that the holders of these Claims, Interests, and Causes of Action against the debtors are "**permanently enjoined and precluded**" from "**commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities discharged, released, exculpated, or settled pursuant to the Plan.**" *Id.* at 131.

Both Plaintiffs' claims were discharged under the Plan.  The schedules filed with the Bankruptcy Court list Plaintiff Cohen's claim in black and white.  *See id.* ex. C at 421.  The claim is scheduled as contingent, unliquidated, and disputed.  *See id.*  No proof of claim was filed for that claim, and the adversary proceeding Plaintiff Cohen brought to prosecute it was voluntarily dismissed less than a week after it was filed.  *See id.* exs. D, E.  The plain terms of the Plan expunged that claim:

> Any Claim or Interest that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim is or has been timely Filed, *is not considered Allowed and shall be expunged without further action* by the Debtors and without further notice to any party or action, approval, or order of the Bankruptcy Court.

*Id.* ex. A at 82 (emphasis added).

Plaintiff Augenbaum's claim was not scheduled, possibly because Plaintiff Augenbaum, unlike Plaintiff Cohen, never brought an adversary proceeding in BB&B's bankruptcy.  No proof of claim was filed for Plaintiff Augenbaum's claim either.  The plain terms of the Plan disallowed that claim:

> "*Disallowed*" means, with respect to any Claim, a Claim or any portion thereof that . . . (c) is not Scheduled and as to which no Proof of Claim or request for payment of an Administrative Claim has been timely Filed or deemed timely Filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely Filed under applicable law or the Plan.

*Id.* at 86.  That Plaintiff Augenbaum's claim was unscheduled is inconsequential, since the law makes no exception for unscheduled debts if the creditor had actual knowledge of the bankruptcy and sufficient time to file a proof of claim.  *See* 11 U.S.C. § 523(a)(3), *cited in In re Thompson*, 152 B.R. 24, 26 n.1 (E.D.N.Y. 1993).  Plaintiff Augenbaum has had actual notice of BB&B's bankruptcy since at least April 2023, well in advance of the July 7 bar date.  *See* Dkt. 50.

Whereas Plaintiffs purport to bring their suit "in the name and in behalf" of BB&B, 15 U.S.C. § 78p(b), the plain terms of the Plan make clear that only the Plan Administrator has the power to act on BB&B's behalf.  The Plan designates the Plan Administrator as "the sole representative" of BB&B with the "exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment" any Causes of Action on its behalf.  Hunter Decl. ex. A at 108, 110.  Those Causes of Action expressly include causes of action "assertable . . . derivatively." *Id.* at 83.  The continuation of this suit by Plaintiffs cannot be squared with these plain terms.

The Plan's divestment of Plaintiffs' rights in this suit comports with the case law.  Courts have repeatedly held that the debtor's fiduciary assumes in bankruptcy any rights previously wielded derivatively by the debtor's stockholders.  *See Pepper v. Litton*, 308 U.S. 295, 307 (1939) ("While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee." (footnote omitted)); *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984) ("[T]he trustee succeeded to any right of action that the debtor corporation may have had to recover damages — either directly or by means of a derivative action — for the violation of fiduciary duty by officers or directors."); *Police & Fire Ret. Sys. v. Ambac Fin. Group, Inc. (In re Ambac Fin. Group, Inc.)*, No. 11 Civ. 7529 (NRB), 2011 U.S. Dist. LEXIS 149610, at *8 (S.D.N.Y. Dec. 28, 2011) ("Any derivative claims held by individual shareholders therefore accrued to Ambac, in its role as debtor-in-possession, upon the filing of the bankruptcy petition."), *aff'd*, 487 F. App'x 663 (2d Cir. 2012).  Under this abundant authority, the Plan Administrator would have the exclusive power to prosecute these suits even if the Plan were silent on that point.

The only appellate decision to define the extent of the stockholder's Section 16(b) right in bankruptcy confirms that Plaintiffs' rights in these actions have terminated.  *See iXL Enters. v. GE Capital Corp.*, 167 F. App'x 824 (2d Cir. 2006) (summary order).[4]  The District Court in *iXL* had granted a motion to substitute the issuer as plaintiff in place of its stockholder.  The stockholder appealed, but the Second Circuit affirmed.  After observing that "nothing in Section 16(b) precludes substitution," *id.* at 826, the Second Circuit went on to hold that substitution was *required*:

> Under Section 541 of the Bankruptcy Code, the cause of action to recover short-swing profits became the exclusive "property" of the debtor-in-possession (*i.e.*, iXL) at the moment iXL filed for bankruptcy protection.  At that moment, Rosenberg, as one of iXL's creditors, was stripped of all his rights to that property.  As our decision in [*Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129 (2d Cir. 1984)] clearly held, this precluded Rosenberg from continuing to pursue his derivative action without receiving permission from the bankruptcy court.

*Id.* at 827 n.2 (citation omitted).  There is no evidence in the bankruptcy docket that Plaintiffs ever sought leave of the Bankruptcy Court to continue prosecuting this case.  As in *iXL*, their "derivative action" now belongs exclusively to BB&B.

---

[4] While Second Circuit rules bar citation of pre-2007 summary orders in filings before that court, this Court has cited such orders not infrequently.  *See, e.g., Allianz Global Inv'rs GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS), 2020 U.S. Dist. LEXIS 152191, at *71 (S.D.N.Y. Aug. 21, 2020) (citing *Kilcullen v. N.Y. Dep't of Transp.*, 55 F. App'x 583, 584-85 (2d Cir. 2003)); *United States v. Davis*, No. 06 Cr. 911 (LBS), 2009 U.S. Dist. LEXIS 19401, at *25 & n.8 (S.D.N.Y. Mar. 11, 2009) ("Although *Guzman* was decided by nonprecedential summary order, the Court nevertheless finds the case persuasive because of the similarity in factual circumstances between this case and *Guzman*." (citing and discussing *United States v. Guzman*, 7 F. App'x 45 (2d Cir. 2001))).  The summary order in *iXL* was itself cited in this Court's decision in *Ambac*.  *See* 2011 U.S. Dist. LEXIS 149610, at *8 (citing *iXL*, 167 F. App'x at 826).  Like the *Ambac* Court, we cite the Second Circuit's opinion in *iXL* not as binding precedent but as a persuasive analysis of the law on analogous facts.  *See United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) ("[D]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases . . . ." (internal quotation marks omitted, alteration added)).

**B.      Rule 17(a)(3) Entitles BB&B to Be Substituted as Plaintiff**

Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3). The purpose of the rule is "[t]o avoid forfeitures of just claims."  Fed. R. Civ. P. 15 advisory comm. note.  By its terms, the rule allows a motion to be denied as untimely only if the movant fails to file within "a reasonable time" after a standing objection.  *NCUA Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018).  Otherwise, motions under Rule 17(a) "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997); *see also Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 218 (2d Cir. 2018) ("Rule 17(a)(3) allows substitution of the real party in interest so long as doing so does not change the substance of the action and does not reflect bad faith from the plaintiffs or unfairness to the defendants.  There is no 'honest mistake' requirement beyond that.").

BB&B's motion satisfies these standards and should be granted.  It is undeniable that BB&B, as issuer of the equity securities allegedly traded by the Cohen Defendants, is a proper plaintiff in this case.  The statute confers an express private right of action on the issuer.  *See* 15 U.S.C. § 78p(b) ("Suit to recover such profit may be instituted . . . by the issuer . . . .").  The profit sought "shall inure to and be recoverable by the issuer."  *Id.*  And even when suit is brought by a securityholder of the issuer, the issuer remains "able to protect its interests by intervening into the action, if it so chooses."  *Prager v. Sylvestri*, 449 F. Supp. 425, 429 (S.D.N.Y. 1978).  For purposes of Rule 17, the "real party in interest" is the issuer.  *See Klein*, 906 F.3d at 226.

The substitution of BB&B as plaintiff is a "merely formal" change in the alignment of the parties.  BB&B intends to pursue the same Section 16(b) claim against the same defendants.[5] The Cohen Defendants had ample notice of these claims and will not be prejudiced by the substitution.  Nor will Plaintiffs be prejudiced, since they were never entitled to receive the recovery, which was always earmarked for BB&B no matter who pursued the case.  The loss of Plaintiffs' claims for attorneys' fees and incentive awards does not prejudice them either.  Those contingent claims against BB&B were extinguished by the Plan, *see supra* Section I.A, and could not be paid even if the motion for substitution were denied.[6]  It is doubtful in any event whether the loss of an opportunity to seek attorney's fees and incentive awards qualifies as cognizable prejudice.  *Cf., e.g.*, *United States v. $4,183,402.74 in U.S. Currency*, No. 22-cv-138 (GLS/TWD), 2023 U.S. Dist. LEXIS 34575, at *14 (N.D.N.Y. Mar. 2, 2023) ("Ross's inability

---

[5] If BB&B is substituted as plaintiff, it will seek leave to file an amended complaint. That motion may be heard separately under Rule 15(a) and is not a basis for denying the "merely formal" substitution of BB&B as plaintiff under Rule 17(a).  This Court has endorsed the "'two-prong maneuver'" of seeking substitution under Rule 17(a) separately from leave to amend the pleading under Rule 15(a).  *NCUA Bd. v. Deutsche Bank Nat'l Trust Co.*, 410 F. Supp. 3d 662, 677-78 (S.D.N.Y. 2019) (quoting *U.S. Bank.*, 898 F.3d at 251); *see also Advanced Magnetics*, 106 F.3d at 19 ("The history of the Rules makes clear not only that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs, but that in this regard Rule 17(a) is implicated as well . . . .").

[6] Plaintiffs' claims for attorneys' fees, expenses, and incentive awards were obviously contingent claims against BB&B's estate within the meaning of the Bankruptcy Code and the Plan.  *See* 11 U.S.C. § 101(5)(A) (defining a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"); Hunter Decl. ex. A at 84 (defining a "Claim" as, among other things, "a claim, as defined in section 101(5) of the Bankruptcy Code").  This Court has held that contingent claims for attorneys' fees are like any other prepetition claim and will be discharged unless proved in bankruptcy.  *See ResCap Liquidating Trust v. PHH Mortg. Corp. (In re Resident[i]al Capital, LLC)*, 558 B.R. 77, 86-87 (S.D.N.Y. 2016).  Because Plaintiffs' claims for attorneys' fees, expenses, and incentive awards were extinguished under the Plan, BB&B reserves the right to seek an order of the Bankruptcy Court enjoining any application for such awards.  If Plaintiffs are permitted to continue prosecuting this case, they will need to do so at their own expense.

to seek attorney's fees does not constitute plain legal prejudice so as to render a dismissal without prejudice inappropriate.").  Grants of attorney's fees and incentive awards are intended to promote worthwhile litigation, not the other way around.

BB&B moved to seek substitution within a reasonable time after the Cohen Defendants raised their standing objections.  The Plan Administrator's appointment became effective on September 29, 2023, and BB&B announced its intention to intervene in this action less than sixty days later, on November 22.  Dkt. 72.  Sixty days was a presumptively reasonable time for the Plan Administrator to investigate and act on a Section 16(b) claim, since that is the same time period allowed to issuers by Congress.  *See* 15 U.S.C. § 78p(b) (conferring standing on the stockholder only if "the issuer shall fail or refuse to bring such suit within sixty days after request").  BB&B's pre-motion letter was also filed by the deadline for responses to the Cohen Defendants' motion to dismiss, ensuring that the Court did not needlessly expend resources deciding the motion before entertaining BB&B's substitution.  *Cf. Pa. Pub. Sch. Emples'. Ret. Sys. v. Morgan Stanley & Co.*, 814 F.3d 641, 643 (2d Cir. 2016) (per curiam) (affirming denial of a Rule 17(a) motion made "after summary judgment was entered against [the movant] and even after the filing of its motion to reconsider").

The Second Circuit has relied on Rule 17(a)(3) as authority for the substitution of an issuer whose Section 16(b) rights faced dismissal for lack of standing.  *See Klein*, 906 F.3d 215. The issuer in *Klein* was bought out midway through the case, "resulting both in [plaintiff] losing her interest in the litigation and [the issuer] changing its corporate mind about whether to litigate on its own behalf."  *Id.* at 226.  Rather than consign the case to dismissal under Rule 12(b)(1), the Second Circuit relied on Rule 17 to allow the issuer to be substituted as plaintiff.  *See id.*

("Ensuring that an otherwise proper suit is not dismissed for want of a proper party when that party is ready and willing to join the fray is the very purpose of Rule 17(a)(3).").

Rule 17(a)(3) thus provides a procedural vehicle for accomplishing the substitution of BB&B pursuant to the Plan, but it also provides an independent basis for substitution. The rule was intended for just this sort of situation, where the interests of the real party in interest are threatened only because another party has been named in its place. *See Klein*, 906 F.3d at 226. With the discharge of its prepetition management, BB&B has "chang[ed] its corporate mind about whether to litigate," and now stands "ready and willing to join the fray" to prevent dismissal of its claim. *Id.* Whether or not the Court agrees that the Plan forecloses Plaintiffs' right to continue this suit, it should substitute BB&B as plaintiff in their place.

## II.     THE COURT SHOULD STAY CONSIDERATION OF THE MOTION TO DISMISS PENDING A DECISION ON BB&B'S MOTION TO SUBSTITUTE

The Court has inherent authority to manage its docket and may stay proceedings as an incident of that authority. *See, e.g.*, *Rodriguez v. Gusman*, 974 F.3d 108, 113 (2d Cir. 2020). It should exercise that power to stay consideration of the Cohen Defendants' motion to dismiss pending a decision on BB&B's motion to substitute. Rule 17 requires that "a reasonable time [be] allowed" for substitution of the real party in interest before dismissal. Fed. R. Civ. P. 17(a)(3). Accordingly, decisions in this circuit have recognized the priority that a motion for substitution enjoys over a motion to dismiss. *See Advanced Magnetics*, 106 F.3d at 20 ("[T]here plainly should be no dismissal where substitution of the real party in interest is necessary to avoid injustice." (internal quotation marks omitted)); *Kassner v. 2nd Ave. Delicatessen*, No. 04 CV 7274 (GBD), 2005 U.S. Dist. LEXIS 7714, at *12-*13 (S.D.N.Y. Apr. 27, 2005) ("Instead of dismissing the debtor's case, it is generally preferable to permit the bankruptcy trustee to be substituted, as the named plaintiff, in place of the debtor.").

Staying consideration of the motion to dismiss is especially prudent in light of the constitutional questions the motion raises.  The Cohen Defendants contend that the loss of Plaintiffs' financial interest in this litigation moots the case under Article III.  *See* Dkt. 65 at 11-15.  As the issuer entitled to any recovery, BB&B is invulnerable to that defense, *see Klein*, 906 F.3d at 225-26, so its substitution would moot the constitutional issue.  Where a dispute admits of alternative paths to resolution, federal courts generally favor the path that avoids a constitutional question.  *See, e.g.*, *Kreisberg v. HealthBridge Mgmt., LLC*, 732 F.3d 131, 138 (2d Cir. 2013).  The path of constitutional avoidance here runs through BB&B's motion to substitute. The Court should take that path and stay consideration of the motion to dismiss pending a decision on BB&B's motion.

## CONCLUSION

The Court should grant BB&B's motion for substitution as plaintiff and, pending that decision, stay consideration of the Cohen Defendants' motion to dismiss.

Dated:  December 6, 2023

Respectfully submitted,

/s/ James A. Hunter
James A. Hunter
LAW OFFICE OF JAMES A.
    HUNTER
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA  19428
Phone: +1 (484) 437-5935
Email: hunter@hunterkmiec.com

*Counsel for Nominal Defendant Bed
    Bath & Beyond Inc. (n/k/a
    20230930-DK-Butterfly-1, Inc.)*

/s/ Joseph S. Allerhand
Joseph S. Allerhand
ALLERHAND & ODONER LLP
420 Lexington Avenue
Suite 2818
New York, NY  10170
Phone: +1 (646) 693-0550
Email: joseph@allerhand-odoner.com

*Counsel for Nominal Defendant Bed
    Bath & Beyond Inc. (n/k/a
    20230930-DK-Butterfly-1, Inc.)*