**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BED BATH & BEYOND INC. SECTION 16(b) LITIGATION | Case No. 1:22-cv-09327-DEH |
| This document relates to:<br><br>*Augenbaum v. RC Ventures LLC et al.*,<br>      Case No. 1:22-cv-09327-DEH | |

**PLAINTIFF TODD AUGENBAUM'S MEMORANDUM OF LAW IN OPPOSITION TO
RC VENTURES LLC AND RYAN COHEN'S MOTION TO DISMISS**

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jeffrey S. Abraham
Michael J. Klein
450 7th Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
Email:  jabraham@aftlaw.com
             mklein@aftlaw.com

*Counsel for Plaintiff Todd Augenbaum*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

A. BBBY CANNOT DEMONSTRATE THE PREJUDICE NECESSARY FOR RULE 17(a)(3) RELIEF AS IT IS ABLE TO FILE ITS OWN TIMELY COMPLAINT ........................................................................................................ 2

B. BBBY'S CONTENTIONS THAT PLAINTIFF AUGENBAUM LACKS STANDING TO PURSUE A §16(b) CLAIM ARE NOT PROPERLY RAISED ON THIS MOTION AND, IN ANY EVENT, LACK MERIT ......................................... 4

C. BBBY'S CONDUCT ALSO COUNSELS AGAINST ALLOWING IT TO CONTROL THIS LAWSUIT ............................................................................... 8

CONCLUSION ................................................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Cases**

*Boeing v. Van Gemert,*
    444 U.S. 472 (1980) .................................................................................................... 7

*Cortlandt St. Recovery Corp. v. Hellas Telcomm.,*
    790 F.3d 411 (2d Cir. 2015) ........................................................................................ 2

*In re XO Commc'ns, Inc.,*
    330 B.R. 394 (Bankr. S.D.N.Y. 2005) ................................................................. 4, 5, 6

*iXL Enters. v. GE Capital Corp.,*
    167 F. App'x 824 (2d Cir. 2006) .............................................................................. 3, 5

*Klein v. Qlik Techs., Inc.,*
    906 F.3d 215 (2d Cir. 2018) ........................................................................................ 3

*Penske Media Corp. v. Shutterstock, Inc.,*
    548 F. Supp. 3d 370 (S.D.N.Y. 2021) ......................................................................... 6

*Price v. Cushman & Wakefield, Inc.,*
    808 F. Supp. 2d 670 (S.D.N.Y. 2011) ......................................................................... 3

*Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC,*
    286 F. Supp. 2d 279 (S.D.N.Y. 2003) .............................................................. 4, 5, 6, 7

*Smolowe v. Delendo Corp.,*
    136 F.2d 231 (2d Cir. 1943) ........................................................................................ 7

*United States v. Hatfield,*
    795 F. Supp. 2d 219 (E.D.N.Y. 2011) ......................................................................... 3

**Statutes, Rules & Regulations**

11 U.S.C. §541 ........................................................................................................... 5, 6

15 U.S.C. §78p(b) .................................................................................................. passim

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1, 2, 4

Fed. R. Civ. P. 17(a)(3) ............................................................................................ passim

**Other Authorities**

6A C. Wright, A. Miller, & E. Cooper,
    *Federal Practice and Procedure* §1555 (3d ed. 2014) ................................................. 2

Plaintiff Todd Augenbaum, by his undersigned counsel, respectfully submits this memorandum of law in opposition to the motion of Bed Bath & Beyond, Inc. ("BBBY" or the "Company") to substitute as Plaintiff pursuant to Fed. R. Civ. P. 17 (a)(3) and stay consideration of the pending motions to dismiss.

**INTRODUCTION**

BBBY's motion lacks merit because Rule 17(a)(3) is only designed to prevent any injustice which would arise from dismissal of a case where the plaintiff lacks proper standing. Here, however, no such injustice exists because, as Plaintiff Augenbaum previously explained in responding to the Rule 12(b)(1) motion made by defendant RC Ventures LLC ("RCV" or RC Ventures"), he continues to have standing to pursue a claim against RCV for violating Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b). *See* ECF No. 73 at 21-23. Moreover, even assuming *arguendo* that Plaintiff Augenbaum lacks standing – which is not the case – BBBY can still file its own timely Section 16(b) claim against RCV because it has been less than two years since RC Ventures realized profits from its short-swing trading in BBBY securities.

BBBY's request for a stay of proceedings should also be denied because the relevant issues have been thoroughly briefed and the Company does not explain whether and, if so, how, it would address the issues differently or how it could be prejudiced by the Court deciding the issues. Indeed, notwithstanding its previous commitment in a procedurally inappropriate November 22, 2023 letter to the Court, BBBY has yet to file any proposed superseding amended complaint or, for that matter, its own complaint. Instead, it appears that the primary motivation for the Company's various procedural machinations is to deprive Plaintiff Augenbaum's counsel of any attorneys' fees for any result which may be achieved in this action. Although that issue is not yet ripe for decision, Plaintiff Augenbaum notes that any claim for attorneys' fees which may be

1

awarded in the future would constitute an equitable claim against the fund created by the §16(b) claim rather than one against BBBY.

## ARGUMENT

Rule 17(a)(3) prohibits a court from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); *Cortlandt St. Recovery Corp. v. Hellas Telcomm.*, 790 F.3d 411, 420 (2d Cir. 2015) (quoting Fed. R. Civ. P. 17 (a)(3)). The purpose of Rule 17(a)(3) is "to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." *Cortlandt St. Recovery Corp.*, *supra* (quoting 6A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* §1555 (3d ed. 2014)).

Here, those concerns are not present because (a) the §16(b) claims being asserted are still timely and the Company would, therefore, not suffer any injury from filing its own complaint; and (b) Plaintiff Augenbaum continues to have standing to pursue the §16(b) claims he is asserting, particularly given the Company's initial hostile reaction to the claim and its subsequent dilatory conduct. Moreover, the Company is poorly positioned to prosecute the §16(b) claim because its prior statements demeaning the claim carry the potential of crippling the prosecution of this action.

**A.   BBBY CANNOT DEMONSTRATE THE PREJUDICE NECESSARY FOR RULE 17(a)(3) RELIEF AS IT IS ABLE TO FILE ITS OWN TIMELY COMPLAINT**

The limitations period for a Section 16(b) claim is "two years after the date such profit was realized." 15 U.S.C. §78p(b). Here, RCV is alleged to have realized its short swing profits on August 16-17, 2022 (Complaint (ECF No. 1) ¶23), which is less than two years ago. Therefore, even assuming, *arguendo*, that RCV succeeds on its pending Rule 12(b)(1) motion against Plaintiff

2

Augenbaum, the Company could avoid any theoretical prejudice to its economic interest by filing its own timely Section 16(b) action. Therefore, the Rule 17(a)(3) motion cannot be granted.

*Klein v. Qlik Techs., Inc.*, 906 F.3d 215 (2d Cir. 2018), upon which the Company relies, is not on point. Instead, in *Klein* the shareholder plaintiff unquestionably had lost standing to pursue the §16(b) claims and the lawsuit "ha[d] gone on long enough that if Qlik were to bring a new suit on these claims, the [defendant] would have a statute of limitations defense." *Id*. at 226. Here, in contrast, BBBY could still timely assert a §16(b) claim.

*iXL Enterprises, Inc. v. GE Capital Corp.*, 167 F. App'x 824 (2d Cir. 2006), the other case upon which BBBY relies, is similarly inapposite to the case at Bar because the substitution of the company as the party plaintiff was initially unopposed. Otherwise, *iXL Enterprises* holds in a decision which is unremarkable given the Second Circuit's subsequent decision in *Qlik* that "nothing in Section 16(b) precludes substitution" and that a corporate debtor in possession is a party which may substitute in as a plaintiff in a §16(b) action. *Id.* at 826. However, nothing in *iXL Enterprises* holds, as BBBY now claims, that such a substitution is "*required.*" BBBY Memo. at 11 (emphasis in original).

BBBY's reliance on *iXL Enterprises* is also highly problematic because it is a non-precedential decision not properly cited here. "Local Rule 32.1.1(b)(2) for the Second Circuit provides that 'a party may not cite a summary order of this court issued prior to January 1, 2007,' except in a subsequent stage of a case in which the summary order has been entered, or when cited as subsequent history." *Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 708 (S.D.N.Y. 2011); *see also United States v. Hatfield*, 795 F. Supp. 2d 219, 230 (E.D.N.Y. 2011) ("[t]his Court has never really understood the Second Circuit's refusal to let parties cite pre-2007 summary orders as even persuasive authority. But the Court must respect the Second Circuit's wishes.").

3

**B.  BBBY'S CONTENTIONS THAT PLAINTIFF AUGENBAUM LACKS STANDING TO PURSUE A §16(b) CLAIM ARE NOT PROPERLY RAISED ON THIS MOTION AND, IN ANY EVENT, LACK MERIT**

BBBY's motion assumes that Plaintiff Augenbaum lacks standing to pursue the §16(b) claim asserted in this action. However, that issue, which was raised in a Rule 12(b)(1) motion previously made by RCV pursuant to a schedule set by Judge Gardephe on October 25, 2023 (ECF No. 61), has been fully briefed. *See* ECF Nos. 64-66, 73-76, 79. BBBY fails to explain how any provision of Rule 17(a)(3) allows the Court to avoid deciding RCV's Rule 12(b)(1) motion by allowing substitution *before* determining that Plaintiff Augenbaum lacks standing. BBBY chose not to participate in that briefing outside of its procedurally inappropriate November 22, 2023 letter to the Court. ECF Nos. 72, 78.

*Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC*, 286 F. Supp. 2d 279 (S.D.N.Y. 2003), in any event, which Plaintiff Augenbaum previously cited as being on point with respect to the bankruptcy automatic stay issue (*see* ECF No. 51), continues to be on point. There, Judge Marrero considered this very issue of whether a Section 16(b) claim brought by the plaintiff was "'property of the [bankruptcy] estate,' which is defined in § 541 of the Bankruptcy Code as including 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" 286 F. Supp. 2d at 281. In doing so, *Schaeffer* carefully explained the distinction between the plaintiff who possesses the claim, on the one hand, and the bankruptcy estate which receives the benefit of that claim, on the other hand. Accordingly, when, on April 7, 2023, the Company refused to bring the §16(b) claim on its own behalf (ECF No. 43-7), ownership and control of the claim passed to Plaintiff Augenbaum. *See* ECF No. 1 at 33.

*In re XO Commc'ns, Inc.* similarly addressed the "threshold issue [of] whether liability under the Section 16(b) Action belonged to the Debtor, such that it was subject to the Debtor's Release." 330 B.R. 394, 427 (Bankr. S.D.N.Y. 2005). *XO Communications* held that a §16(b)

4

claim "is not a right that is secondary or derivative from that of the corporation, but is a statutory enabling right directly empowering an issuer's security holder to sue." *Id.* at 430. As a result, the Debtors here had no right to release Plaintiff Augenbaum's claim. *Id.* at 431.

*XO Communications* further recognized the that "a Section 16(b) cause of action brought by a security holder after an issuing corporation refuses upon demand to pursue the action does not simply revert to the corporation's estate upon its filing of bankruptcy." *Id.* at 430. Instead, "although under Section 541 the proceeds, or right thereto, of the Section 16(b) Action are property of the estate, ***the cause of action itself is not property of the estate***." *Id.* (emphasis added).

*iXL Enterprises*, upon which BBBY relies, is a non-precedential decision which may not be properly cited. *See* Point A, *supra*. The Company, in a footnote, offers an excuse that "we cite the Second Circuit's decision in *iXL Enterprises* not as binding precedent but as a persuasive analysis of the law on analogous facts." BBBY Memo. at 11 n.4. However, that is not correct as *iXL Enterprises* only considered a motion to vacate an order of substitution which had previously gone uncontested for five months. *Id*. at 826. As a result, *iXL Enterprises* held that it "was not an abuse of discretion to determine that *these circumstances* did not qualify as sufficiently 'extraordinary' to warrant relief under Rule 60(b)(6)." *Id.*at 827. The plaintiff in *iXL Enterprises* being precluded from bringing a §16(b) action was a function of his already having been substituted out from his role as the party plaintiff in the action and *not* something mandated by Section 541 of the Bankruptcy Code as persuasively demonstrated by the decisions in both *Schaffer* and *XO Communications.*

Equally infirm is BBBY's assertion that Plaintiff Augenbaum's §16(b) claim was released by the Bankruptcy Plan because it constitutes a claim asserted against the Debtor, *i.e.*, the Company, or its property. BBBY Memo. at 1, 4-6. Instead, Plaintiff Augenbaum only seeks to

5

recover short-swing profits from RC Ventures. *See* ECF No. 1, ¶27. The Company asserts that property of the Estates automatically vested in the Wind-Down Debtors (BBBY Memo. at 4-5),[1] but each of its arguments is demonstrably wrong. BBBY's contention that Plaintiff Augenbaum's unscheduled claim here "necessarily entail[s] 'Claims' and 'Causes of Action' against [it]" (BBBY Memo. at 7) floats in thin air because it fails to offer any citation to any actual allegation in Plaintiff Augenbaum's complaint. Instead, as noted just above, ¶27 of Plaintiff Augenbaum's complaint is pellucid that the only claim or cause of action brought therein is against RCV and does not make any claim or assert any cause of action against BBBY. Accordingly, based on the plain language of the Plan, which the Company concedes controls if it is unambiguous (BBBY Memo. at 7), the claims asserted by Plaintiff Augenbaum were never released.

In fact, while BBBY contends that Mr. Augenbaum's claim was "discharged under the Plan" (BBBY Memo. at 9) it is forced to acknowledge that the claim in this lawsuit was not scheduled as being released in bankruptcy. BBBY Memo. at 9. Although the Company offers some speculation as to why that happened (*id.*), the better answer is that the Debtors, despite knowing of Plaintiff Augenbaum's §16(b) claim, did not believe that it was part of their Estate at the time the Plan was filed. Instead, the Plan defined "Estate" as coextensive with section 541 of the Bankruptcy Code (ECF No. 85-1, p.88/145, ¶64) and, as *Schaffer* and *XO Communications* explain, Plaintiff Augenbaum's claim falls outside of that unambiguous statutory definition.[2]

---

[1] Capitalized terms undefined herein are defined in the order confirming the Company's bankruptcy plan (ECF No. 85-1).

[2] BBBY's failure to demonstrate Plaintiff Augenbaum's claim is part of the Estate in its initial filing is fatal to its motion, even if it could find authorities supporting its position on reply. *See Penske Media Corp. v. Shutterstock, Inc.*, 548 F. Supp. 3d 370, 381 (S.D.N.Y. 2021) (arguments assumed but not developed in an opening memorandum are waived).

Plaintiff Augenbaum's §16(b) claim not being property of BBBY's bankruptcy estate is also embedded in the Court's prior ruling declining the Company's prior effort to stay this action. Specifically, on April 25, 2023, after BBBY filed a Suggestion of Bankruptcy and Automatic Stay of Proceedings (ECF No. 50), Plaintiff Augenbaum responded by contending that the "hybrid right under Section 16(b), which belongs to shareholders but inures to and is recoverable by the issuer" is not property of a bankruptcy estate and challenged any party to show why the automatic stay of proceedings should apply.  ECF No. 51 at 2 (citing *Schaffer, supra*).  Judge Gardephe then ordered "[a]ny party disputing Plaintiff Augenbaum's letter [to] file its response by May 5, 2023."  ECF No. 52.  As the docket reflects, the Company filed no response to Augenbaum's filing and Judge Gardephe declined to stay the case.  In doing so, the Court adopted Plaintiff Augenbaum's unchallenged position that his §16(b) claim is, in fact, *not* property of the bankruptcy estate.

BBBY tries to avoid the Bankruptcy Plan release not implicating Plaintiff Augenbaum's §16(b) claims against RC Ventures by arguing that the Claim or Cause of Action released is for the attorneys' fees which would be payable from any recovery achieved from RC Ventures. However, that argument also fails because any claim for attorneys' fees which may arise in the future based upon a successful recovery, would *not* be against BBBY.  Instead, any request for attorneys' fees would constitute an equitable claim made against any common fund created by this lawsuit.  *See, e.g.*, *Boeing v. Van Gemert,* 444 U.S. 472, 478 (1980) ("Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund"); *Smolowe v. Delendo Corp.*, 136 F.2d 231, 241 (2d Cir. 1943) (holding in a §16(b) action that "the moving party is entitled to lawyer's fees from the sum recovered").  Here, there is no common fund against which a claim for attorneys' fees could attach at this time.

### C. BBBY'S CONDUCT ALSO COUNSELS AGAINST ALLOWING IT TO CONTROL THIS LAWSUIT

Section 16(b) does not assume that an issuer is best situated to bring claims. Instead, the statute assumes that an issuer which has failed to act within sixty days of the demand is *not* best suited to bring the claim. BBBY tries to avoid this presumption by *ipse dixit* contending that appointment of the Trustee started a new sixty-day period to run for it to consider bringing §16(b) claim. BBBY Memo. at 14. However, even assuming there is any merit to that contention – and BBBY offers none in support – it has still been more than 60 days since the effective date of the Plan occurred on September 29, 2023, without acting to filing its own §16(b) action.

In addition, BBBY's refusal of Plaintiff Augenbaum's demand to bring the §16(b) claim was not cursory. Instead, the letter refusing the demand explained that "after thoroughly investigating the transactions identified in [RCV's Schedule 13D filings], the Company has concluded that those transactions do not give rise to liability under Section 16(b)" and that RCV's profits "are not recoverable pursuant to Section 16(b)[.]" ECF No. 43-7 at 1. BBBY concluded that RC Ventures was not individually a 10% beneficial owner 'at the time of the purchase[s]'" and that BBBY's stock repurchase disclosures were insufficient to put RC Ventures on notice that it was a 10% beneficial owner. *Id.* at 1-2. BBBY also disclaimed the director by deputization theory on which Plaintiff Augenbaum is proceeding, asserting that RCV's nominees to the Board were "independent of RC Ventures" and in any event RCV could not have been a director by deputization: at the time of the purchases at issue. *Id.* at 2-3.

BBBY's prior statements remain unaffected by the bankruptcy filing and RC Ventures will almost certainly weaponize them in attempting to avoid §16(b) liability. As a result, the Company is almost certainly the worst-positioned candidate to prosecute the §16(b) claim at issue in this action. That is not to say BBBY is prohibited from filing a complaint – despite previously rejecting

8

the very premise thereof – but it constitutes yet another reason the Company should not be able to usurp Plaintiff Augenbaum's claim.

## CONCLUSION

Therefore, for all the reasons set forth above and in Plaintiff's prior submissions, the Court should deny BBBY's motion.

Dated: December 20, 2023                By:  /s/  Jeffrey S. Abraham
                                        Jeffrey S. Abraham
                                        Michael J. Klein
                                        **ABRAHAM, FRUCHTER & TWERSKY, LLP**
                                        450 7th Avenue, 38th Floor
                                        New York, New York 10123
                                        Telephone: (212) 279-5050
                                        Email: jabraham@aftlaw.com
                                                    mklein@aftlaw.com