**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BED BATH & BEYOND INC. SECTION 16(b) LITIGATION | Case No. 1:22-cv-09327-DEH |

**RC VENTURES LLC AND RYAN COHEN'S MEMORANDUM OF LAW
IN OPPOSITION TO BED BATH & BEYOND INC.'S MOTION FOR
SUBSTITUTION AS PLAINTIFF AND TO STAY CONSIDERATION
<u>OF THE AMENDED OMNIBUS MOTION TO DISMISS THE COMPLAINTS</u>**

WOLLMUTH MAHER & DEUTSCH LLP

David H. Wollmuth
Joshua M. Slocum
Maxwell G. Dillan
Yating Wang
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
dwollmuth@wmd-law.com
jslocum@wmd-law.com
mdillan@wmd-law.com
ywang@wmd-law.com

*Attorneys for Defendants RC Ventures LLC and Ryan Cohen*

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................3

    A.    BBBY Rejects Plaintiffs' Demands to Sue the Cohen Defendants for Section 16(b) Claims. ..........................................................................................3

    B.    BBBY Supports Dismissal of Plaintiffs' Section 16(b) Claims. ...........................5

    C.    After the Cohen Defendants Move to Dismiss, BBBY's Chapter 11 Plan Is Confirmed by the Bankruptcy Court. .....................................................................6

    D.    BBBY Stays Silent While the Cohen Defendants Seek Leave to File Another Motion to Dismiss Based on the Plan. ........................................................7

    E.    While the Parties Are Briefing the Amended Omnibus Motion to Dismiss, BBBY Reverses Course and Seeks to Substitute as Plaintiff. ................................8

ARGUMENT ..................................................................................................................................9

I.    BBBY's Substitution Should Be Denied Because It Is Being Proposed in Bad Faith and Will Result in Unfairness to the Cohen Defendants. ....................................................9

    A.    BBBY's Substitution Is Being Proposed in Bad Faith Because Its Failure to Join at an Earlier Stage Was Deliberate and Tactical. ...........................................9

    B.    BBBY's Substitution Will Result in Unfairness to the Cohen Defendants Because It Will Waste Resources and Impose Unnecessary Costs. .....................10

II.    BBBY's Substitution Is Futile Because the Cohen Defendants Are Not Subject to Section 16(b). ...................................................................................................................12

CONCLUSION .............................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Klein on Behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*,
   906 F.3d 215 (2d Cir. 2018) ............................................................................................. 9, 10

**Statutes**

15 U.S.C. § 78p ............................................................................................................... *passim*

**Rules and Regulations**

17 C.F.R. § 240.16a-2 ................................................................................................................ 4

Fed. R. Civ. P. 12(b)(1) ......................................................................................................... 7, 8

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 6, 8

Fed. R. Civ. P. 17(a) ................................................................................................................. 9

**Other Authorities**

Romeo & Dye, *Section 16 Treatise and Reporting Guide* § 2.03(3)(j)(iv) (5th ed. 2019) ............. 4

Defendants RC Ventures LLC ("RCV") and Ryan Cohen (collectively, "the Cohen Defendants") respectfully submit this memorandum of law in opposition to nominal defendant Bed Bath & Beyond Inc.'s ("BBBY") Motion for Substitution as Plaintiff and to Stay Consideration of the Amended Omnibus Motion to Dismiss the Complaints.[1]

## INTRODUCTION

BBBY's proposed substitution should be denied. While courts generally may permit substitution when it will not change the substance of the action, they should not do so where the failure to join the case earlier was "deliberate or tactical" or where substitution would result in unfairness to defendants. BBBY's motion flunks both tests.

*First*, BBBY's decision not to join at an earlier stage was deliberate and tactical. Over one year ago, BBBY not only rejected Plaintiffs' litigation demands but informed them in detail why they did not have valid Section 16(b) claims against the Cohen Defendants. And when Plaintiffs pursued the claims anyway, BBBY, which was named as a nominal defendant, urged the Court to dismiss the case because it was meritless. BBBY's position, which was 100% correct, remained constant until recently, when the Plan Administrator was appointed and decided to pursue claims against the Cohen Defendants on behalf of BBBY's creditors. Having made a deliberate decision not to assert claims against the Cohen Defendants at any prior point in the case, based on its conclusion, as represented to the Court, that the claims were meritless, BBBY cannot do so now.

*Second*, BBBY's substitution would result in unfairness to the Cohen Defendants because it would waste resources and impose unnecessary costs on them. When the Cohen Defendants first informed the Court that the claims were moot and sought leave to file an amended motion to

---

[1] The operative Complaints are the Complaint of Todd Augenbaum, ECF No. 1 (the "Augen. Compl.") and the Amended Complaint of Judith Cohen, ECF No. 28 ("Cohen Am. Compl."). We refer to them collectively as the "Complaints."

1

dismiss, BBBY remained silent, even though Judge Gardephe's rules clearly required "any opposing party" to file a pre-motion letter within three business days. Having heard no objection from BBBY, Judge Gardephe terminated the original motion to dismiss and ordered the Cohen Defendants to file an amended motion. BBBY continued to remain silent until *after* the Cohen Defendants filed their Amended Omnibus Motion to Dismiss, which is now fully briefed. If BBBY is permitted to substitute, then the Cohen Defendants not only will have wasted resources unnecessarily preparing the Amended Omnibus Motion to Dismiss, but also will have to incur additional costs preparing a third motion to dismiss in response to BBBY's promised superseding complaint. The Cohen Defendants should not be forced to shoulder the burden of BBBY's failure to timely inform the Court of its intentions.

*Third, and in all events*, BBBY's proposed substitution is futile. As shown in the Amended Omnibus Motion to Dismiss, and expressly admitted by BBBY itself, the Cohen Defendants were not subject to Section 16(b) at the time of their purchases of BBBY stock and therefore cannot be liable, as a matter of law, under longstanding SEC regulations and guidance. That will not change no matter who the plaintiff is. BBBY's substitution will not alter the outcome here; it will only prolong the resolution of this case and waste even more resources of the parties and the Court.

For these reasons, the Cohen Defendants respectfully request that the Court deny BBBY's motion in its entirety.

# BACKGROUND

### A. BBBY Rejects Plaintiffs' Demands to Sue the Cohen Defendants for Section 16(b) Claims.

On August 2 and September 9, 2022 respectively, Plaintiffs Augenbaum and Cohen made litigation demands on the BBBY board of directors (the "BBBY Board"). Augen. Compl. ¶ 32; Cohen Am. Compl. Ex. A. In these demands, Plaintiffs asked the BBBY Board to pursue litigation against RCV for allegedly obtaining short-swing profits subject to Section 16(b) by buying and selling BBBY securities within the same six months while RCV was a statutory insider. Augen. Compl. ¶ 32; Cohen Am. Compl. Ex. A.[2] In other words, Plaintiffs wanted the BBBY Board to sue RCV for the same claims that Plaintiffs assert here. Augen. Compl. ¶ 32 ("On August 2, 2022, Plaintiff made a demand . . . on the Board to pursue the claims asserted in this Complaint."); Cohen Am. Compl. ¶ 6 ("Plaintiff has . . . made due demand upon the Company's Board of Directors . . . to recover the short swing profits described herein.").

The BBBY Board rejected both demands: "after thoroughly investigating the transactions identified in your Letter[s], the Company has concluded that those transactions do not give rise to liability under Section 16(b)." ECF No. 66-7 at 1; Cohen Am. Compl. Ex. B at 1. In its responses, the BBBY Board detailed why "the profits identified in your Letter[s] are not recoverable pursuant to Section 16(b)." ECF No. 66-7 at 1; Cohen Am. Compl. Ex. B at 1.

First, the BBBY Board explained that "[RCV] is not subject to Section 16(b) because it was not individually a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter[s]." ECF No. 66-7 at 1; *see* Cohen Am. Compl. Ex. B at 1. The BBBY Board reasoned that because RCV "did not become a beneficial owner . . . for

---

[2] Plaintiff Cohen also asked the BBBY Board to pursue litigation against Ryan Cohen on the same grounds.

3

the purposes of Section 16(b) until after making the purchase identified," and could rely on the number of shares outstanding as "set forth in the issuer's most recent quarterly or annual report," RCV could not be held liable as a beneficial owner. ECF No. 66-7 at 2; Cohen Am. Compl. Ex. B at 2 (both citing 17 C.F.R. § 240.13d-1(j)). The BBBY Board rejected Plaintiffs' assertion that RCV became a beneficial owner subject to Section 16(b) as "incorrect." ECF No. 66-7 at 2; Cohen Am. Compl. Ex. B at 2.

Second, the BBBY Board explained—in response to Plaintiff Augenbaum's director by deputization theory—that there was "no basis to conclude that [RCV] could be considered a director for the purposes of Section 16(b) through purportedly 'deputizing the New Directors to represent its interests on the Board.'" ECF No. 66-7 at 2. The BBBY Board observed that Plaintiff Augenbaum had not met the "heavy burden" imposed by the Supreme Court on those seeking to establish deputization "because [RCV's] nominees to the . . . Board . . . are independent of [RCV], and each possesses substantial prior experience serving as a director of other public companies." *Id.*

Third, the BBBY Board explained that "even if [RCV] could be considered a director of the Company by deputization, it would still not be subject to Section 16(b) because it would not have been such a director at the time of the purchases identified in your Letter." *Id.* at 2-3; *see* Cohen Am. Compl. Ex. B at 2. The BBBY Board's conclusion was based on Rule 16a-2, which exempts directors from Section 16(b) liability for transactions that predate their directorship. ECF No. 66-7 at 3; Cohen Am. Compl. Ex. B at 2 (both citing Romeo & Dye, *Section 16 Treatise and Reporting Guide* § 6.02(8)(a) and its discussion of Rule 16a-2).

For these reasons, the BBBY Board considered the demands "that the Company file a lawsuit or take other action to recover the profits earned by [RCV] under Section 16(b) to be

4

resolved." ECF No. 66-7 at 3; Cohen Am. Compl. Ex. B at 2.

### B. BBBY Supports Dismissal of Plaintiffs' Section 16(b) Claims.

Plaintiffs brought these cases after the BBBY Board rejected their litigation demands. On October 31, 2022, Plaintiff Augenbaum filed his complaint, naming RCV and BBBY as Defendants. ECF No. 1. Soon after, Plaintiff Cohen filed her complaint on November 15, 2022, naming RCV and Ryan Cohen as Defendants, and BBBY as a nominal defendant. *Cohen v. Cohen*, No. 22-cv-09733-DEH (S.D.N.Y.), ECF No. 1.

The parties then filed a flurry of pre-motion letters in these actions relating to consolidation, the appointment of a lead plaintiff, motions to dismiss, and motions for summary judgment. ECF Nos. 12-15; *Cohen v. Cohen*, No. 22-cv-09733-DEH (S.D.N.Y.), ECF Nos. 10, 12, 16, 18. Among these letters, the most relevant are:

- RCV's pre-motion letter seeking leave to move to dismiss Plaintiff Augenbaum's claims (ECF No. 12);

- RCV's response to Plaintiff Augenbaum's pre-motion letter seeking leave to move for summary judgment (ECF No. 14); and

- The Cohen Defendants' response to Plaintiff Cohen's pre-motion letter seeking leave to move for summary judgment (*Cohen v. Cohen*, No. 22-cv-09733-DEH (S.D.N.Y.), ECF No. 16).

In these letters, the Cohen Defendants requested leave to move to dismiss the Complaints based on the "strong grounds" supporting dismissal, including that they are not subject to Section 16(b) liability as beneficial owners or directors by deputization under the governing SEC regulations.

On December 8, 2022, BBBY did not just ask the Court to "permit the filing of motions to dismiss the complaint" as BBBY contends in its motion (Mot. at 3), but joined in the Cohen Defendants' requests and adopted their arguments in support of dismissal to avoid burdening the Court with duplicative arguments. For example, in Plaintiff Augenbaum's case, BBBY informed the Court that it "joins in" RCV's request for leave to move to dismiss and "[t]o avoid burdening

5

the Court with duplicative arguments . . . hereby adopts the arguments contained in the pre-motion letters submitted by [RCV] on November 23, 2022 and December 2, 2022." ECF No. 19. As BBBY further explained, "[f]or the reasons set forth in those letters, the complaint fails to state a claim." *Id.* BBBY similarly informed the Court that it "joins in" the Cohen Defendants' response to Plaintiff Cohen's pre-motion letter and "[t]o avoid burdening the Court with duplicative arguments . . . hereby adopts the arguments contained in the pre-motion letter submitted by [RCV] on December 1, 2022." *Cohen v. Cohen*, No. 22-cv-09733-DEH (S.D.N.Y.), ECF No. 22. On January 26, 2023, BBBY reiterated that it "joins in the Cohen Defendants' requests" for leave to move to dismiss both Complaints in a joint letter to the Court. ECF No. 26.³

After the dust settled, the Court consolidated the cases and granted the Cohen Defendants leave to file an omnibus motion to dismiss the Complaints under Rule 12(b)(6). ECF Nos. 20, 27. The Cohen Defendants' Omnibus Motion to Dismiss was fully briefed by April 10, 2023. ECF Nos. 41-49. BBBY did not submit any briefing in connection with the Cohen Defendants' Omnibus Motion to Dismiss.

### C. After the Cohen Defendants Move to Dismiss, BBBY's Chapter 11 Plan Is Confirmed by the Bankruptcy Court.

While the Omnibus Motion to Dismiss was pending, BBBY and certain of its affiliates filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. ECF Nos. 50, 50-1, 50-2. On September 14, 2023, the Bankruptcy Court confirmed the Second Amended Joint Chapter 11 Plan of BBBY and its Debtor Affiliates (the "Plan"). *See* Hunter

---

³ BBBY's contention that the Cooperation Agreement obligated it to "acquiesce[]" to the filing of a motion to dismiss is incorrect. Mot. at 3. The Cooperation Agreement merely provides that neither BBBY nor RCV shall "institute, solicit, join or assist in any lawsuit, claim or proceeding before any court" against the other party during the Standstill Period. Hunter Decl. Ex. B § 13. It thus did not obligate BBBY to take any position on the filing of a motion to dismiss. And it certainly did not obligate BBBY to join in the Cohen Defendants' requests for leave to move to dismiss the Complaints or adopt their arguments in support of dismissal, as it did here.

6

Decl. Ex. A. The Plan wiped out the common stockholders of BBBY, defined as "Holders" of "Interests" in "BBB." *Id*. at 83, 88, 89. It provided: "Each Allowed Interest in BBB shall be canceled, released, and extinguished, and will be of no further force or effect and no Holder of Interests in BBB shall be entitled to any recovery or distribution under the Plan on account of such Interests." *Id.* at 102-03. The Plan went into effect on September 29, 2023. *See* Notice of Entry of Order and Occurrence of Effective Date, *In re Bed Bath & Beyond Inc.*, No. 23-bk-13359-VFP (Bankr. D.N.J. Sept. 29, 2023), ECF No. 2311.

The Plan appointed the Plan Administrator to be "the sole representative of, and [to] act for, the Wind-Down Debtors," including BBBY. Hunter Decl. Ex. A at 108. The Plan Administrator is authorized to act on BBBY's behalf "to enforce any and all Causes of Action" that belong to BBBY and holds "the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment" the same. *Id.* at 110. In carrying out these powers, the Plan Administrator receives compensation in accordance with the terms of the Plan Supplement. *Id.* at 119. Under the Plan Supplement, the Plan Administrator is entitled to, among other fees, a "success fee" paid out of the Wind-Down Debtors' assets based on the amount he recovers, equal to (i) 0.5% on the first $150 million of payments to the DIP/FILO Lenders; plus (ii) 1.0% of the next $175 million of payments to the DIP/FILO Lenders; plus (iii) 3.0% on all distributions greater than $325 million. Notice of Filing of Amended Plan Supplement Ex. B at 17, *In re Bed Bath & Beyond Inc.*, No. 23-bk-13359-VFP (Bankr. D.N.J. Sept. 7, 2023), ECF No. 2161.

> **D.    BBBY Stays Silent While the Cohen Defendants Seek Leave to File Another Motion to Dismiss Based on the Plan.**

After the Plan went into effect, the Cohen Defendants requested leave to move to dismiss under Rule 12(b)(1) on the ground that the Plan rendered Plaintiffs' claims moot because they no

longer had a continuing financial interest in the outcome of the case. ECF No. 58. Both Plaintiffs submitted letters in opposition to the request in accordance with Rule I.A of Judge Gardephe's Individual Rules of Practice requiring "any opposing party [to] submit a letter setting forth its position . . . within 3 business days after the request is made." ECF Nos. 59, 60. BBBY stayed silent and took no position on the Cohen Defendants' request to file additional motion to dismiss briefing. On October 25, 2023, the Court granted the request, directed the Cohen Defendants to file an amended omnibus motion to dismiss under both Rules 12(b)(1) and 12(b)(6), and entered a schedule for briefing on the motion to be completed by December 1, 2023. ECF No. 61.

      **E.    While the Parties Are Briefing the Amended Omnibus Motion to Dismiss, BBBY Reverses Course and Seeks to Substitute as Plaintiff.**

The Cohen Defendants filed the Amended Omnibus Motion to Dismiss on November 8, 2023. ECF No. 65. Two weeks later, BBBY surprised the parties by requesting a pre-motion conference for a proposed motion to substitute as plaintiff and file a superseding complaint against the Cohen Defendants, as well as to stay the Amended Omnibus Motion to Dismiss pending a decision on its substitution. ECF No. 72. Not only was this request contrary to BBBY's rejection of Plaintiffs' litigation demands asking BBBY to institute the same claims, but it also conflicted with BBBY's representations to the Court that it adopted the Cohen Defendants' arguments to dismiss the Complaints for failure to state a claim under Rule 12(b)(6). The Court denied BBBY's request pursuant to the Court's Individual Civil Rule 4a and directed BBBY to file any intended motions within two weeks of the Order. ECF No. 78.

Over the next two weeks, the Cohen Defendants and Plaintiffs completed briefing on the Amended Omnibus Motion to Dismiss, which was fully submitted by December 1, 2023. ECF Nos. 73-76, 79. BBBY filed its motion five days later on December 6, 2023. ECF Nos. 82-85.

# ARGUMENT

**I.     BBBY's Substitution Should Be Denied Because It Is Being Proposed in Bad Faith and Will Result in Unfairness to the Cohen Defendants.**

"Rule 17(a)(3) allows substitution of the real party in interest so long as doing so does not change the substance of the action and does not reflect bad faith from the plaintiffs or unfairness to the defendants." *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 218 (2d Cir. 2018). Bad faith is present where the prior decision not to join the case was "deliberate or tactical." *Id.* at 227, n.9 (citation omitted). "In asking why a real party in interest did not join the suit earlier, the court need not only focus on the time at which the suit was brought (or at which demand was rejected)." *Id.* at n.9. Rather, "[b]ad faith in failing to join at *any* prior point in the litigation can call into question the propriety of allowing substitution." *Id.* (emphasis in original).

BBBY's belated request to substitute under Rule 17(a) should be denied because it deliberately declined to join the case at an earlier time—indeed, it argued to the Court that the case lacked merit and should be dismissed—and allowing it to reverse course now would result in unfairness to the Cohen Defendants. The Second Circuit recognizes both grounds as supporting the denial of a proposed substitution.

**A.     BBBY's Substitution Is Being Proposed in Bad Faith Because Its Failure to Join at an Earlier Stage Was Deliberate and Tactical.**

BBBY made a deliberate and tactical decision here. For more than one year, BBBY has consistently (and correctly) explained that there are no valid Section 16(b) claims against the Cohen Defendants. On August 2 and September 9, 2022, the BBBY Board rejected Plaintiffs' litigation demands to pursue the Section 16(b) claims pending before the Court. ECF No. 66-7; Cohen Am. Compl. Ex. B. It did so because, "after thoroughly investigating the transactions identified," in the demands, it "concluded that those transactions do not give rise to liability under Section 16(b)." ECF No. 66-7 at 1; Cohen Am. Compl. Ex. B at 1. On December 8, 2022, after

9

Plaintiffs sued the Cohen Defendants, BBBY, which has been a party to these cases since the outset, *joined in and adopted* the Cohen Defendants' arguments supporting the dismissal of the Section 16(b) claims and represented to the Court that "the complaint fails to state a claim." ECF No. 19; *Cohen v. Cohen*, No. 22-cv-09733-DEH (S.D.N.Y.), ECF No. 22. And on January 26, 2023, BBBY reiterated this position in a joint letter to the Court. ECF No. 26. BBBY never once suggested any change in this position until the Plan Administrator recently sought to move to substitute on BBBY's behalf.

This case is thus much different than *Qlik* in which the "issuer changed its corporate mind" about litigating the Section 16(b) claims. Both the issuer and shareholder in *Qlik* "honestly expected, based on the information they had at the time of [the shareholder's] demand, that [the shareholder] would litigate on [the issuer's] behalf until judgment" and the issuer sought to substitute after a merger canceled the shareholder's ability to do so. 906 F.3d at 226. By contrast, BBBY did not "honestly expect[]" that Plaintiffs would litigate on BBBY's behalf until judgment—the BBBY Board, after consulting with counsel, expressly advised Plaintiffs that their claims were meritless before this case was filed and asked the Court to dismiss the claims for the same reason after this case was filed. BBBY's deliberate and tactical decisions not to join this case at an earlier stage *and to seek its dismissal* were a sound exercise of business judgment. BBBY only changed its corporate mind after the Plan Administrator was appointed, who (in contrast to BBBY's prior Board) is entitled to a success fee in pursuing claims on behalf of BBBY.

### B. BBBY's Substitution Will Result in Unfairness to the Cohen Defendants Because It Will Waste Resources and Impose Unnecessary Costs.

BBBY's substitution also would result in unfairness to the Cohen Defendants by wasting resources and imposing unnecessary costs. As an initial matter, BBBY's delay in seeking to substitute when the issue of Plaintiffs' standing first arose has resulted in the Cohen Defendants

10

potentially wasting resources. After supporting dismissal for more than one year, BBBY had at least two opportunities to inform the Court that it had backpedaled and would seek to substitute as plaintiff *before* the Cohen Defendants proceeded with their Amended Omnibus Motion to Dismiss:

(1) BBBY could have responded to the Cohen Defendants' October 6, 2023 letter objecting to Plaintiffs' standing due to the cancelation of Plaintiffs' stock under the Plan (ECF No. 58); and

(2) BBBY could have informed the Court that briefing on the Amended Omnibus Motion to Dismiss should be stayed after the Court granted the Cohen Defendants leave to file an amended omnibus motion to dismiss and entered a briefing schedule for the motion on October 25, 2023 (ECF No. 61).

BBBY stayed silent at both junctures. BBBY only made it known that it would seek to substitute *after* the Cohen Defendants filed their Amended Omnibus Motion to Dismiss—nearly sixty days after the Cohen Defendants first sought leave to do so.[4] Had BBBY made its intentions known when the Cohen Defendants first objected to Plaintiffs' standing, the parties could have discussed a potential resolution for its motion to be heard before the Cohen Defendants proceeded with the Amended Omnibus Motion to Dismiss. But because BBBY did not do so, its substitution would result in the Cohen Defendants wasting resources unnecessarily preparing the Amended Omnibus Motion to Dismiss.

BBBY's substitution will result in unfairness to the Cohen Defendants for another reason—it will impose additional, unnecessary costs on them. BBBY has advised the Court that, if it is permitted to substitute, it will also seek leave to file a superseding complaint under Rule 15(a).

---

[4] BBBY's contention that it was "presumptively reasonable" to wait nearly sixty days to make its intentions known is unsupported by any authority. BBBY claims its delay was reasonable because sixty days is the same period allowed to issuers under Section 16(b). Mot. at 14. But this period came and went long ago when Plaintiffs first sent litigation demands to BBBY in 2022. And while BBBY's bankruptcy proceedings were pending, no debtor or committee pursued claims against the Cohen Defendants. BBBY cites no authority for its proposition that a plan administrator of a bankrupt issuer is afforded another sixty days after its appointment to consider whether to pursue Section 16(b) claims when the issuer already decided against doing so more than one year ago.

11

Mot. at 13 n.5. BBBY's substitution is thus doubly unfair to the Cohen Defendants because not only will it result in the Cohen Defendants wasting resources unnecessarily preparing the Amended Omnibus Motion to Dismiss, but also it will result in additional costs being imposed on the Cohen Defendants because they will need to prepare yet another motion to dismiss in response to any amended complaint. This all could have been avoided if BBBY had timely informed the Court and the parties that it intended to substitute before the Cohen Defendants proceeded with the Amended Motion to Dismiss, as Judge Gardephe's rules required.

**II.     BBBY's Substitution Is Futile Because the Cohen Defendants Are Not Subject to Section 16(b).**

BBBY's substitution also should be denied because it is futile and will unnecessarily delay the resolution of this case. BBBY states in its motion that it "intends to pursue the same Section 16(b) claim against the same defendants." Mot. at 13. But as detailed in the Amended Omnibus Motion to Dismiss, the Cohen Defendants were neither beneficial owners nor directors by deputization subject to Section 16(b) under the governing SEC regulations. ECF No. 65. BBBY took the *same position* when the BBBY Board rejected Plaintiffs' litigation demands:

- "[RCV] is not subject to Section 16(b) because it was not individually a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter." ECF No. 66-7 at 1; *see* Cohen Am. Compl. Ex. B at 1.

- "[Y]our Letter also provides no basis to conclude that [RCV] could be considered a director for the purposes of Section 16(b) through purportedly 'deputizing the New Directors to represent its interests on the Board.'" ECF No. 66-7 at 2.

- "[E]ven if [RCV] could be considered a director of the Company by deputization, it would still not be subject to Section 16(b) because it would not have been such a director at the time of the purchases identified in your Letter." *Id.* at 2-3; *see* Cohen Am. Compl. Ex. B at 2.

BBBY also "join[ed] in" the Cohen Defendants' requests for leave to move to dismiss the case, "adopt[ed] the arguments" set forth in the Cohen Defendants' pre-motion letters, and represented

to the Court that "[f]or the reasons set forth in those letters, the complaint fails to state a claim." ECF No. 19; *Cohen v. Cohen*, No. 22-cv-09733-DEH (S.D.N.Y.), ECF No. 22.

BBBY's prior arguments were, and are, 100% correct, and its substitution as the plaintiff would not change that. To the contrary, BBBY's substitution would only delay the resolution of this case and waste judicial resources by injecting additional pleadings and dispositive motions for claims that BBBY has already admitted have no merit. BBBY's substitution should be denied for the independent reason that it is futile.

## CONCLUSION

For these reasons, the Cohen Defendants respectfully request that the Court deny BBBY's motion in its entirety.

Dated: December 20, 2023

Respectfully submitted,

WOLLMUTH MAHER & DEUTSCH LLP

*/s/ Joshua M. Slocum*
David H. Wollmuth
Joshua M. Slocum
Maxwell G. Dillan
Yating Wang
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
dwollmuth@wmd-law.com
jslocum@wmd-law.com
mdillan@wmd-law.com
ywang@wmd-law.com

*Attorneys for Defendants RC Ventures LLC and Ryan Cohen*